
Jay J. Schuttert, Esq.
Nevada Bar No. 8656
David W. Gutke, Esq.
Nevada Bar No. 9820
EVANS FEARS & SCHUTTERT LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89101
Telephone (702) 805-0290
Facsimile (702) 805-0291
Email: jschuttert@efstriallaw.com
Email:  dgutke@efstriallaw.com

ANDREW WEAVER (PRO HAC VICE)
POLSINELLI PC
1000 Louisiana Street, 53rd Floor
Houston, TX 77002
Telephone:  (713) 374-1600
Facsimile:  (713) 374-1601
Email:  aweaver@polsinelli.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual<br><br>Defendants. | **CASE NO.:  2:18-CV-585 (RFB)(GWF)**<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED FOR A PATENT CASE** |

**DISCOVERY PLAN AND SCHEDULING ORDER**

Under Fed. R. Civ. P. 26(f), Local Rule 26-1 and the Local Rules of Practice for Patent Cases before the United States District Court for the District of Nevada, the respective parties conducted a discovery planning conference on July 6, 2018.

The parties have requested a fact discovery period longer than one hundred eighty (180) days from the date of the answer. The parties have submitted to the Court that the longer period is required

1

because (1) this case involves the assertion of United States Patents and the parties, in addition to normal discovery for non-patent cases, also must prepare "Local Patent Rule" (as defined herein) disclosures and the Court must complete the claim construction process as set forth in Part III of the Local Rules (referred to herein as the "Local Patent Rules" which are designated by the prefix "LPR"), (2) this case involves documents that will be produced in Japanese that will require translation in order for counsel to review and produce the Japanese document, (3) many of the witnesses are Japanese speakers which will require more time for preparation and depositions, (4) many of the witnesses live outside the United States in Japan and Hong Kong which will add time for scheduling and travel, in addition to normal discovery. Defendants have not answered the Complaint but have filed a Motion to Dismiss. The briefing related to this Motion is ongoing.

Per LR 26-1(b)(7), the parties have met and conferred about the possibility of using alternative dispute-resolution processes. A timeline for proposed dates for settlement conferences is listed below.

Per LR 26-1(b)(8), the parties have considered trial by the magistrate under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. The parties do not consent to trial by magistrate. The parties have considered the Short Trial Program (General Order 2013-01 and Short Trial Rules) and do not consent to the program.

Per LR 26-1(b)(9), the parties intend to present evidence in electronic format to jurors for purposes of jury deliberations.

The parties agree that production or inspection of source code (if necessary), technical documents, and other confidential and sensitive information shall only be made in accordance with a protective order, after negotiations, agreement of the parties, and court approval, that shall be entered in this case.

The parties agree that the expert discovery period should follow the close of fact discovery and the claim construction ruling, as provided in the chart below.

In accordance herewith, the parties jointly submit to the Court the following proposed Discovery Plan and Scheduling Order:

| Event | Proposed Deadlines |
|---|---|
| 1.  Discovery Cut-Off for Fact Discovery | July 12, 2019 |
| 2.  Proposed Protective Order and Proposed Order for Discovery of Electronically Stored Information. | July 30, 2018 |
| 3.  Disclosure of Rule 26(a) Initial Disclosures, | August 6, 2018 |
| 3.5 Disclosure of Asserted Claims, Infringement Contentions, and Accompanying Documents | October 8, 2018 |
| 4.  Disclosure of Non-Infringement, Invalidity, Unenforceability Contentions, and Accompanying Documents | January 18, 2019 |
| 5.  Response to Non-Infringement, Invalidity, and Unenforceability Contentions | February 11, 2019 |
| 6.  Exchange of Proposed Terms of Construction | March 1, 2019 |
| 7.  Three Proposed Dates for Pre-Claim Construction Settlement Conference | March 5, 2019; ~~March 7, 2019;~~ ~~March 12, 2019~~ |
| 8.  Exchange of Preliminary Claim Constructions | March 15, 2019 |
| 9.  Submit Joint Claim Construction and Prehearing Statement | March 22, 2019 |
| 10.  Motion to Amend Pleadings/Parties | April 12, 2019 |
| 11.  Opening Claim Construction Brief | April 24, 2019 |
| 12.  Interim Status Report | May 24, 2019 |
| 13.  Response to Claim Construction Brief | May 10, 2019 |
| 14.  Reply Claim Construction Brief and Matter Submitted to court for Hearing | May 17, 2019 |
| 15.  Claim Construction Tutorials, Hearing, and Order from Court | **To be determined based on the Court's calendar** |
| 16.  Initial Expert Disclosures | The later of 45 days after Court's claim construction order or 45 days after close of fact discovery. |
| 17.  Rebuttal Expert Disclosures | 30 days after initial expert disclosures. |
| 18.  Discovery Cut-Off for Expert Discovery | 30 days after rebuttal expert disclosures. |
| 19.  Dispositive Motions Due | 30 days after close of expert discovery. |

**JOINT STATEMENT OF REASONS FOR CHANGES TO THE LOCAL RULES**

<u>Extension of the Patent Local Rules Dates</u>: Defendant Aruze contends that the initial disclosure requirements of the patent local rules (e.g., PLRs 1-6 through 1-9, in particular) should be extended because the timing of discovery associated with these disclosures will be more time consuming due to the need to take discovery from Japanese witnesses, as well as obtain translations of documents. Discovery into foreign prior art will take additional time to find and translate, as well as provide the translations required by the local rules. Likewise, a greater than 45-day interval should exist between the plaintiff's disclosure and the defendant's invalidity disclosures because the exploration of any prior use or sale by plaintiff and/or priority claims asserted by plaintiff will likely require discovery found in documents in Japanese, and witnesses currently located in Japan.

IT IS ORDERED that within **30 days after Initial Disclosures and Responses** are complete, the parties must submit to a Pre-Claim Construction Settlement Conference as set by the court.

IT IS FURTHER ORDERED that within **30 days after the Court enters a Claim Construction Order**, the parties must submit to a Post-Claim Construction Settlement Conference as set by the court.

IT IS FURTHER ORDERED that any extension of the discovery deadline will not be allowed without a showing of good cause for the extension. All motions or stipulations to extend discovery must be received by the court at least **21 days before the expiration of the subject deadline**. A request made after this date will not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. The motion or stipulation must include:

(a) A statement specifying the discovery completed by the parties as of the date of the motion or stipulation; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the remaining discovery was not completed within the time limit of the existing discovery deadline; and, (d) A proposed schedule for the completion of all remaining discovery.

IT IS FURTHER ORDERED that, if no dispositive motions are filed within the time specified in this order, then the parties must file a written, joint proposed pretrial order within 30 days of the dispositive motion cutoff. If dispositive motions are filed, then the parties must file a written, joint proposed pretrial order within 30 days of the date the Court enters a ruling on the dispositive

4

motions. Within 30 days of the entry of a pretrial order, or as further ordered by the Court, the parties must submit to a pretrial settlement conference.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: __7-16-2018_____.

CASE NO. 2:18-cv-00585-RFB-GWF

RESPECTFULLY SUBMITTED this 13th day of July, 2018.

By: */s/ Jay J. Schuttert* _____
Jay J. Schuttert, Esq.
Nevada Bar No. 8656
David W. Gutke, Esq.
Nevada Bar No. 9820
EVANS FEARS & SCHUTTERT LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone (702) 805-0290
Facsimile (702) 805-0291
Email: jschuttert@eftriallaw.com
Email: dgutke@efstriallaw.com

Andrew Weaver (pro hac vice)
Polsinelli PC
1000 Louisiana Street, 53rd Floor
Houston, TX 77002
Telephone:  (713) 374-1600
Facsimile: (713) 374-1601
Email: aweaver@polsinelli.com

*Attorneys for Plaintiff Universal Entertainment Corporation.*

By: */s/ J. Stephen Peek* _____
J. Stephen Peek, Esq. (1758)
Bryce K. Kunimoto, Esq. (7781)
Robert J. Cassity, Esq. (9779)
Holland & Hart LLP
9555 Hillwood Driver, 2nd Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
speek@hollandhart.com
bkunimoto@hollandandhart.com
bcassity@hollandandhart.com

*Attorneys for Defendants Aruze Gaming America, Inc. and Kazuo Okada*

Jeffrey S. Love (*pro hac vice forthcoming)*
Klarquist Sparkman, LLP
121 S.W. Salmon Street
Suite 1600
Portland, Oregon 97204
Jeffrey.love@klarquist.com

*Attorneys for Defendant Aruze Gaming America, Inc.*