Jay J. Schuttert, Esq.
Nevada Bar No. 8656
David W. Gutke, Esq.
Nevada Bar No. 9820
EVANS FEARS & SCHUTTERT LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89101
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: jschuttert@efstriallaw.com
Email: dgutke@efstriallaw.com

Andrew Weaver (*pro hac vice*)
POLSINELLI PC
1000 Louisiana Street, 53rd Floor
Houston, TX 77002
Telephone (713) 374-1600
Facsimile: (713) 374-1601
Email: aweaver@polsinelli.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual<br><br>Defendants. | CASE NO.: 2:18-CV-585 (RFB) (GWF)<br><br>PLAINTIFF'S NOTICE OF FILING OF SECOND AMENDED COMPLAINT |

**PLAINTIFF'S NOTICE OF FILING SECOND AMENDED COMPLAINT**

Plaintiff Universal Entertainment Corporation ("UEC") hereby provides notice of Plaintiff's contemporaneous filing of its Second Amended Complaint ("SAC") against the defendants Aruze Gaming America, Inc. ("AGA") and Kazuo Okada ("Okada") (collectively "Defendants") pursuant to Rule 15(a)(1).

The originally filed Complaint (Docket No. 1) was amended and superseded by the First Amended Complaint (Docket No. 29), which was duly entered by the Court (Docket No. 25) following an agreed Stipulation of the Parties. Because the FAC was entered pursuant to written agreement of the Parties and by Order of the Court, the FAC was filed pursuant to Rule 15(a)(2). As explained by the Ninth Circuit's decision in *Ramirez*, the 2009 amendments to Rule 15 provide for one amendment to the pleadings as a matter of course and without requesting leave:

> Here, the Plaintiff's first amendment was accomplished pursuant to a stipulation between the parties. This particular amendment complied with Rule 15(a)(2) as an "other amendment" because it was filed "with the opposing party's written consent." It is arguable that this amendment was also filed with the "court's leave," which, as the district court recognized, is an alternative method of complying with Rule 15(a)(2).
>
> Thus, the second question before this court with whether the Plaintiff was allowed to file a Second Amended Complaint as a matter of course under Rule 15(a)(1), or whether his First Amended Complaint somehow exhausted his one matter of course amendment. We hold that Rule 15 provides different ways to amend a complaint, and these ways are not mutually exclusive. Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under Rule 15(a)(2) nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made…. Hence, we conclude that a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2).

*See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1006-1007) (9th Cir. 2015).

Rule 15(a)(1)(B) provides that an amended pleading may be filed "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1)(B). Defendants' renewed Motion to Dismiss was filed on August 2,

1

2018, which is twenty-one days prior to the filing of this Notice and the contemporaneously filed SAC. Accordingly, Plaintiff's filing of the SAC is in compliance with Rule 15(a)(1) and the Ramirez decision, discussed above.

The purposes of the amendments are both substantive and for clarification of certain allegations. The substantive changes are designed to address and clarify the allegations in an effort to expedite resolution of Defendants' Motion to Dismiss in order to move the case forward. The SAC attempts to further address Defendants' arguments relating to the allegations of contributory infringement and address Defendants' purported license arguments as well as to provide additional clarity regarding the state law causes of action presented. Other changes between the FAC and SAC are intended to more clearly set forth factual allegations by providing greater specificity and reducing ambiguity.

RESPECTFULLY SUBMITTED this 23rd day of August, 2018.

By: */s/ Jay J. Schuttert*
Jay J. Schuttert, Esq.
Nevada Bar No. 8656
David W. Gutke, Esq.
Nevada Bar No. 9820
EVANS FEARS & SCHUTTERT LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone: (702) 805-0290
Facsimile: (702) 805-0291

Andrew Weaver (pro hac vice)
Polsinelli PC
1000 Louisiana Street, 53rd Floor
Houston, TX 77002
Telephone: (713) 374-1600
Facsimile: (713) 374-1601
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically served on counsel of record this 23rd day of August, 2018, using the Court's CM/ECF System.

                                  */s/ Faith B. Radford*
                                  An Employee of Evans Fears & Schuttert LLP