# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>Plaintiff(s),<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>Defendant(s). | Case No.: 2:18-cv-00585-RFB-NJK<br><br>**ORDER**<br><br>(Docket No. 133) |

Pending before the Court is Defendants' motion for leave to file under seal their motion to modify protective order at Docket No. 134. Docket No. 133. For the reasons stated below, the Court **GRANTS** in part and **DENIES** in part the motion.

There is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To keep documents attached to non-dispositive motions confidential, parties must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137). Any request to seal documents must be "narrowly tailored" to the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *PressEnterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). Thus, if confidential material can be easily redacted while leaving meaningful material available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

Defendants submit that "the sole ground" for them moving for leave to file under seal their motion to modify protective order is that Plaintiff has "designated [certain] documents and

1

discovery responses as confidential under the Protective Order." Docket No. 133 at 3. Defendants' motion, however, seeks to seal their motion to modify protective order in its entirety, not just the relevant Exhibits. *Id.* at 2. Pursuant to the Court's order at Docket No. 132, Plaintiff submitted a notice regarding Defendants' motion for leave to file under seal their motion to modify protective order, submitting that only Exhibit B is properly filed under deal, and not Exhibits G or H. Docket No. 137 at 2.

Plaintiff submits that Exhibit B is properly sealed because: (1) it "contains information concerning the operations and internal governance of [Plaintiff's] Board of Directors;" (2) "No one outside of [those] Board of Directors has access to the exhibit;" (3) keeping it confidential "provides for the free exchange of information, opinions and grievances between and among [the] Board members;" (4) making it public "would restrict how [the] Board members communicate and what they communicate;" and (5) "restriction on the free flow of information within [the] Board will ultimately negatively impact [Plaintiff] and its competitive position within its market." Docket No. 137-1 at 2. The Court finds that Plaintiff has demonstrated good cause to seal Exhibit B to Defendants' motion to modify protective order. The Court further finds good cause to redact any part of Exhibit B that is "quote[d] from and/or summarize[d]" in Defendants' motion to modify protective order. *See* Docket No. 133 at 2.

Accordingly, the Court **GRANTS** in part and **DENIES** in part Defendants' motion for leave to file under seal their motion to modify protective order. Docket No. 133. No later than January 6, 2020, Defendants shall file their motion to modify protective order on the public docket, with a placeholder page in place of Exhibit B, which shall remain under seal. Further, Defendants shall redact from their motion any quote or summary of Exhibit B. The Clerk of Court is **INSTRUCTED** to keep Docket No. 134 under seal.

IT IS SO ORDERED.

Dated: December 31, 2019

                                                                                                              _____
Nancy J. Koppe
United States Magistrate Judge