# EXHIBIT E

Defendants' Requests for Production of Documents (Fourth Set) to UEC Parties, served July 11, 2019

# EXHIBIT E

J. Stephen Peek, Esq. (1758)
Bryce K. Kunimoto, Esq. (7781)
Robert J. Cassity, Esq. (9779)
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
speek@hollandhart.com
bkunimoto@hollandhart.com
bcassity@hollandhart.com

*Attorneys for Defendants Aruze Gaming America and Kazuo Okada*

Jeffrey S. Love, Esq. (*pro hac vice*)
Kristin L. Cleveland, Esq. (*pro hac vice*)
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
jeffrey.love@klarquist.com
kristin.cleveland@klarquist.com

*Attorneys for Defendant Aruze Gaming America, Inc*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation, <br><br> Plaintiff, <br><br> v. <br><br> ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual, <br><br> Defendants. | CASE NO.: 2:18-cv-00585-RFB-GWF <br><br> **ARUZE GAMING AMERICA, INC. AND KAZUO OKADA'S REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> **(FOURTH SET)** |
| ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual, <br><br> Counterclaimants, <br><br> v. <br><br> UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation, ARUZE USA, a Nevada corporation, and JUN FUJIMOTO, an individual, <br><br> Counter Defendants. | |

Page 1

**TO: EACH PLAINTIFF OR COUNTER-DEFENDANT AND ITS/HIS ATTORNEY OF RECORD.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants/Counter-Claimants request that Plaintiff/Counter-Defendants produce documents described below for inspection and copying at the offices of Holland & Hart LLP, 9555 Hillwood Drive, 2nd Floor, Las Vegas, Nevada 89134, within thirty (30) days after service of this request or at a mutually agreed upon time and place.

**INSTRUCTIONS AND DEFINITIONS**

1. Plaintiff/Counter-Defendants' responses to these requests shall comply with FRCP 34(b)(2), in that for all items produced pursuant to these requests, Plaintiff/Counter-Defendants shall "organize and label them to correspond with the categories in the request."

2. As used in these requests, the following terms are defined as follows:

   a. "**AGA**" refers to the Defendant/Counter-Claimant in this action identified as Aruze Gaming America, Inc., including but not limited to its known predecessors, successors, parents, subsidiaries, divisions and affiliates (excluding UEC and Aruze), and each of their respective current and former officers, directors, agents, attorneys, accountants, employees, representatives, partners, consultants, contractors, advisors, and other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on its behalf or under its control.

   b. "**Aruze**" refers to the Counter-Defendant in this action identified as Aruze USA, Inc., including but not limited to its predecessors, successors, parents, subsidiaries, divisions and affiliates (excluding AGA), and each of their respective current and former officers, directors, agents, attorneys, accountants, employees, representatives, partners, consultants, contractors, advisors, and other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on its behalf or under its control.

/ / /

/ / /

c.  **"Calendar"** refers to any calendar, agenda, day planner, date book, diary, and/or similar document through which persons record appointments, meetings, dates, and/or schedules, whether electronic or in hard copy form.

d.  **"Concerning"** means constituting, relating to, pertaining to, referring to, alluding to, responding to, in connection with, commenting on, in response to, regarding, explaining, discussing, showing, describing, studying, reflecting, analyzing, supporting or contradicting.

e.  **"Document(s)"** or **"Communication(s)"** mean the original, or a copy when the original is not available, and each non-identical copy, including those which are non-identical by reason of notations or markings of: papers, tapes, drives, discs, or other substances on which **Communications**, data, or information is recorded or stored, whether made by manual, mechanical, photographic or electronic process.  This definition includes all drafts or superseded revisions of each document.  As used herein, "document(s)" and **"Communications"** includes, but is not limited to: e-mail, text messages, books, pamphlets, periodicals, letters, reports, memoranda, handwritten notes, notations, messages, telegrams, cables, records, drafts, diaries, studies, analyses, summaries, magazines, circulars, bulletins, instructions, minutes, photographs, purchase orders, bills, checks, tabulations, calendars, charge slips, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, taped correspondence, records of purchase of sale, contracts, agreements, leases, invoices, expense records, trip reports, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, electronic or other transcriptions or taping of telephone or personal conversations or conferences or any and all other written, printed, typed, punched, taped, filed or graphic matter or tangible thing, of whatever description, however produced or reproduced (including computer stored or generated data, together with instructions and programs necessary to search or retrieve such data), and shall include all attachments and enclosures to any requested item, which shall not be separated from the item to which they are attached or enclosed.  **"Documents"** also includes any records maintained by computer or other electronic media, including disk, CD-ROM, DVD

Page 3

or other devices.  "**Documents**" include electronically stored information ("ESI") associated with requested documents, including, without limitation email, voicemail, documents, spreadsheets, calendars, and any other information existing in electronic format (e.g. Word, Excel, Outlook, .pdf, .tif, .jpg, .wav).  "**Documents**" also includes any physical things.

      f.      "**Fujimoto**" refers to the individual Counter-Defendant in this action identified as Jun Fujimoto, or anyone acting on his behalf.

      g.      "**Hideki Goto**" refers to Hideki Goto, or anyone acting on his behalf.

      h.      "**Okada**" refers to the individual Defendant/Counter-Claimant in this action identified as Kazuo Okada.

      i.      "**Okada Holdings**" or "**OHL**" refers to Okada Holdings, Limited, including but not limited to its predecessors, successors, parents, subsidiaries, divisions and affiliates, and each of their respective current and former officers, directors, agents, attorneys, accountants, employees, representatives, partners, consultants, contractors, advisors, and other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on its behalf or under its control.

      j.      "**Special Investigation Committee**" or "**SIC**" refers to that committee referenced in paragraphs 67 – 68 of UEC's Second Amended Complaint which, *inter alia*, alleges that "[i]n June 2017, UEC became aware of a possibility that Okada engaged in misconduct in relation to foreign business.  In response to this misconduct, UEC established a Special Investigation Committee formed by outside experts to investigate Okada." "On August 29, 2017, the Special Investigation Committee reported the results of the investigation to UEC.  This identified the fact that Okada had caused UEC damages worth at least JPY 2.2 billion due to his misconduct through the foreign business done for personal gain during 2013 – 2015."

      k.      "**UEC**" or "**Plaintiff**" refers to the Plaintiff/Counter-Defendant in this action identified as Universal Entertainment Corporation, including but not limited to its predecessors, successors, parents, subsidiaries, divisions and affiliates, and each of their respective current and former officers, directors, agents, attorneys, accountants, employees,

Page 4

representatives, partners, consultants, contractors, advisors, and other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on its behalf or under its control.

        l.      "**Wynn Litigation**" refers to the civil action filed in Nevada District Court under cause number A-12-656710-B by Wynn Resorts, Limited against Okada, Aruze, and UEC.

    3.      Words in the singular include their plural meaning, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by a change of tense, and words used in the masculine gender shall include the feminine gender.

    4.      The words "and" and "or" shall be individually interpreted in every instance as meaning "and/or" and shall not be interpreted to exclude any information within the scope of any request.

    5.      References to persons and other entities include their agents, employees, representatives, and attorneys.

    6.      These requests require production of **Documents**, including documents, electronically stored information or things, that are in your possession, custody or control, and **Documents** that are in the possession, custody or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody or control.

    7.      If you contend that you are entitled to withhold from production any or all **Documents** identified herein on the basis of attorney/client privilege, work product doctrine, or other ground, then do the following with respect to each and every document:

        a.      Describe the nature of the document, in sufficient particularity to identify it and to enable you to identify or disclose it in response to an order of the court, including the date and subject matter of such document;

        b.      Identify the person(s) who prepared the document;

/ / /

/ / /

   c. Identify the person(s) who sent and received the original and a copy of the document, or to whom the document was circulated, or its contents communicated or disclosed; and

   d. State the basis upon which you contend you are entitled to withhold the document from production.

  8. Whenever a document is not produced in full (as, for example, when material is excerpted or redacted from a document), state with particularity the reason or reasons why the document was not produced in full, and describe to the best of your knowledge, information, or belief and with as much particularity as possible, those portions of the document that are not produced, including the content or substance of the content thereof.

  9. If **Documents** existed that were responsive to any of these requests, but you contend that such **Documents** no longer exist or are not within your possession, custody or control, then do the following with respect to each and every document:

   a. Describe the nature of the document, in sufficient particularity to identify it and to enable the answering party to identify or disclose it in response to an order of the court, including the date and subject matter of such document;

   b. Identify the person(s) who prepared the document;

   c. Identify the person(s) who sent and received the original and a copy of the document, or to whom the document was circulated, or its contents communicated or disclosed; and

   d. State the circumstances which prevent production of the document.

  10. Electronic records and computerized information shall be produced in an intelligible and readable format and shall be accompanied by a description of the system from which they were obtained, including a description of the database or other software utilized with respect to such data.

  11. Unless otherwise specifically stated, all requests call for production of **Documents** prepared, received, or dated at any time prior to and including the date of production.

12. With respect to any category of **Documents** whose production you contend is in some way "burdensome" or "oppressive," please state the specific reason for that objection.

13. These requests are continuing and, to the extent required by the Federal Rules of Civil Procedure, you must promptly produce such additional responsive **Documents** as may hereafter be located or acquired by you.

14. The answering party shall produce the **Documents** as they are kept in the usual course of business or organize and label the **Documents** to correspond with the categories in these requests. If the original is not in your custody, then you are to produce a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason including the making of notes thereon.

15. These Requests are intended to encompass any electronically stored information or any data or information maintained in any form.

16. Unless the parties agree otherwise, Defendants/Counter-Claimants request production in the form set forth in the parties ESI Agreement.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 212:**

Please produce all insurance policies, including without limitation Directors and Officers Liability policies ("D&O Policies"), pursuant to which UEC was a named insured or additional insured and with a policy period from January 1, 2010 to March 31, 2018.

**REQUEST NO. 213:**

Please produce all insurance policies, including without limitation D&O Policies, pursuant to which Aruze was a named insured or additional insured and with a policy period from January 1, 2010 to March 31, 2018.

**REQUEST NO. 214:**

Please produce all insurance policies, including without limitation D&O Policies, under which UEC (and without limitation, its officers and directors) tendered defense or indemnity in the Wynn Litigation.

**REQUEST NO. 215:**

Please produce all Documents sufficient to identify all persons whose legal fees, costs and expenses incurred in the Wynn Litigation were paid and/or reimbursed under any insurance policy pursuant to which UEC is a named or additional insured, including, without limitation, any D&O Policy.

**REQUEST NO. 216:**

Please produce all Documents and Communications Concerning insurance coverage of UEC's directors and officers in the Wynn Litigation.

**REQUEST NO. 217:**

Please produce Mr. Jun Fujimoto's Calendar(s) from January 1, 2017 to present.

**REQUEST NO. 218:**

Please produce Mr. Hajime Tokuda's Calendar(s) from January 1, 2017 to present.

**REQUEST NO. 219:**

Please produce all Documents supporting the assertion that "On May 21, 2017 . . . [UEC] was notified by OHL that it would change its officers and its standing proxy. Simultaneously [UEC] was notified that OHL believed Mr. Okada and Mr. Negishi to be unsuitable Directors at [UEC] . . ." as stated in the Report on Chain of Events dated February 28, 2018 (UEC_00021174-00021187, specifically UEC_00021175).

**REQUEST NO. 220:**

Please produce all Communications from January 1, 2017 to September 20, 2018 between UEC, which shall include, without limitation, Hideki Goto and Fujimoto, and Deutsche Bank AG Concerning the Wynn Litigation or the research conducted by Deutsche Bank as summarized in the Markets Research report dated September 25, 2017 (UEC_00030894-00030950) and November 13, 2017 (UEC_00134227).

**REQUEST NO. 221:**

Please produce all Documents Concerning the directors' approval and the circular in connection with the loan made by Tiger Resort Asia to Goldluck Tech on March 3, 2015 in the

Page 8

amount of HKD135 million as described in the Universal Entertainment Corporation Audit Summary Report dated May 29, 2015 (UEC_00048859-00048875, specifically UEC_00048866).

**REQUEST NO. 222:**

Please produce the "Affiliate Company Management Rules and the current Subsidiary Company Management Rules" (effective March 1, 2010), as referenced in UEC's redacted SIC report (AGA_00000363) which is attached to the August 30, 2017 Press Release entitled "Notice on Results of Investigation by Special Investigation Committee and Future Actions."

**REQUEST NO. 223:**

Please produce all Communications from January 1, 2017 to September 20, 2018 between UEC, which shall include, without limitation, Hideki Goto, and Union Gaming Concerning the research conducted by Deutsche Bank as summarized in the Markets Research report dated September 25, 2017 (UEC_00030894-00030950) and November 13, 2017 (UEC_00134227).

**REQUEST NO. 224:**

Please produce all Communications from January 1, 2017 to September 20, 2018 between UEC, which shall include, without limitation, Hideki Goto, and Fitch Ratings Concerning the research conducted by Deutsche Bank as summarized in the Markets Research report dated September 25, 2017 (UEC_00030894-00030950) and November 13, 2017 (UEC_00134227).

**REQUEST NO. 225:**

Please produce all Communications from January 1, 2017 to September 20, 2018 between UEC, which shall include, without limitation, Hideki Goto, and Standard & Poor's Concerning the research conducted by Deutsche Bank as summarized in the Markets Research report dated September 25, 2017 (UEC_00030894-00030950) and November 13, 2017 (UEC_00134227).

**REQUEST NO. 226:**

Please produce all Communications from January 1, 2017 to September 20, 2018 between UEC, which shall include, without limitation, Hideki Goto, and Moody's Corporation Concerning the research conducted by Deutsche Bank as summarized in the Markets Research reports dated September 25, 2017 (UEC_00030894-00030950) and November 13, 2017 (UEC_00134227).

**REQUEST NO. 227:**

Please produce all Communications from January 1, 2017 to September 20, 2018 between UEC, which shall include, without limitation, Hideki Goto, and any other third party Concerning the research conducted by Deutsche Bank as summarized in the Markets Research reports dated September 25, 2017 (UEC_00030894-00030950) and November 13, 2017 (UEC_00134227).

**REQUEST NO. 228:**

Please produce all exhibits to the written statement of Yoshinao Negishi, produced as UEC_00118326, as referenced in said written statement.

**REQUEST NO. 229:**

Please produce any opinion letter obtained by Mr. Hajime Tokuda and/or UEC prior to the UEC Board of Directors meeting on May 31, 2017, relating to the suitability or appropriateness of Mr. Okada to serve as a Director of UEC, including but not limited to the opinion letter obtained from Iwaida Law Firm.

DATED this 11th day of July, 2019.

By  /s/ Bryce K. Kunimoto
J. Stephen Peek, Esq. (1758)
Bryce K. Kunimoto, Esq. (7781)
Robert J. Cassity, Esq. (9779)
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

*Attorneys for Defendants Aruze Gaming America and Kazuo Okada*

Jeffrey S. Love, Esq. (*pro hac vice*)
Kristin L. Cleveland, Esq. (*pro hac vice*)
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Ste 1600
Portland, Oregon 97204

*Attorneys for Defendant Aruze Gaming America*

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2019, a true and correct copy of the foregoing **ARUZE GAMING AMERICA, INC. AND KAZUO OKADA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (FOURTH SET)** was served by the following method(s):

☒ Email: by electronically delivering a copy via email to the following e-mail addresses:

Jay J. Schuttert, Esq. – jschuttert@efstriallaw.com
David W. Gutke, Esq. – dgutke@efstriallaw.com
EVANS FEARS & SCHUTTERT LLP
2300 West Sahara Ave Ste 900
Las Vegas, NV 89101

Andrew Z. Weaver, Esq. – aweaver@polsinelli.com
POLSINELLI PC
1000 Louisiana Street, 53rd Floor
Houston, TX 77002

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　*/s/ Joyce Heilich*
　　　　　　　　　　　　　　　　　　　　　　An Employee of Holland & Hart, LLP

12757343_v2 78276.0007

HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 222-2500 ♦ Fax: (702) 669-4650