# EXHIBIT F

Plaintiff's Objections and Responses to Defendants' First Requests for Production of Documents (Nos. 1 – 138), served October 29, 2018

# EXHIBIT F

Jay J. Schuttert, Esq.
Nevada Bar No. 8656
David W. Gutke, Esq.
Nevada Bar No. 9820
EVANS FEARS & SCHUTTERT LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89101
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: jschuttert@efstriallaw.com
Email: dgutke@efstriallaw.com

Andrew Weaver (*pro hac vice*)
POLSINELLI PC
1000 Louisiana Street, 64th Floor
Houston, TX 77002
Telephone (713) 374-1600
Facsimile: (713) 374-1601
Email: aweaver@polsinelli.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation, | CASE NO.:  2:18-CV-585 (RFB) (GWF) |
| Plaintiff, | **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1 – 138)** |
| vs. | |
| ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual | |
| Defendants. | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1 – 138)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Universal Entertainment Corp. ("UEC" or "Plaintiff") hereby submits the following Objections and Responses to "Aruze Gaming America, Inc. and Kazuo Okada's Requests for Production of Documents (First Set)."  Other parties that have been named by Defendants' in its Counterclaims have not filed a Reply or otherwise moved pursuant to Rule 12.  Accordingly, these parties are not under any obligation to provide

APP062

objections and responses or to produce any information at this time.  Therefore, the below objections and responses and any documents produced pursuant hereto are on behalf of Plaintiff Universal Entertainment Corp. alone.

These objections and responses are made on the basis of information currently available and without prejudice to the right to produce evidence of any subsequently discovered fact or information, to add, modify or otherwise change, amend or supplement its response as appropriate or to correct any inadvertent errors, mistakes or omissions.

**GENERAL OBJECTIONS**

1.     Plaintiff incorporates by reference these General Objections into <u>each and every</u> specific response below.  From time to time a specific response may repeat a General Objection for emphasis or for other reasons.  The omission of any General Objection in any specific response to a Request for Production is not intended to be and should not be construed as a waiver or limitation of any General Objection to that response.  The inclusion of any specific objection in a specific response to a Request for Production is not intended to be and should not be construed as a waiver or limitation of any General Objection or specific objection made herein or that may be asserted at another date.

2.     Plaintiff objects to the Instructions and Definitions, to the extent they seek to impose any requirement or discovery obligation on Plaintiff greater or different than those imposed by the Court, the Federal Rules of Civil Procedure and/or the Local Rules of Practice in Civil Proceedings before the United States District Court for the District of Nevada ("Local Rules").

3.     Plaintiff objects to the Instructions and Definitions to the extent they seek information or documents protected, privileged, immune or otherwise exempt from discovery pursuant to the Court, the Federal Rules of Civil Procedure, the Local Rules or any other applicable rule, decision, or law, including the attorney-client privilege, and the work product doctrine.  The provision of any privileged information or document by Plaintiff is unintentional, and Plaintiff does not intend to waive any applicable objection or privilege as a result of such production.

4.     Plaintiff objects to the Instructions and Definitions to the extent that they seek information or documents covered under a privilege for trade secrets and other confidential and proprietary information.  Plaintiff will identify such documents only subject to the terms of the

APP063

Protective Order entered in this case to protect the confidential nature of such information and documents.

5.     Plaintiff objects to the Instructions and Definitions to the extent they seek information for time periods beyond those relevant to the issues in this case as overly broad, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and otherwise beyond the scope of discovery under the Federal Rules of Civil Procedure and/or the Local Rules.

6.     Plaintiff objects to the Requests for Production to the extent they constitute an abuse of process, particularly when the Request is unduly burdensome in view of the cost necessary to investigate and comply weighed against Defendants' need for information.

7.     Plaintiff objects to the Requests for Production as unduly burdensome to the extent that they seek information already in the possession, custody or control of the Defendants.

8.     Plaintiff objects to the Definitions and Instructions to the extent that they seek information or documents not within Plaintiff's knowledge, possession, custody or control.

9.     Plaintiff objects to the Requests for Production to the extent that they seek the discovery of information that is within the possession, custody or control of third parties.

10.     Plaintiff objects to the Requests for Production as unduly burdensome to the extent that they seek information available from public sources, which can be readily accessed by Defendants.

11.     Plaintiff objects to the Requests for Production to the extent they seek information or documents to the extent that it is neither relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence.

12.     Plaintiff objects to the Requests for Production to the extent they seek identification of "all" or "every" fact, document, and/or persons or to the extent they seek to "fully identify" a person or entity that refers or relates to a particular subject on the grounds of over breadth, undue burden and expense.  Plaintiff is making reasonable searches for information relevant to the issues raised in this case, including documents of the type that are the subject of the Requests for Production. If any additional responsive, non-privileged, non-immune, relevant information is discovered in the

3

1   course of any further or continuing searches, it will be identified and/or produced in accordance with

2   the Federal Rules of Civil Procedure and/or the Local Rules.

3         13.    Plaintiff objects to the Requests for Production to the extent they call for a legal

4   opinion or conclusion in formulating a response.  Any response or production of information by

5   Plaintiff shall not be construed as providing a legal conclusion regarding the meaning or application

6   of any terms or phrases used in the discovery requests.

7         14.    Plaintiff objects to the Requests for Production to the extent that they call for the

8   production of information subject to the Attorney-Client Privilege, Work Product Doctrine or any

9   other similar privilege or immunity from production under the laws of the United States or any foreign

10   jurisdiction, as applicable.

11         15.    Plaintiff objects to the Requests for Production to the extent that they purport to request

12   information from parties other than Plaintiff Universal Entertainment Corp. Other parties named in

13   Defendants' Counterclaims have, at the time this document was served, not filed a Reply or otherwise

14   moved the Court pursuant to Rule 12 and may in fact not properly be parties to this case's present

15   discovery plan.  Accordingly, these objections and responses are made on behalf of Plaintiff Universal

16   Entertainment Corp. alone and any production of documents or other information pursuant hereto is

17   made on behalf of Plaintiff Universal Entertainment Corp. alone.

18         16.    Plaintiff objects to the Requests for Production to the extent that they purport to impose

19   any burden or obligation upon Plaintiff beyond that which is required by the Federal Rules of Civil

20   Procedure, the Local Rules of the District of Nevada and the Parties' agreements regarding the

21   protocol for translation and interpretation.

22         **<u>OBJECTIONS TO SPECIFIC DEFINITIONS AND INSTRUCTIONS</u>**

23         1.    Plaintiff incorporates by reference these Objections to Specific Definitions and

24   Instructions into <u>each and every</u> specific response below.  From time to time a specific response may

25   repeat an objection for emphasis or for other reasons.  The omission of any Objection to a Specific

26   Definition and Instruction in any specific response is not intended to be and should not be construed

27   as a waiver or limitation of any objection in that response.  The inclusion of any specific objection in

28   a specific response to a Request for Production is not intended to be and should not be construed as a

APP065

waiver or limitation of any General Objection or specific objection made herein or that may be asserted at another date.

2.     Plaintiff objects to Instruction No. 1 as misrepresenting the Federal Rules of Civil Procedure and for purporting to place a burden or obligation on Plaintiff not reflected in the Rules. Defendants erroneously assert that FRCP 34(b)(2) "Plaintiff/Counter-Defendants [to] 'organize and label [produced documents] to correspond with the categories in the request.'" Rule 34(b)(2), however, permits a party to produce information "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Federal Rule of Civil Procedure Rule 34(b)(2)(E)(i) (emphasis added). Plaintiff will endeavor to produce documents and other information in the manner that they are maintained in the ordinary course of business and/or permit Defendants to inspect such documents and other information. Plaintiff further notes that Instruction No. 1 contradicts Instruction No. 14 in this regard.

3.     Plaintiff objects to the definitions supplied in Instruction No. 2 of "AGA," "Aruze" "Okada Holdings" and "UEC" as vague, ambiguous and overly broad to the extent it purports to include "each of their respective current and former officers, directors, agents, attorneys, accountants, employees, representatives, partners, consultants, contractors, advisors, and other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on its behalf or under its control." Similarly, Plaintiff objects to Instruction No. 5 that purports to equate "persons and other entities" with their "agents, employees, representatives and attorneys."

4.     Plaintiff objects to the definition in Instruction No. 2 of "concerning" as vague, ambiguous and overly broad to the extent it purports to include all of the following meanings and connotations: "constituting, relating to, pertaining to, referring to, alluding to, responding to, in connection with, commenting on, in response to, regarding, explaining, discussing, showing, describing, studying, reflecting, analyzing, supporting or contradicting." Plaintiff will interpret the word "concerning" as it is commonly understood in ordinary usage.

5.     Plaintiff objects to the definitions in Instruction No. 2 of "Documents" and "Communications" as being vague, ambiguous and overly broad and imposing a burden on Plaintiff greater than that imposed by the Federal Rules of Civil Procedure or the Local Rules. The supplied

APP066

definitions are vague and circular and/or nonsensical.  As just one example, Defendants purport to define a "document" as "including any physical things" when "tangible things" are considered a separate category of production distinct from documents pursuant to Federal Rule of Civil Procedure 34(a)(1)(A) and (B).  Plaintiffs will produce (subject to its objections) documents falling under the definition set forth in Rule 34(a)(1)(A).  If a specific request through context indicates that a "tangible thing" should be produced in response to a specific request, Plaintiff will alert Defendants to make arrangements for inspection or the production of a sample.

6.     Plaintiff objects to the supplied definitions in Instruction No. 4 of the words "and" and "or" as vague, ambiguous, circular and overly broad.  Similarly, Plaintiff objects to Instruction No. 3 that requests terms to be read as simultaneously singular and plural as vague, ambiguous, circular and over broad.  Plaintiff will interpret these terms according to their ordinary usage.

7.     Plaintiff objects to Instruction No. 7 relating to the production of privileged information or information subject to the work product doctrine to the extent that it exceeds the obligations imposed on Plaintiff by Rule 26 of the Federal Rules of Civil Procedure.  Similarly, Plaintiff objects to Instruction Nos. 8-9 regarding the redaction of document and the instructions relating to the logging of documents that no longer exist.  Such instructions seek to impose an obligation on Plaintiff greater than required by the Federal Rules of Civil Procedure or the Local Rules for the District of Nevada.  Further, the information requested by these instructions maybe outside of the custody or control of Plaintiff or simply unknown or unknowable even subsequent to a reasonable investigation.

8.     Plaintiff objects to Instruction No. 10 to the extent it purports to impose any burden or obligation upon Plaintiff beyond that which is required by the Federal Rules of Civil Procedure, the Local Rules of the District of Nevada and the Parties' agreements regarding the production of electronically stored information.

9.     Plaintiff objects to Instruction No. 12 to the extent it purports to impose a burden or oppression on Plaintiff beyond that which is required by the Federal Rules of Civil Procedure or the Local Rules of the District of Nevada.

APP067

# OBJECTIONS AND RESPONSES

## *General*

**REQUEST NO. 1:**

Please produce copies of all Documents identified in and/or which tend to support, refute, or are in any way relevant to the Second Amended Complaint filed on August 23, 2018.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents," and "tend to support, refute, or are in any way relevant." Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 2:**

Please produce all Documents reviewed or relied upon in connection with the filing of the Second Amended Complaint in this litigation.

/ /

APP068

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents" and "reviewed." Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "filing". Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff. Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control

APP069

to the extent that such information exists.

**REQUEST NO. 3:**

Please produce all Documents on which UEC intends to rely to support its positions Concerning any claim or defense in this action.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents." Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff. Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants. Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants. Plaintiff further objects to this request as premature inasmuch as discovery in this case has just begun and the Plaintiff has not yet completed its investigation of the relevant facts, the Court has not rendered any rulings or claim constructions and the parties have not completed expert discovery.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists. Further Plaintiff's production of certain of the requested information will be made when such production is required pursuant to the Court's Case Management Order and the Patent Local Rules of the District of Nevada.

APP070

**REQUEST NO. 4:**

Please produce all Documents sufficient to identify persons who have knowledge Concerning any claim or defense in this action.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "Documents … Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.  Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.  Plaintiff further objects to this request as premature inasmuch as discovery in this case has just begun and the Plaintiff has not yet completed its investigation of the relevant facts, the Court has not rendered any rulings or claim

10

APP071

1  constructions and the parties have not completed expert discovery.

2        Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

3  search, Plaintiff will produce responsive, non-privileged information within its custody and control

4  to the extent that such information exists.  Further Plaintiff's production of certain of the requested

5  information will be made when such production is required pursuant to the Court's Case

6  Management Order and the Patent Local Rules of the District of Nevada.

7

8  **REQUEST NO. 5:**

9  Please produce all Documents Concerning, or on which UEC intends to rely to establish, elements

10  of UEC' case where UEC bears the burden of proof.

11  **OBJECTIONS AND RESPONSE:**

12        Plaintiff incorporates each of its General Objections and Objections to Definitions and

13  Instructions as if fully set forth herein.

14        Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

15  which are subject to more than one reasonable interpretation:  "all Documents" "Concerning."

16  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the

17  context.  Plaintiff objects to this request to the extent it purports to request information that is in the

18  possession, custody or control of third parties to this lawsuit and not within the possession, custody

19  and control of Plaintiff.  Plaintiff objects to this request to the extent it purports to request

20  information that is within the public domain and accordingly is at least as easily obtained by the

21  Defendants.  Plaintiff objects to this request to the extent that it purports to request information that

22  is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly

23  burdensome to the extent it purports to request documents that are, or should be, within the

24  possession custody and control of one or more of the Defendants.    Plaintiff objects to this request

25  as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

26  requests propounded by the Defendants.  Plaintiff further objects to this request as premature

27  inasmuch as discovery in this case has just begun and the Plaintiff has not yet completed its

28  investigation of the relevant facts, the Court has not rendered any rulings or claim constructions and

APP072

the parties have not completed expert discovery.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 6:**

Please produce all exhibits that UEC plans to use at any hearing or at the trial of this case, including Documents, physical samples, or demonstratives of any kind, and all Documents prepared by any person UEC expects to call to testify as an expert at trial, including but not limited to reports, correspondence, memoranda, charts, photographs, diagrams, drawings, tables, notes or similar Documents, as well as Documents though not written by experts, that UEC intends to offer into evidence through an expert at trial.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.  Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.    Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

APP073

**REQUEST NO. 7:**

Please produce each and every written or recorded statement, affidavit, affirmation or declaration Concerning any of the allegations in the Second Amended Complaint that UEC or anyone acting on behalf of UEC has obtained.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "anyone acting on behalf of UEC has obtained." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff. Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants. Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

13

search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 8:**

Please produce all Documents on which UEC relied in the preparation of UEC's response or supplemental response to any interrogatory, request for admission, or request for production served by Defendants in this Action, including any Documents identified in, requested to be identified in, used, or relied upon in the preparation of any such UEC response or supplemental response.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff further objects to this request as specifically requesting the work product protected thoughts and mental impressions of Plaintiff's counsel.   Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 9:**

Please produce all Documents evidencing any damages incurred by Plaintiff as it relates to any claim alleged in the Second Amended Complaint.

14

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.   Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.  Plaintiff further objects to this request as premature inasmuch as discovery in this case has just begun and the Plaintiff has not yet completed its investigation of the relevant facts, the Court has not rendered any rulings or claim constructions and the parties have not completed expert discovery.  Plaintiff further objects to this request to the extent that damages suffered by Plaintiff are ongoing and accordingly this request could not be completely answered until infringement ceases.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 10:**

Please produce all Documents Concerning any document retention or destruction policy of UEC or any such policy governing UEC employees.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and

APP076

"destruction policy."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff further objects to this request as premature inasmuch as discovery in this case has just begun and the Plaintiff has not yet completed its investigation of the relevant facts, the Court has not rendered any rulings or claim constructions and the parties have not completed expert discovery.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 11:**

Please produce all Documents containing any facts or data that UEC, or anyone on its behalf including attorneys, provided to any testifying expert witness that the expert considered in forming the opinions to be expressed.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents containing any facts or data."  Plaintiff notes that same facts may be contained in documents that are not relied upon and those that are relied upon.  Further, Plaintiff further objects to this request as premature inasmuch as discovery in this case has just begun and the Plaintiff has not yet completed its investigation of the relevant facts, the Court has not rendered any rulings or claim constructions and the parties have not completed expert discovery.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

16

1   **REQUEST NO. 12:**

2   Please produce all Documents containing any assumptions that UEC, or anyone on its behalf

3   including attorneys, provided to any testifying expert witness that the expert relied on in forming

4   the opinions to be expressed from January 1, 2017 to present.

5   **OBJECTIONS AND RESPONSE:**

6            Plaintiff incorporates each of its General Objections and Objections to Definitions and

7   Instructions as if fully set forth herein.

8            Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

9   which are subject to more than one reasonable interpretation:  "that the expert relied on in forming

10  the opinions to be expressed" and "containing any assumptions." Plaintiff will undertake to interpret

11  these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as

12  overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or

13  "each and every" document in the requested category of documents.  Such a request for all

14  documents is unduly burdensome in particular given the extremely broad definitions of "Document"

15  supplied by Defendants and, consequently, the request purports to require Plaintiff to collect

16  documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a

17  reasonable investigation that collects responsive documents from a reasonable list of custodians

18  whose job responsibilities would indicate that they were in possession of potentially responsive

19  information.  Plaintiff objects to this request as overly burdensome to the extent it purports to

20  duplicate or overlap in subject matter with other requests propounded by the Defendants.  Plaintiff

21  further objects to this request as premature inasmuch as discovery in this case has just begun and the

22  Plaintiff has not yet completed its investigation of the relevant facts, the Court has not rendered any

23  rulings or claim constructions and the parties have not completed expert discovery.

24            Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

25  search, Plaintiff will produce responsive, non-privileged information within its custody and control

26  to the extent that such information exists.

27  //

28  //

APP078

*Corporate Structure/History*

**REQUEST NO. 13:**

Please produce all Documents Concerning the corporate structure, organization, or business of UEC, including without limitation, articles of incorporation, bylaws, organizational charts, decision-making authority charts, business plans, and corporate reports and filings.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "business of UEC," "decision making authority charts." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants. Plaintiff objects to this request to the extent that it is not reasonably limited to a time period relevant to the causes of action and claims at issue in this lawsuit. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

APP079

1   Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

2   search, Plaintiff will produce responsive, non-privileged information within its custody and control

3   to the extent that such information exists.

4

5   **REQUEST NO. 14:**

6   Please produce all Documents Concerning amendments UEC has made to its corporate Documents,

7   including but not limited to its articles of incorporation and bylaws, since January 1, 2007.

8   **OBJECTIONS AND RESPONSE:**

9   Plaintiff incorporates each of its General Objections and Objections to Definitions and

10   Instructions as if fully set forth herein.

11   Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are

12   subject to more than one reasonable interpretation:  "amendments UEC has made" "Documents

13   Concerning" and "Documents."  Plaintiff will undertake to interpret these terms as they would in

14   ordinary usage given the context.  Plaintiff objects to this request as overly broad and unduly

15   burdensome inasmuch as it purports to request the production of "all" or "each and every"

16   document in the requested category of documents.  Such a request for all documents is unduly

17   burdensome in particular given the extremely broad definitions of "Document" supplied by

18   Defendants and, consequently, the request purports to require Plaintiff to collect documents from

19   potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable

20   investigation that collects responsive documents from a reasonable list of custodians whose job

21   responsibilities would indicate that they were in possession of potentially responsive

22   information.  Plaintiff objects to this request to the extent it purports to request information that is

23   neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the

24   discovery of admissible evidence.  Plaintiff objects to this request to the extent it purports to request

25   information that is within the public domain and accordingly is at least as easily obtained by the

26   Defendants.  Plaintiff objects to this request to the extent that it is not reasonably limited to a time

27   period relevant to the causes of action and claims at issue in this lawsuit.  Plaintiff objects to this

28   request as overly burdensome to the extent it purports to request documents that are, or should be,

19

APP080

within the possession custody and control of one or more of the Defendants.    Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 15:**

Please produce all Documents Concerning the corporate structure, organization, or business of Aruze, including without limitation, articles of incorporation, bylaws, organizational charts, business plans, and corporate reports and filings, since January 1, 2007.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "business of Aruze".  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily

obtained by the Defendants.  Plaintiff objects to this request to the extent that it is not reasonably limited to a time period relevant to the causes of action and claims at issue in this lawsuit.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 16:**

Please produce all Documents Concerning amendments Aruze has made to its corporate Documents, including but not limited to its articles of incorporation and bylaws, since January 1, 2007.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "amendments Aruze has made" "Documents Concerning" and "Documents".  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.

21

Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request to the extent that it is not reasonably limited to a time period relevant to the causes of action and claims at issue in this lawsuit. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 17:**

Please produce all Documents Concerning Okada Holdings' appointment of Okada as nominee director in UEC.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants. Plaintiff objects to this request to the extent that it is not reasonably limited to a time period relevant to the causes of action and claims at issue in this lawsuit.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.   Plaintiff objects to this request

APP083

as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 18:**

Please produce all Documents Concerning the sale of AGA by UEC to Okada which was consummated on March 31, 2009.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "sale of AGA by UEC".  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.   Plaintiff objects to this request

APP084

1    as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

2    requests propounded by the Defendants.

3        Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

4    search, Plaintiff will produce responsive, non-privileged information within its custody and control

5    to the extent that such information exists.

6

7    **REQUEST NO. 19:**

8    Please produce all Documents in support of UEC's contention in paragraph 59 of the Second

9    Amended Complaint that the transfer of the remaining stock in AGA owned by UEC to Okada was

10   "completed in March 2010."

11   **OBJECTIONS AND RESPONSE:**

12       Plaintiff incorporates each of its General Objections and Objections to Definitions and

13   Instructions as if fully set forth herein.

14       Plaintiff objects to this request to the extent it purports to request information that is within

15   the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff objects

16   to this request to the extent that it purports to request information that is outside of the possession,

17   custody or control of Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it

18   purports to request documents that are, or should be, within the possession custody and control of

19   one or more of the Defendants.

20       Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

21   search, Plaintiff will produce responsive, non-privileged information within its custody and control

22   to the extent that such information exists.

23

24   **REQUEST NO. 20:**

25   Please produce all Documents Concerning UEC's appointment of Okada as nominee director in

26   Tiger Resorts Asia Limited dated April 8, 2014.

27   **OBJECTIONS AND RESPONSE:**

28       Plaintiff incorporates each of its General Objections and Objections to Definitions and

APP085

Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.  Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.    Plaintiff further objects to this request as beyond the scope of the claims and defenses of the lawsuit between the parties.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 21:**

Please produce all Documents Concerning Okada's responsibilities and duties, including any job description, as director of Tiger Resorts Asia Limited.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.  Plaintiff objects to this request to the extent it purports

APP086

1   to request information that is within the public domain and accordingly is at least as easily obtained

2   by the Defendants.  Plaintiff objects to this request to the extent that it purports to request

3   information that is outside of the possession, custody or control of Plaintiff.    Plaintiff objects to

4   this request as overly burdensome to the extent it purports to request documents that are, or should

5   be, within the possession custody and control of one or more of the Defendants.   Plaintiff further

6   objects to this request as beyond the scope of the claims and defenses of the lawsuit between the

7   parties.

8            Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

9   search, Plaintiff will produce responsive, non-privileged information within its custody and control

10  to the extent that such information exists.

11

12  **REQUEST NO. 22:**

13  Please produce all Documents Concerning UEC's revocation of Okada's appointment of nominee

14  director in Tiger Resorts Asia Limited.

15  **OBJECTIONS AND RESPONSE:**

16           Plaintiff incorporates each of its General Objections and Objections to Definitions and

17  Instructions as if fully set forth herein.

18           Plaintiff objects to this request to the extent it purports to request information that is neither

19  relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of

20  admissible evidence.  Plaintiff objects to this request to the extent it purports to request information

21  that is in the possession, custody or control of third parties to this lawsuit and not within the

22  possession, custody and control of Plaintiff.  Plaintiff objects to this request to the extent it purports

23  to request information that is within the public domain and accordingly is at least as easily obtained

24  by the Defendants.  Plaintiff objects to this request to the extent that it purports to request

25  information that is outside of the possession, custody or control of Plaintiff.   Plaintiff objects to this

26  request as overly burdensome to the extent it purports to request documents that are, or should be,

27  within the possession custody and control of one or more of the Defendants.    Plaintiff further

28  objects to this request as beyond the scope of the claims and defenses of the lawsuit between the

26

1  parties.

2       Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

3  search, Plaintiff will produce responsive, non-privileged information within its custody and control

4  to the extent that such information exists.

5

6  **REQUEST NO. 23:**

7  Please produce the Agreement/Declaration of Trust between Tiger Resorts Asia Limited and Okada,

8  entrusting to Okada one (1) share of stock in Tiger Resorts Leisure and Entertainment, Inc.

9  **OBJECTIONS AND RESPONSE:**

10       Plaintiff incorporates each of its General Objections and Objections to Definitions and

11  Instructions as if fully set forth herein.

12       Plaintiff objects to this request to the extent it purports to request information that is neither

13  relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of

14  admissible evidence.  Plaintiff objects to this request to the extent it purports to request information

15  that is in the possession, custody or control of third parties to this lawsuit and not within the

16  possession, custody and control of Plaintiff.  Plaintiff objects to this request to the extent it purports

17  to request information that is within the public domain and accordingly is at least as easily obtained

18  by the Defendants.  Plaintiff objects to this request to the extent that it purports to request

19  information that is outside of the possession, custody or control of Plaintiff.   Plaintiff objects to this

20  request as overly burdensome to the extent it purports to request documents that are, or should be,

21  within the possession custody and control of one or more of the Defendants.  Plaintiff further

22  objects to this request as beyond the scope of the claims and defenses of the lawsuit between the

23  parties.

24       Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

25  search, Plaintiff will produce responsive, non-privileged information within its custody and control

26  to the extent that such information exists.

27  / /

28  / /

APP088

**REQUEST NO. 24:**

Please produce the Tiger Resorts Asia Limited Resolution dated June 13, 2017, revoking the Agreement/Declaration of Trust between Tiger Resorts Asia Limited and Okada, entrusting to Okada one (1) share of stock in Tiger Resorts Leisure and Entertainment, Inc.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.  Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.    Plaintiff further objects to this request as beyond the scope of the claims and defenses of the lawsuit between the parties.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 25:**

Please produce the Tiger Resorts Leisure and Entertainment, Inc. Resolution and Minutes of Shareholders' Meeting Implementing the Removal of Mr. Okada as a Director, in relation to the Documents requested in Requests No. 23 and 24.

/ /

APP089

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "Director," as the request does not specify what Directorship it refers to. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff. Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants. Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff further objects to this request as beyond the scope of the claims and defenses of the lawsuit between the parties.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 26:**

Please produce UEC's Former Affiliate Company Management Rules and current Subsidiary Company Rules (effective March 1, 2010).

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request information that is neither

APP090

relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 27:**

Please produce all Documents Concerning share transfers made by shareholders of Universal Sales Co., Ltd. from 1991-1994, including, without limitation, all stock ledgers of Universal Sales Co., Ltd.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent that it is not reasonably limited to a time period relevant to the causes of action and claims at issue in this lawsuit.

Plaintiff objects to this request as overly burdensome to the extent it purports to request documents

APP091

that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff further objects to this request as beyond the scope of the claims and defenses of the lawsuit between the parties.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 28:**

Please produce all Documents Concerning share transfers made by shareholders of UEC from 2009-2011, including, without limitation, all stock ledgers of UEC.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff further objects to this request as beyond the scope of the claims and defenses of the lawsuit between the parties.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control

APP092

1  to the extent that such information exists.

2

3  **REQUEST NO. 29:**

4  Please produce all Documents Concerning share transfers made by shareholders of UEC in 2017,

5  including, without limitation, all stock ledgers of UEC.

6  **OBJECTIONS AND RESPONSE:**

7         Plaintiff incorporates each of its General Objections and Objections to Definitions and

8  Instructions as if fully set forth herein.

9         Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

10  purports to request the production of "all" or "each and every" document in the requested category

11  of documents.  Such a request for all documents is unduly burdensome in particular given the

12  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

13  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

14  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

15  reasonable list of custodians whose job responsibilities would indicate that they were in possession

16  of potentially responsive information. Plaintiff objects to this request to the extent it purports to

17  request information that is neither relevant to the subject matter of this lawsuit nor reasonably

18  calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request as overly

19  burdensome to the extent it purports to request documents that are, or should be, within the

20  possession custody and control of one or more of the Defendants.    Plaintiff further objects to this

21  request as beyond the scope of the claims and defenses of the lawsuit between the parties.

22         Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

23  search, Plaintiff will produce responsive, non-privileged information within its custody and control

24  to the extent that such information exists.

25

26                                 *Patent*

27  **REQUEST NO. 30:**

28  Please produce all Documents Concerning all steps or efforts taken by UEC to enforce any of the

1  Asserted Patents against any person, including, but not limited to, charges of infringement of any of

2  the Asserted Patents.

3  **OBJECTIONS AND RESPONSE:**

4      Plaintiff incorporates each of its General Objections and Objections to Definitions and

5  Instructions as if fully set forth herein.

6      Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

7  which are subject to more than one reasonable interpretation:  "all Documents Concerning" "all

8  steps or efforts" "charges of infringement".  Plaintiff will undertake to interpret these terms as they

9  would in ordinary usage given the context.  Plaintiff objects to this request as overly broad and

10  unduly burdensome inasmuch as it purports to request the production of "all" or "each and every"

11  document in the requested category of documents.  Such a request for all documents is unduly

12  burdensome in particular given the extremely broad definitions of "Document" supplied by

13  Defendants and, consequently, the request purports to require Plaintiff to collect documents from

14  potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable

15  investigation that collects responsive documents from a reasonable list of custodians whose job

16  responsibilities would indicate that they were in possession of potentially responsive

17  information.  Plaintiff objects to this request to the extent it purports to request the production of

18  information subject to the attorney-client privilege, the work product doctrine or any other

19  recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to

20  request information that is neither relevant to the subject matter of this lawsuit nor reasonably

21  calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the

22  extent that it is not reasonably limited to a time period relevant to the causes of action and claims at

23  issue in this lawsuit.  Plaintiff further objects to this request as beyond the scope of the claims and

24  defenses of the lawsuit between the parties.

25      Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

26  search, Plaintiff will produce responsive, non-privileged information within its custody and control

27  to the extent that such information exists.

28  / /

APP094

**REQUEST NO. 31:**

Please produce all Documents in support of paragraph 69 of the Second Amended Complaint, which states "Because of Okada's actual knowledge of the Asserted Patents, AGA also had actual knowledge of the Asserted Patents."

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 32:**

Please produce all Documents in support of paragraph 70 of the Second Amended Complaint, which states "Upon information and belief, Okada directed employees of AGA located in Nevada to develop and produce the Accused Products, which made use of the technology claimed in the Asserted Patents, without obtaining a license or permission from UEC, and thereby infringing the Asserted Patents."

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.

APP095

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 33:**

Please produce all Documents in support of paragraph 71 of the Second Amended Complaint, which states, "AGA provided no benefit or compensation to UEC for its exploitation of the Asserted Patents; AGA never entered into a license agreement with UEC."

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 34:**

Please produce all Documents in support of paragraph 72 of the Second Amended Complaint, which states "UEC did not learn of AGA's unauthorized use of UEC's patent rights, including the

APP096

1  Asserted Patents, until UEC began investigating Okada's misconduct in 2017."

2  **OBJECTIONS AND RESPONSE:**

3        Plaintiff incorporates each of its General Objections and Objections to Definitions and

4  Instructions as if fully set forth herein.

5        Plaintiff objects to this request to the extent it purports to request the production of

6  information subject to the attorney-client privilege, the work product doctrine or any other

7  recognized privilege or immunity.   Plaintiff objects to this request to the extent that it purports to

8  request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff

9  objects to this request as overly burdensome to the extent it purports to request documents that are,

10  or should be, within the possession custody and control of one or more of the Defendants.

11        Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

12  search, Plaintiff will produce responsive, non-privileged information within its custody and control

13  to the extent that such information exists.

14

15  **REQUEST NO. 35:**

16  Please produce all Documents Concerning the preparation, filing, and prosecution of each Asserted

17  Patent, Related Patent, and Related Application, including, without limitation, all draft and final

18  versions of the invention disclosure, the application(s), a copy of the prosecution history, draft

19  versions of the application(s), draft versions of responses to office actions, and all communications

20  regarding the preparation, filing, prosecution, abandonment, and revival of such patent applications.

21  **OBJECTIONS AND RESPONSE:**

22        Plaintiff incorporates each of its General Objections and Objections to Definitions and

23  Instructions as if fully set forth herein.

24        Plaintiff objects to this request to the extent it purports to request the production of

25  information subject to the attorney-client privilege, the work product doctrine or any other

26  recognized privilege or immunity.  Plaintiff objects to this request to the extent it purports to request

27  information that is within the public domain and accordingly is at least as easily obtained by the

28  Defendants from the PAIR database of the USPTO.

36

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 36:**

Please produce all Documents Concerning UEC's contention that AGA has willfully infringed any Asserted Claim.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 37:**

Please produce all Documents Concerning UEC's contention that AGA has induced the infringement of any Asserted Claim.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other

APP098

recognized privilege or immunity.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 38:**

Please produce all Documents Concerning UEC's contention that AGA has contributorily infringed any Asserted Claim.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 39:**

Please produce all Documents Concerning any UEC policy or procedure for acquisitions, mergers, or asset purchases, including Documents explaining or identifying any due diligence procedure, any investigation procedure, any intellectual property valuation procedure, and any technology transfer

APP099

1  procedure since January 1, 2007.

2  **OBJECTIONS AND RESPONSE:**

3  Plaintiff incorporates each of its General Objections and Objections to Definitions and

4  Instructions as if fully set forth herein.

5  Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

6  which are subject to more than one reasonable interpretation: "all Documents Concerning" "any

7  UEC policy" "Documents explaining". Plaintiff will undertake to interpret these terms as they

8  would in ordinary usage given the context. Plaintiff objects to this request as overly broad and

9  unduly burdensome inasmuch as it purports to request the production of "all" or "each and every"

10 document in the requested category of documents. Such a request for all documents is unduly

11 burdensome in particular given the extremely broad definitions of "Document" supplied by

12 Defendants and, consequently, the request purports to require Plaintiff to collect documents from

13 potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable

14 investigation that collects responsive documents from a reasonable list of custodians whose job

15 responsibilities would indicate that they were in possession of potentially responsive

16 information. Plaintiff objects to this request to the extent it purports to request the production of

17 information subject to the attorney-client privilege, the work product doctrine or any other

18 recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to

19 request information that is neither relevant to the subject matter of this lawsuit nor reasonably

20 calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request as

21 beyond the scope of the claims and defenses of the lawsuit between the parties.

22 Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

23 search, Plaintiff will produce responsive, non-privileged information within its custody and control

24 to the extent that such information exists.

25

26 **REQUEST NO. 40:**

27 Please produce all Documents Concerning any technical or industry conference, symposium, trade

28 show, standards committee(s), or meeting concerning the subject matter of any of the Asserted

Patents attended by any of the Named Inventors anywhere in the world before the filing of the corresponding Related Applications, including but not limited to all Documents showing the attendance by any of the Named Inventors, notes by any of the Named Inventors, and Documents received at the conference, symposium, trade show, standards committee(s) or meeting since December 1, 1997 as to Mr. Sekine, and January 1, 2017 as to all other Named Inventors.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "All Documents Concerning".  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 41:**

Please produce all Documents Concerning, or on which UEC intends to rely in support of, UEC's contention that any of the Asserted Patents are valid.

APP101

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and "intends to rely in support of."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff further objects to this request as premature inasmuch as discovery in this case has just begun and the Plaintiff has not yet completed its investigation of the relevant facts, the Court has not rendered any rulings or claim constructions and the parties have not completed expert discovery.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 42:**

Please produce all Documents Concerning any alleged secondary indicia of non-obviousness, including without limitation:

(a)     any long-felt need for the alleged inventions claimed or technology disclosed in any of the Asserted Patents;

(b)     any failure in the relevant art to solve the problems that are the subjects of the alleged inventions claimed or technology disclosed in any of the Asserted Patents;

(c)     any commercial success of the alleged inventions claimed or technology disclosed in any of the Asserted Patents;

(d)     any industry recognition or praise of the alleged inventions claimed or technology disclosed in any of the Asserted Patents;

41

(e)     any copying or adoption by others of the alleged inventions claimed or technology disclosed in any of the Asserted Patents;

(f)     any skepticism towards the alleged inventions claimed or technology disclosed in any of the Asserted Patents;

(g)     any commercial acquiescence of competitors to license the alleged inventions claimed or technology disclosed in any of the Asserted Patents;

(h)     any failure of others to independently develop the alleged inventions claimed or technology disclosed in any of the Asserted Patents;

(i)     any prior litigation regarding the alleged inventions claimed or technology disclosed in any of the Asserted Patents; or

(j)     any surprise towards the capabilities of the alleged inventions claimed or the technology disclosed in any of the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "secondary indicia of non-obviousness, "commercial success" "skepticism" "commercial acquiescence" "failure of others to independently develop" "surprise towards the capabilities."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff further objects to this request as overly broad and unduly burdensome to the

APP103

1  extent it is compound.  Plaintiff further objects to this request as overly broad and unduly

2  burdensome to the extent it is open ended ("including without limitation"), which requires the

3  Plaintiff to guess as to what information beyond the numerous categories of information that

4  Defendants actually seek.  Plaintiff objects to this request to the extent it purports to request the

5  production of information subject to the attorney-client privilege, the work product doctrine or any

6  other recognized privilege or immunity.   Plaintiff objects to this request to the extent it purports to

7  request information that is neither relevant to the subject matter of this lawsuit nor reasonably

8  calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the

9  extent it purports to request information that is in the possession, custody or control of third parties

10  to this lawsuit and not within the possession, custody and control of Plaintiff.  Plaintiff objects to

11  this request to the extent it purports to request information that is within the public domain and

12  accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request as

13  overly burdensome to the extent it purports to request documents that are, or should be, within the

14  possession custody and control of one or more of the Defendants.   Plaintiff objects to this request

15  as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

16  requests propounded by the Defendants.

17       Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

18  search, Plaintiff will produce responsive, non-privileged information within its custody and control

19  to the extent that such information exists.

20

21  **REQUEST NO. 43:**

22  Please produce all publications authored or co-authored by any of the Named Inventors, which pre-

23  date the filing date of any of the Asserted Patents on which such a Named Inventor is so named.

24  **OBJECTIONS AND RESPONSE:**

25       Plaintiff incorporates each of its General Objections and Objections to Definitions and

26  Instructions as if fully set forth herein.

27       Plaintiff objects to this request to the extent it purports to request information that is neither

28  relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of

43

admissible evidence.  Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.  Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 44:**

Please produce all Documents Concerning all Prior Art known to UEC, any Named Inventor, and/or Patent Counsel that pertains to the subject matter claimed in any of the Asserted Patents, whether or not cited to the U.S. Patent and Trademark Office.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably

APP105

calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.  Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 45:**

Please produce all employment or consulting agreements between UEC or others (including predecessor and UEC-acquired entities) and any of the Named Inventors.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession

APP106

of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent that it is not reasonably limited to a time period relevant to the causes of action and claims at issue in this lawsuit.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.  Plaintiff further objects to this request as beyond the scope of the claims and defenses of the lawsuit between the parties.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 46:**

Please produce all opinions of counsel Concerning the validity, enforceability, infringement, or non-infringement of any of the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all opinions of counsel Concerning." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff notes that this request expressly requests information covered by both the attorney-client privilege and work product doctrine.  Plaintiff further objects to this request as premature inasmuch as discovery in this case has just begun and the Plaintiff has not yet completed its investigation of the relevant facts, the Court has not rendered any rulings or claim constructions and the parties have not completed expert discovery.

1    Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

2  search, Plaintiff will produce responsive, non-privileged information within its custody and control

3  to the extent that such information exists.

4

5  **REQUEST NO. 47:**

6  Please produce all affidavits, trial or deposition testimony, exhibits for such testimony, declarations,

7  or other sworn statements of which UEC is aware Concerning any of the Asserted Patents and/or

8  the inventions claimed in any of any Asserted Patents.

9  **OBJECTIONS AND RESPONSE:**

10    Plaintiff incorporates each of its General Objections and Objections to Definitions and

11  Instructions as if fully set forth herein.

12    Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

13  purports to request the production of "all" or "each and every" document in the requested category

14  of documents.  Such a request for all documents is unduly burdensome in particular given the

15  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

16  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

17  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

18  reasonable list of custodians whose job responsibilities would indicate that they were in possession

19  of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

20  request information that is neither relevant to the subject matter of this lawsuit nor reasonably

21  calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the

22  extent it purports to request information that is in the possession, custody or control of third parties

23  to this lawsuit and not within the possession, custody and control of Plaintiff.  Plaintiff objects to

24  this request to the extent that it purports to request information that is outside of the possession,

25  custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it

26  purports to request documents that are, or should be, within the possession custody and control of

27  one or more of the Defendants.    Plaintiff objects to this request as overly burdensome to the extent

28  it purports to duplicate or overlap in subject matter with other requests propounded by the

47

1   Defendants.

2        Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

3   search, Plaintiff will produce responsive, non-privileged information within its custody and control

4   to the extent that such information exists.

5

6   **REQUEST NO. 48:**

7   Please produce all UEC and any UEC-acquired entity board and executive notes, minutes, agendas,

8   or memoranda making any reference to any of the Asserted Patents, this litigation, or AGA.

9   **OBJECTIONS AND RESPONSE:**

10       Plaintiff incorporates each of its General Objections and Objections to Definitions and

11  Instructions as if fully set forth herein.

12       Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

13  purports to request the production of "all" or "each and every" document in the requested category

14  of documents.  Such a request for all documents is unduly burdensome in particular given the

15  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

16  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

17  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

18  reasonable list of custodians whose job responsibilities would indicate that they were in possession

19  of potentially responsive information. Plaintiff objects to this request to the extent it purports to

20  request the production of information subject to the attorney-client privilege, the work product

21  doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the

22  extent it purports to request information that is neither relevant to the subject matter of this lawsuit

23  nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this

24  request as overly burdensome to the extent it purports to request documents that are, or should be,

25  within the possession custody and control of one or more of the Defendants.    Plaintiff further

26  objects to this request as premature inasmuch as discovery in this case has just begun and the

27  Plaintiff has not yet completed its investigation of the relevant facts, the Court has not rendered any

28  rulings or claim constructions and the parties have not completed expert discovery.

APP109

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 49:**

Please produce all Documents Concerning any of the Asserted Patents and any of the Related Applications that matured into any of the Asserted Patents, including but not limited to Documents Concerning the references cited in any of the Asserted Patents and communications with third parties about any of the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff further objects to this request as vague and ambiguous to the extent it is compound.  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this

APP110

request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.    Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 50:**

Please produce all Documents Concerning the best mode of carrying out the subject matter disclosed or claimed in any of the Asserted Patents known to any of the Named Inventors at any time prior to the filing of any of the Related Applications.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "best mode".  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  The "best mode" requirement of patents in the United States is not a basis for invalidating any patent claim. Plaintiff objects to this request to the extent that it is not reasonably limited to a time period relevant to the causes of action and claims at issue in this lawsuit.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control

to the extent that such information exists.

**REQUEST NO. 51:**

Please produce all Documents Concerning any experimentation or analysis of the subject matter of the claims of any Asserted Patent conducted by or for UEC or by any third party prior to each filing date of each of the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "Documents Concerning" and "any experimentation or analysis of the subject matter." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it is not reasonably limited to a time period relevant to the causes of action and claims at issue in this lawsuit.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 52:**

Please produce all Patents, Related Applications, Related Patents, patent file histories, and Documents or files Concerning all patents on which any of the Named Inventors is a named inventor. This request is limited to Documents created prior to the issue date of the Asserted Patent on which a named Inventor is so named.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and

1   Instructions as if fully set forth herein.

2          Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

3   which are subject to more than one reasonable interpretation:  "patent file histories" and "files

4   Concerning."  Plaintiff objects to this request to the extent it purports to request information that is

5   neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the

6   discovery of admissible evidence.  Plaintiff objects to this request to the extent that it is not

7   reasonably limited to a time period relevant to the causes of action and claims at issue in this

8   lawsuit.  Plaintiff further objects to this request as beyond the scope of the claims and defenses of

9   the lawsuit between the parties.  Plaintiff objects to this request to the extent that it purports to

10  request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff

11  objects to this request as overly burdensome to the extent it purports to request documents that are,

12  or should be, within the possession custody and control of one or more of the Defendants.    Plaintiff

13  objects to this request as overly burdensome to the extent it purports to duplicate or overlap in

14  subject matter with other requests propounded by the Defendants. Plaintiff objects to this request to

15  the extent it purports to request information that is within the public domain and accordingly is at

16  least as easily obtained by the Defendants.

17          Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

18  search, Plaintiff will produce responsive, non-privileged information within its custody and control

19  to the extent that such information exists.

20

21  **REQUEST NO. 53:**

22  Please produce, for each Named Inventor, Documents sufficient to show the background, education,

23  and work history of such person.

24  **OBJECTIONS AND RESPONSE:**

25          Plaintiff incorporates each of its General Objections and Objections to Definitions and

26  Instructions as if fully set forth herein.

27          Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

28  which are subject to more than one reasonable interpretation:  "background."  Plaintiff objects to

this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff. Plaintiff objects to this request to the extent that it is not reasonably limited to a time period relevant to the causes of action and claims at issue in this lawsuit. Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff. Plaintiff further objects to this request as beyond the scope of the claims and defenses of the lawsuit between the parties.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 54:**

Please produce all Documents Concerning tracking of time worked and tasks performed on the G-ENEX project for all UEC employees and all AGA employees during the time AGA was affiliated with UEC.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

APP114

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning," "tracking of time worked" and "tasks performed." Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 55:**

Please produce all employee records for Named Inventor Mr. Koichiro Hashimoto.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "employee records." Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff

APP115

1  to collect documents from potentially every employee, agent or attorney of Plaintiff rather than

2  conduct a reasonable investigation that collects responsive documents from a reasonable list of

3  custodians whose job responsibilities would indicate that they were in possession of potentially

4  responsive information.  Plaintiff objects to this request to the extent it purports to request

5  information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to

6  lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it

7  purports to request information that is in the possession, custody or control of third parties to this

8  lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this

9  request to the extent that it purports to request information that is outside of the possession, custody

10 or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports

11 to duplicate or overlap in subject matter with other requests propounded by the Defendants.

12        Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

13 search, Plaintiff will produce responsive, non-privileged information within its custody and control

14 to the extent that such information exists.

15

16 **REQUEST NO. 56:**

17 Please produce all Documents Concerning product presentations made by AGA from April 1,

18 2007 to present, including but not limited to, photos, video recordings, and notes made by UEC

19 employees in attendance at AGA product presentations.

20 **OBJECTIONS AND RESPONSE:**

21        Plaintiff incorporates each of its General Objections and Objections to Definitions and

22 Instructions as if fully set forth herein.

23        Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

24 which are subject to more than one reasonable interpretation:  "Documents Concerning" and

25 "product presentations."  Plaintiff objects to this request as overly broad and unduly burdensome

26 inasmuch as it purports to request the production of "all" or "each and every" document in the

27 requested category of documents.  Such a request for all documents is unduly burdensome in

28 particular given the extremely broad definitions of "Document" supplied by Defendants and,

APP116

consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 57:**

Please produce all Documents upon which UEC intends to rely to establish the level of ordinary skill in the art to which the subject matter of any of the claims of any Asserted Patents pertains.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents" and "establish the level of ordinary skill in the art."  Plaintiff notes that each patent potentially has a different level of ordinary skill.  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request

APP117

to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.  Plaintiff further objects to this request as overly broad inasmuch as the request is not specific as to the timeframe for "establish[ing] the level of ordinary skill in the art."

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 58:**

Please produce all Documents Concerning UEC's first awareness of any activities, products, or services of AGA that form the basis for any accusation of infringement of any of the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "awareness."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 59:**

Please produce all Documents Concerning any analysis of alleged infringement of any of the Asserted Patents by any AGA product.

APP118

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff further objects to this request as premature inasmuch as discovery in this case has just begun and the Plaintiff has not yet completed its investigation of the relevant facts, the Court has not rendered any rulings or claim constructions and the parties have not completed expert discovery.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 60:**

Please produce all Documents Concerning the basis for UEC's allegations of AGA's alleged infringement.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning".  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

58

of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

reasonable list of custodians whose job responsibilities would indicate that they were in possession

of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

request the production of information subject to the attorney-client privilege, the work product

doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the

extent that it purports to request information that is outside of the possession, custody or control of

Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it purports to request

documents that are, or should be, within the possession custody and control of one or more of the

Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

search, Plaintiff will produce responsive, non-privileged information within its custody and control

to the extent that such information exists.


**REQUEST NO. 61:**

Please produce all Documents Concerning all steps or efforts taken by UEC or others (including

UEC-acquired entities) to enforce any of the Asserted Patents against any person, including, but not

limited to, charges of infringement of any of the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and

Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

purports to request the production of "all" or "each and every" document in the requested category

of documents.  Such a request for all documents is unduly burdensome in particular given the

extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

reasonable list of custodians whose job responsibilities would indicate that they were in possession

of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

1  request information that is neither relevant to the subject matter of this lawsuit nor reasonably

2  calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the

3  extent it purports to request the production of information subject to the attorney-client privilege,

4  the work product doctrine or any other recognized privilege or immunity.   Plaintiff objects to this

5  request to the extent it purports to request information that is within the public domain and

6  accordingly is at least as easily obtained by the Defendants.  Plaintiff objects to this request as

7  overly burdensome to the extent it purports to request documents that are, or should be, within the

8  possession custody and control of one or more of the Defendants.    Plaintiff objects to this request

9  as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

10 requests propounded by the Defendants.

11      Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

12 search, Plaintiff will produce responsive, non-privileged information within its custody and control

13 to the extent that such information exists.

14

15 **REQUEST NO. 62:**

16 Please produce all Documents Concerning the basis for UEC's claim of injunctive relief.

17 **OBJECTIONS AND RESPONSE:**

18      Plaintiff incorporates each of its General Objections and Objections to Definitions and

19 Instructions as if fully set forth herein.

20      Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

21 which are subject to more than one reasonable interpretation:  "all Documents

22 Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given

23 the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

24 purports to request the production of "all" or "each and every" document in the requested category

25 of documents.  Such a request for all documents is unduly burdensome in particular given the

26 extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

27 purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

28 of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

APP121

reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 63:**

Please produce all Documents Concerning any other litigation, prospective litigation, re-examination, reissue, inter parties review, or dispute involving any of the Asserted Patents or any Related Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "dispute."  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the

extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 64:**

Please produce all Documents Concerning any patent marking in connection with any of the Asserted Patents, or any other alleged compliance by UEC with 35 U.S.C. Section 287(a).

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

APP123

1  request information that is neither relevant to the subject matter of this lawsuit nor reasonably
2  calculated to lead to the discovery of admissible evidence.

3       Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and
4  search, Plaintiff will produce responsive, non-privileged information within its custody and control
5  to the extent that such information exists.

6

7  **REQUEST NO. 65:**
8  Please produce all license, assignment, or settlement agreements Concerning the alleged inventions
9  claimed in any of the Asserted Patents and any Documents evidencing, recording, or related to
10  payments made under such agreements.
11  **OBJECTIONS AND RESPONSE:**

12       Plaintiff incorporates each of its General Objections and Objections to Definitions and
13  Instructions as if fully set forth herein.

14       Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it
15  purports to request the production of "all" or "each and every" document in the requested category
16  of documents.  Such a request for all documents is unduly burdensome in particular given the
17  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request
18  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney
19  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a
20  reasonable list of custodians whose job responsibilities would indicate that they were in possession
21  of potentially responsive information.  Plaintiff objects to this request to the extent it purports to
22  request information that is in the possession, custody or control of third parties to this lawsuit and
23  not within the possession, custody and control of Plaintiff.  Plaintiff objects to this request as overly
24  burdensome to the extent it purports to duplicate or overlap in subject matter with other requests
25  propounded by the Defendants.

26       Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and
27  search, Plaintiff will produce responsive, non-privileged information within its custody and control
28  to the extent that such information exists.

**REQUEST NO. 66:**

Please produce all Documents Concerning any communications, agreements, discussions, negotiations, inquiries, or proposals relating to the licensing or assignment of the inventions claimed in any of the Asserted Patents (including cease and desist letters and any communications relating thereto).

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff. Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 67:**

Please produce all Documents Concerning any license, offer to license, or attempt to license any of

APP125

1  the Asserted Patents or any Related Patents, or any Patents owned by UEC or UEC-Acquired Entities

2  to any person-whether or not the offer or attempt has resulted in a license-including, without

3  limitation, Documents regarding the rights being offered, the consideration paid or to be paid, any

4  proposed or actual royalty rate or payment, any actual or projected revenues or profits, and those

5  persons involved in the negotiation regarding such license or attempt to license.

6  **OBJECTIONS AND RESPONSE:**

7          Plaintiff incorporates each of its General Objections and Objections to Definitions and

8  Instructions as if fully set forth herein.

9          Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

10 purports to request the production of "all" or "each and every" document in the requested category

11 of documents.  Such a request for all documents is unduly burdensome in particular given the

12 extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

13 purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

14 of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

15 reasonable list of custodians whose job responsibilities would indicate that they were in possession

16 of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

17 request the production of information subject to the attorney-client privilege, the work product

18 doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the

19 extent it purports to request information that is in the possession, custody or control of third parties

20 to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to

21 this request to the extent that it purports to request information that is outside of the possession,

22 custody or control of Plaintiff.

23          Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

24 search, Plaintiff will produce responsive, non-privileged information within its custody and control

25 to the extent that such information exists.

26

27 **REQUEST NO. 68:**

28 Please produce all Documents Concerning any assessment, analysis, study, forecast, plan, reports,

valuation, projection, evaluation, expectation, presentation, proposal, or discussion of the actual or projected monetary value to UEC or other indicia of value to any person of the alleged inventions claimed in any of the Asserted Patents including, without limitation, Documents regarding UEC's actual, planned, forecast, or expected revenues or profits from licensing any of the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "discussion".  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the extent that it is not reasonably limited to a time period relevant to the causes of action and claims at issue in this lawsuit.

Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

1  **REQUEST NO. 69:**

2  Please produce all Documents Concerning patent procurement policies, patent enforcement policies,

3  competitor product review policies, or patent licensing policies of UEC since January 1, 2007.

4  **OBJECTIONS AND RESPONSE:**

5      Plaintiff incorporates each of its General Objections and Objections to Definitions and

6  Instructions as if fully set forth herein.

7      Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

8  which are subject to more than one reasonable interpretation:  "all Documents Concerning," "patent

9  procurement policies," "competitor product review policies" and "patent licensing

10  policies."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the

11  context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

12  purports to request the production of "all" or "each and every" document in the requested category

13  of documents.  Such a request for all documents is unduly burdensome in particular given the

14  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

15  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

16  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

17  reasonable list of custodians whose job responsibilities would indicate that they were in possession

18  of potentially responsive information.   Plaintiff objects to this request to the extent it purports to

19  request the production of information subject to the attorney-client privilege, the work product

20  doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the

21  extent it purports to request information that is neither relevant to the subject matter of this lawsuit

22  nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this

23  request to the extent that it is not reasonably limited to a time period relevant to the causes of action

24  and claims at issue in this lawsuit.

25      Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

26  search, Plaintiff will produce responsive, non-privileged information within its custody and control

27  to the extent that such information exists.

28

**REQUEST NO. 70:**

Please produce all Documents Concerning any alleged nexus, or lack thereof, between any alleged commercial success of the subject matter of any claim of any of the Asserted Patents and the alleged advantages of that subject matter.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning," "alleged nexus, or lack thereof" and "alleged advantages of that subject matter." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff. Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants. Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of

1    Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it purports to request

2    documents that are, or should be, within the possession custody and control of one or more of the

3    Defendants.     Plaintiff objects to this request as overly burdensome to the extent it purports to

4    duplicate or overlap in subject matter with other requests propounded by the Defendants.  Plaintiff

5    objects to this request to the extent it requires a legal conclusion in order to interpret the request.

6           Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

7    search, Plaintiff will produce responsive, non-privileged information within its custody and control

8    to the extent that such information exists.

9

10   **REQUEST NO. 71:**

11   Please produce all Documents Concerning the nature and scope of any alleged irreparable injury

12   suffered by UEC as a result of the alleged infringement of any of the Asserted Patents absent an

13   injunction against AGA in this matter.

14   **OBJECTIONS AND RESPONSE:**

15          Plaintiff incorporates each of its General Objections and Objections to Definitions and

16   Instructions as if fully set forth herein.

17          Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

18   which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

19   "nature and scope."  Plaintiff will undertake to interpret these terms as they would in ordinary usage

20   given the context.   Plaintiff objects to this request as overly broad and unduly burdensome

21   inasmuch as it purports to request the production of "all" or "each and every" document in the

22   requested category of documents.  Such a request for all documents is unduly burdensome in

23   particular given the extremely broad definitions of "Document" supplied by Defendants and,

24   consequently, the request purports to require Plaintiff to collect documents from potentially every

25   employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects

26   responsive documents from a reasonable list of custodians whose job responsibilities would indicate

27   that they were in possession of potentially responsive information.   Plaintiff objects to this request

28   to the extent it purports to request the production of information subject to the attorney-client

1  privilege, the work product doctrine or any other recognized privilege or immunity.

2       Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

3  search, Plaintiff will produce responsive, non-privileged information within its custody and control

4  to the extent that such information exists.

5

6  **REQUEST NO. 72:**

7  Please produce all Documents Concerning remedies available at law are adequate to compensate

8  UEC for the alleged infringement of any Asserted Patent by AGA.

9  **OBJECTIONS AND RESPONSE:**

10       Plaintiff incorporates each of its General Objections and Objections to Definitions and

11  Instructions as if fully set forth herein.

12       Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

13  which are subject to more than one reasonable interpretation:  "all Documents

14  Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given

15  the context.  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

16  purports to request the production of "all" or "each and every" document in the requested category

17  of documents.  Such a request for all documents is unduly burdensome in particular given the

18  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

19  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

20  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

21  reasonable list of custodians whose job responsibilities would indicate that they were in possession

22  of potentially responsive information.   Plaintiff objects to this request to the extent it purports to

23  request the production of information subject to the attorney-client privilege, the work product

24  doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the

25  extent it purports to request information that is in the possession, custody or control of third parties

26  to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to

27  this request to the extent that it purports to request information that is outside of the possession,

28  custody or control of Plaintiff.

APP131

Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 73:**

Please produce all Documents Concerning whether the balance of hardships weighs in favor of or against AGA for the alleged infringement of any of the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and "balance of hardships." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in

APP132

the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 74:**

Please produce all Documents Concerning UEC's contention that UEC is entitled to an injunction against AGA related to the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the

APP133

extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

 Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.  Plaintiff further objects to this request as premature inasmuch as discovery in this case has just begun and the Plaintiff has not yet completed its investigation of the relevant facts, the Court has not rendered any rulings or claim constructions and the parties have not completed expert discovery.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 75:**

Please produce Documents sufficient to describe each lost sale of UEC that UEC contends is the result of any alleged infringement by AGA as it relates to the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "Documents sufficient to describe."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

APP134

reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.    Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.    Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.    Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 76:**

Please produce Documents sufficient to describe the harm to UEC that UEC contends is the result of any alleged infringement by AGA as it relates to the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "Documents sufficient to describe."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

APP135

reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.     Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 77:**

Please produce all Documents Concerning agreements entered between UEC and AGA Concerning the Asserted Patents.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

APP136

1  reasonable list of custodians whose job responsibilities would indicate that they were in possession

2  of potentially responsive information.   Plaintiff objects to this request to the extent it purports to

3  request the production of information subject to the attorney-client privilege, the work product

4  doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the

5  extent it purports to request information that is neither relevant to the subject matter of this lawsuit

6  nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this

7  request to the extent it purports to request information that is within the public domain and

8  accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this request to the

9  extent that it is not reasonably limited to a time period relevant to the causes of action and claims at

10  issue in this lawsuit.

11  Plaintiff objects to this request to the extent that it purports to request information that is outside of

12  the possession, custody or control of Plaintiff.   Plaintiff objects to this request as overly

13  burdensome to the extent it purports to request documents that are, or should be, within the

14  possession custody and control of one or more of the Defendants.   Plaintiff objects to this request

15  as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

16  requests propounded by the Defendants.

17  Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

18  search, Plaintiff will produce responsive, non-privileged information within its custody and control

19  to the extent that such information exists.

20

21  **REQUEST NO. 78:**

22  Please produce all Documents Concerning communications between UEC and AGA Concerning

23  the Asserted Patents.

24  **OBJECTIONS AND RESPONSE:**

25  Plaintiff incorporates each of its General Objections and Objections to Definitions and

26  Instructions as if fully set forth herein.

27  Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

28  which are subject to more than one reasonable interpretation: "all Documents Concerning" and

76

APP137

"communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

***SIC Investigation/Report***

**REQUEST NO. 79:**

Please produce all Documents in support of paragraph 67 of the Second Amended Complaint which states "In June 2017, UEC became aware of a possibility that Okada engaged in misconduct in relation to foreign business. In response to this misconduct, UEC established a Special Investigation Committee formed by outside experts to investigate Okada."

**OBJECTIONS AND RESPONSE:**

APP138

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents in support." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff. Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 80:**

Please produce all Documents in support of paragraph 68 of the Second Amended Complaint which states "On August 29, 2017, the Special Investigation Committee reported the result of the

investigation to UEC. This identified the fact that Okada had caused UEC damages worth at least

JPY 2.2 billion due to his misconduct through the foreign business done for his personal gain during

2013 – 2015. In response to the work of the Special Investigation Committee, UEC personnel

further reviewed Okada's activities and they discovered the fact that AGA was making

unauthorized use of UEC patent rights, including the Asserted Patents, and that Okada had

concealed these facts."

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and

Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

which are subject to more than one reasonable interpretation:  "all Documents in support."  Plaintiff

will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff

objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the

production of "all" or "each and every" document in the requested category of documents.  Such a

request for all documents is unduly burdensome in particular given the extremely broad definitions

of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff

to collect documents from potentially every employee, agent or attorney of Plaintiff rather than

conduct a reasonable investigation that collects responsive documents from a reasonable list of

custodians whose job responsibilities would indicate that they were in possession of potentially

responsive information.   Plaintiff objects to this request to the extent it purports to request the

production of information subject to the attorney-client privilege, the work product doctrine or any

other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to

request information that is in the possession, custody or control of third parties to this lawsuit and

not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the

extent that it purports to request information that is outside of the possession, custody or control of

Plaintiff.

Plaintiff objects to this request as overly burdensome to the extent it purports to request documents

that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 81:**

Please product all Documents Concerning the formation of the Special Investigation Committee, including but not limited to the members who were selected to serve on the Special Investigation Committee.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and "the formation." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff. Plaintiff objects to this request as overly burdensome to the extent it

APP141

1  purports to request documents that are, or should be, within the possession custody and control of

2  one or more of the Defendants.    Plaintiff objects to this request as overly burdensome to the extent

3  it purports to duplicate or overlap in subject matter with other requests propounded by the

4  Defendants.

5          Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

6  search, Plaintiff will produce responsive, non-privileged information within its custody and control

7  to the extent that such information exists.

8

9  **REQUEST NO. 82:**

10  Please produce all Documents Concerning any reports, including any drafts of the Special

11  Investigation Committee report, from May 23, 2017 to the present, which is referenced in paragraph

12  68 of the Second Amended Complaint.

13  **OBJECTIONS AND RESPONSE:**

14          Plaintiff incorporates each of its General Objections and Objections to Definitions and

15  Instructions as if fully set forth herein.

16          Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

17  which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

18  "report, including any drafts of the Special Investigation Committee report."  Plaintiff will

19  undertake to interpret these terms as they would in ordinary usage given the context.    Plaintiff

20  objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the

21  production of "all" or "each and every" document in the requested category of documents.  Such a

22  request for all documents is unduly burdensome in particular given the extremely broad definitions

23  of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff

24  to collect documents from potentially every employee, agent or attorney of Plaintiff rather than

25  conduct a reasonable investigation that collects responsive documents from a reasonable list of

26  custodians whose job responsibilities would indicate that they were in possession of potentially

27  responsive information.   Plaintiff objects to this request to the extent it purports to request the

28  production of information subject to the attorney-client privilege, the work product doctrine or any

other recognized privilege or immunity.   Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 83:**

Please produce all Documents provided to the Special Investigation Committee as referenced in paragraphs 67 – 68 of the Second Amended Complaint.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents provided."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a

1   request for all documents is unduly burdensome in particular given the extremely broad definitions

2   of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff

3   to collect documents from potentially every employee, agent or attorney of Plaintiff rather than

4   conduct a reasonable investigation that collects responsive documents from a reasonable list of

5   custodians whose job responsibilities would indicate that they were in possession of potentially

6   responsive information.         Plaintiff objects to this request to the extent it purports to request the

7   production of information subject to the attorney-client privilege, the work product doctrine or any

8   other recognized privilege or immunity.   Plaintiff objects to this request to the extent it purports to

9   request information that is neither relevant to the subject matter of this lawsuit nor reasonably

10   calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the

11   extent it purports to request information that is within the public domain and accordingly is at least

12   as easily obtained by the Defendants.  Plaintiff objects to this request to the extent that it purports to

13   request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff

14   objects to this request as overly burdensome to the extent it purports to request documents that are,

15   or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff

16   objects to this request as overly burdensome to the extent it purports to duplicate or overlap in

17   subject matter with other requests propounded by the Defendants.

18         Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

19   search, Plaintiff will produce responsive, non-privileged information within its custody and control

20   to the extent that such information exists.

21

22   **REQUEST NO. 84:**

23   Please produce all Documents Concerning the Special Investigation Committee investigation and

24   report as referenced in paragraphs 67 – 68 of the Second Amended Complaint.

25   **OBJECTIONS AND RESPONSE:**

26         Plaintiff incorporates each of its General Objections and Objections to Definitions and

27   Instructions as if fully set forth herein.

28         Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

which are subject to more than one reasonable interpretation: "all Documents

Concerning." Plaintiff will undertake to interpret these terms as they would in ordinary usage given

the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

purports to request the production of "all" or "each and every" document in the requested category

of documents. Such a request for all documents is unduly burdensome in particular given the

extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

reasonable list of custodians whose job responsibilities would indicate that they were in possession

of potentially responsive information. Plaintiff objects to this request to the extent it purports to

request the production of information subject to the attorney-client privilege, the work product

doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the

extent it purports to request information that is neither relevant to the subject matter of this lawsuit

nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this

request to the extent it purports to request information that is in the possession, custody or control of

third parties to this lawsuit and not within the possession, custody and control of Plaintiff. Plaintiff

objects to this request to the extent it purports to request information that is within the public

domain and accordingly is at least as easily obtained by the Defendants. Plaintiff objects to this

request to the extent that it is not reasonably limited to a time period relevant to the causes of action

and claims at issue in this lawsuit.

Plaintiff objects to this request to the extent that it purports to request information that is outside of

the possession, custody or control of Plaintiff. Plaintiff objects to this request as overly

burdensome to the extent it purports to request documents that are, or should be, within the

possession custody and control of one or more of the Defendants. Plaintiff objects to this request

as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

search, Plaintiff will produce responsive, non-privileged information within its custody and control

1   to the extent that such information exists.

2

3   **REQUEST NO. 85:**

4   Please produce all Documents Concerning any written communications, text messages or emails

5   referenced in any draft or final report by the Special Investigation Committee as referenced in

6   paragraphs 67 – 68 of the Second Amended Complaint.

7   **OBJECTIONS AND RESPONSE:**

8           Plaintiff incorporates each of its General Objections and Objections to Definitions and

9   Instructions as if fully set forth herein.

10          Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

11  which are subject to more than one reasonable interpretation:  "all Documents

12  Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given

13  the context.  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

14  purports to request the production of "all" or "each and every" document in the requested category

15  of documents.  Such a request for all documents is unduly burdensome in particular given the

16  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

17  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

18  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

19  reasonable list of custodians whose job responsibilities would indicate that they were in possession

20  of potentially responsive information.   Plaintiff objects to this request to the extent it purports to

21  request the production of information subject to the attorney-client privilege, the work product

22  doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the

23  extent it purports to request information that is neither relevant to the subject matter of this lawsuit

24  nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this

25  request to the extent that it purports to request information that is outside of the possession, custody

26  or control of Plaintiff.

27  Plaintiff objects to this request to the extent it purports to request information that is in the

28  possession, custody or control of third parties to this lawsuit and not within the possession, custody

and control of Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.    Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 86:**

Please produce each and every written or recorded statement, deposition transcript, affidavit, affirmation or declaration, or UEC Board Meeting Minutes Concerning the Special Investigation Committee that UEC, or anyone on its behalf has obtained.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "recorded statement."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.    Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to

lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it is not reasonably limited to a time period relevant to the causes of action and claims at issue in this lawsuit.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 87:**

Please produce all Documents Concerning communications between UEC and Mr. Yoshinao Negishi from January 1, 2017 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate

that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 88:**

Please produce all Documents Concerning communications between Mr. Fujimoto and Mr. Yoshinao Negishi from January 1, 2017 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in

particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 89:**

Please produce all Documents Concerning communications between UEC and Ms. Joanna Ip from January 1, 2017 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome

inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 90:**

Please produce all Documents Concerning communications between UEC and Tiger Resorts Asia Limited from January 1, 2017 to the present Concerning the Special Investigation Committee report which is referenced in paragraph 68 of the Second Amended Complaint.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 91:**

Please produce all Documents from UEC's Internal Audit Office from January 1, 2015 to present Concerning any subject matters that are contained in the Special Investigation Committee report which is referenced in paragraph 68 of the Second Amended Complaint.

**OBJECTIONS AND RESPONSE:**

APP152

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and "any subject matters." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 92:**

Please produce all Documents Concerning the selection of those persons who worked in UEC's Internal Audit Office as of May 23, 2017.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 93:**

Please produce all Documents from UEC's Board of Corporate Auditors which approved the report made by Mr. Nobuyoshi Ichikura at UEC's Extraordinary Board Meeting held on May 23, 2017.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 94:**

Please produce all Documents Concerning the selection of those persons who served on UEC's Board of Corporate Auditors on May 23, 2017.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and

APP155

1  Instructions as if fully set forth herein.

2       Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

3  which are subject to more than one reasonable interpretation:  "all Documents

4  Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given

5  the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

6  purports to request the production of "all" or "each and every" document in the requested category

7  of documents.  Such a request for all documents is unduly burdensome in particular given the

8  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

9  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

10  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

11  reasonable list of custodians whose job responsibilities would indicate that they were in possession

12  of potentially responsive information.   Plaintiff objects to this request to the extent it purports to

13  request the production of information subject to the attorney-client privilege, the work product

14  doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the

15  extent it purports to request information that is neither relevant to the subject matter of this lawsuit

16  nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this

17  request as overly burdensome to the extent it purports to request documents that are, or should be,

18  within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this

19  request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with

20  other requests propounded by the Defendants.

21       Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

22  search, Plaintiff will produce responsive, non-privileged information within its custody and control

23  to the extent that such information exists.

24

25  **REQUEST NO. 95:**

26  Please produce all Documents Concerning communications between Mr. Fujimoto and Auditor

27  Nobuyoshi Ichikura (or Nobuyoshi Ichigura) from January 1, 2017 to the present Concerning

28  any subject matters that are contained in the Special Investigation Committee report

APP156

1 | which is referenced in paragraph 68 of the Second Amended Complaint.

2 | **OBJECTIONS AND RESPONSE:**

3 |      Plaintiff incorporates each of its General Objections and Objections to Definitions and

4 | Instructions as if fully set forth herein.

5 |      Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

6 | which are subject to more than one reasonable interpretation:  "all Documents Concerning,"

7 | "communications" and "Concerning any subject matter."  Plaintiff will undertake to interpret these

8 | terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly

9 | broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each

10 | and every" document in the requested category of documents.  Such a request for all documents is

11 | unduly burdensome in particular given the extremely broad definitions of "Document" supplied by

12 | Defendants and, consequently, the request purports to require Plaintiff to collect documents from

13 | potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable

14 | investigation that collects responsive documents from a reasonable list of custodians whose job

15 | responsibilities would indicate that they were in possession of potentially responsive

16 | information.   Plaintiff objects to this request to the extent it purports to request the production of

17 | information subject to the attorney-client privilege, the work product doctrine or any other

18 | recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to

19 | request information that is neither relevant to the subject matter of this lawsuit nor reasonably

20 | calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the

21 | extent it purports to request information that is in the possession, custody or control of third parties

22 | to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to

23 | this request to the extent that it purports to request information that is outside of the possession,

24 | custody or control of Plaintiff.   Plaintiff objects to this request as overly burdensome to the extent it

25 | purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

26 |      Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

27 | search, Plaintiff will produce responsive, non-privileged information within its custody and control

28 | to the extent that such information exists.

APP157

**REQUEST NO. 96:**

Please produce all Documents Concerning communications between UEC and the City-Yuwa Partners law firm from January 1, 2015 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and "communications." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control

1  to the extent that such information exists.

2

3  **REQUEST NO. 97:**

4  Please produce all Documents Concerning communications between Mr. Fujimoto and the Special

5  Investigation Committee from January 1, 2017 to the present.

6  **OBJECTIONS AND RESPONSE:**

7          Plaintiff incorporates each of its General Objections and Objections to Definitions and

8  Instructions as if fully set forth herein.

9          Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

10  which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

11  "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage

12  given the context.   Plaintiff objects to this request as overly broad and unduly burdensome

13  inasmuch as it purports to request the production of "all" or "each and every" document in the

14  requested category of documents.  Such a request for all documents is unduly burdensome in

15  particular given the extremely broad definitions of "Document" supplied by Defendants and,

16  consequently, the request purports to require Plaintiff to collect documents from potentially every

17  employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects

18  responsive documents from a reasonable list of custodians whose job responsibilities would indicate

19  that they were in possession of potentially responsive information.   Plaintiff objects to this request

20  to the extent it purports to request the production of information subject to the attorney-client

21  privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff

22  objects to this request to the extent it purports to request information that is neither relevant to the

23  subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

24  evidence.   Plaintiff objects to this request to the extent it purports to request information that is in

25  the possession, custody or control of third parties to this lawsuit and not within the possession,

26  custody and control of Plaintiff.

27  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap

28  in subject matter with other requests propounded by the Defendants.

1   Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

2   search, Plaintiff will produce responsive, non-privileged information within its custody and control

3   to the extent that such information exists.

4

5   **REQUEST NO. 98:**

6   Please produce all Documents Concerning communications between UEC and Mr. Michio

7   Masaki from January 1, 2017 to the present.

8   **OBJECTIONS AND RESPONSE:**

9   Plaintiff incorporates each of its General Objections and Objections to Definitions and

10  Instructions as if fully set forth herein.

11  Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

12  which are subject to more than one reasonable interpretation: "all Documents Concerning" and

13  "communications." Plaintiff will undertake to interpret these terms as they would in ordinary usage

14  given the context. Plaintiff objects to this request as overly broad and unduly burdensome

15  inasmuch as it purports to request the production of "all" or "each and every" document in the

16  requested category of documents. Such a request for all documents is unduly burdensome in

17  particular given the extremely broad definitions of "Document" supplied by Defendants and,

18  consequently, the request purports to require Plaintiff to collect documents from potentially every

19  employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects

20  responsive documents from a reasonable list of custodians whose job responsibilities would indicate

21  that they were in possession of potentially responsive information. Plaintiff objects to this request

22  to the extent it purports to request the production of information subject to the attorney-client

23  privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff

24  objects to this request to the extent it purports to request information that is neither relevant to the

25  subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

26  evidence. Plaintiff objects to this request to the extent it purports to request information that is in

27  the possession, custody or control of third parties to this lawsuit and not within the possession,

28  custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 99:**

Please produce all Documents Concerning communications between UEC and Mr. Sotaro Matsuo from January 1, 2017 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in

1  the possession, custody or control of third parties to this lawsuit and not within the possession,

2  custody and control of Plaintiff.

3  Plaintiff objects to this request to the extent that it purports to request information that is outside of

4  the possession, custody or control of Plaintiff.

5      Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

6  search, Plaintiff will produce responsive, non-privileged information within its custody and control

7  to the extent that such information exists.

8

9  **REQUEST NO. 100:**

10  Please produce all Documents Concerning communications between UEC and Mr. Miya Fukayama

11  from January 1, 2017 to the present.

12  **OBJECTIONS AND RESPONSE:**

13      Plaintiff incorporates each of its General Objections and Objections to Definitions and

14  Instructions as if fully set forth herein.

15      Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

16  which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

17  "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage

18  given the context.   Plaintiff objects to this request as overly broad and unduly burdensome

19  inasmuch as it purports to request the production of "all" or "each and every" document in the

20  requested category of documents.  Such a request for all documents is unduly burdensome in

21  particular given the extremely broad definitions of "Document" supplied by Defendants and,

22  consequently, the request purports to require Plaintiff to collect documents from potentially every

23  employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects

24  responsive documents from a reasonable list of custodians whose job responsibilities would indicate

25  that they were in possession of potentially responsive information.   Plaintiff objects to this request

26  to the extent it purports to request the production of information subject to the attorney-client

27  privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff

28  objects to this request to the extent it purports to request information that is neither relevant to the

1   subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

2   evidence.   Plaintiff objects to this request to the extent it purports to request information that is in

3   the possession, custody or control of third parties to this lawsuit and not within the possession,

4   custody and control of Plaintiff.

5   Plaintiff objects to this request to the extent that it purports to request information that is outside of

6   the possession, custody or control of Plaintiff.

7            Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

8   search, Plaintiff will produce responsive, non-privileged information within its custody and control

9   to the extent that such information exists.

10

11  **REQUEST NO. 101:**

12  Please produce all Documents Concerning communications between UEC and Mr. Takahiro

13  Usui from January 1, 2017 to the present.

14  **OBJECTIONS AND RESPONSE:**

15           Plaintiff incorporates each of its General Objections and Objections to Definitions and

16  Instructions as if fully set forth herein.

17           Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

18  which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

19  "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage

20  given the context.   Plaintiff objects to this request as overly broad and unduly burdensome

21  inasmuch as it purports to request the production of "all" or "each and every" document in the

22  requested category of documents.  Such a request for all documents is unduly burdensome in

23  particular given the extremely broad definitions of "Document" supplied by Defendants and,

24  consequently, the request purports to require Plaintiff to collect documents from potentially every

25  employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects

26  responsive documents from a reasonable list of custodians whose job responsibilities would indicate

27  that they were in possession of potentially responsive information.   Plaintiff objects to this request

28  to the extent it purports to request the production of information subject to the attorney-client

APP163

privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 102:**

Please produce all Documents Concerning communications between Mr. Fujimoto and Ms. Takako Okada from January 1, 2017 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate

APP164

that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 103:**

Please produce all Documents Concerning communications between Mr. Fujimoto and Mr. Kenshi Asano from January 1, 2017 to the present Concerning the Special Investigation Committee, Okada Holdings or Mr. Kazuo Okada.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and,

consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 104:**

Please produce all Documents Concerning communications between Mr. Fujimoto and Ms. Takako Okada (and/or Ms. Sachiko Okada) from January 1, 2017 to the present Concerning the Special Investigation Committee, Okada Holdings or Mr. Okada.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome

inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 105:**

Please produce all Documents Concerning communications between Mr. Fujimoto and Mr. Hajime Tokuda from January 1, 2017 to the present Concerning the Special Investigation Committee, Okada Holdings or Mr. Okada.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

APP167

which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

"communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage

given the context.    Plaintiff objects to this request as overly broad and unduly burdensome

inasmuch as it purports to request the production of "all" or "each and every" document in the

requested category of documents.  Such a request for all documents is unduly burdensome in

particular given the extremely broad definitions of "Document" supplied by Defendants and,

consequently, the request purports to require Plaintiff to collect documents from potentially every

employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects

responsive documents from a reasonable list of custodians whose job responsibilities would indicate

that they were in possession of potentially responsive information.    Plaintiff objects to this request

to the extent it purports to request the production of information subject to the attorney-client

privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff

objects to this request to the extent it purports to request information that is neither relevant to the

subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

evidence.   Plaintiff objects to this request to the extent it purports to request information that is in

the possession, custody or control of third parties to this lawsuit and not within the possession,

custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of

the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

search, Plaintiff will produce responsive, non-privileged information within its custody and control

to the extent that such information exists.

**REQUEST NO. 106:**

Please produce all Documents Concerning communications between Mr. Fujimoto and Mr.

Masayoshi Miyanaga from January 1, 2017 to the present Concerning the Special Investigation

Committee, Okada Holdings or Mr. Okada.

/ /

APP168

Case 2:18-cv-00585-RFB-NJK   Document 182-6   Filed 04/01/20   Page 109 of 146

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and "communications." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

/ /

/ /

108

APP169

**REQUEST NO. 107:**

Please produce all Documents Concerning communications between Mr. Fujimoto and Mr. Seisui Kamigaki from January 1, 2017 to the present Concerning the Special Investigation Committee, Okada Holdings or Mr. Okada.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and "communications." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

109

search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 108:**

Please produce all Documents Concerning communications between Mr. Fujimoto and Mr. Yoshio Otani from January 1, 2017 to the present Concerning the Special Investigation Committee, Okada Holdings or Mr. Okada.

**OBJECTIONS AND RESPONSE:**

  Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

  Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and "communications." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

APP171

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 109:**

Please produce all Documents Concerning communications between UEC and Deutsche Bank from January 1, 2017 to the present Concerning the Special Investigation Committee, Okada Holdings or Mr. Okada.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 110:**

Please produce all cellular telephone records for Mr. Fujimoto from January 1, 2017 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all cellular telephone records."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit

APP173

nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 111:**

Please produce all Documents Concerning plans by UEC to pursue an Initial Public Offering of its casino resort business in the Philippines.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff

1   objects to this request to the extent it purports to request information that is neither relevant to the

2   subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

3   evidence.   Plaintiff objects to this request to the extent it purports to request information that is in

4   the possession, custody or control of third parties to this lawsuit and not within the possession,

5   custody and control of Plaintiff.

6   Plaintiff objects to this request to the extent that it purports to request information that is outside of

7   the possession, custody or control of Plaintiff.   Plaintiff objects to this request to the extent that it is

8   not reasonably limited to a time period relevant to the causes of action and claims at issue in this

9   lawsuit.

10          Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

11   search, Plaintiff will produce responsive, non-privileged information within its custody and control

12   to the extent that such information exists.

13

14                                  *Okada Holdings Takeover*

15   **REQUEST NO. 112:**

16   Please produce each and every written or recorded statement, deposition transcript, affidavit,

17   affirmation or declaration Concerning Okada Holdings, from the period of January 1, 2015 to

18   present, that UEC, or anyone on its behalf, has obtained.

19   **OBJECTIONS AND RESPONSE:**

20          Plaintiff incorporates each of its General Objections and Objections to Definitions and

21   Instructions as if fully set forth herein.

22          Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

23   which are subject to more than one reasonable interpretation:  "recorded statement."  Plaintiff will

24   undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff

25   objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the

26   production of "all" or "each and every" document in the requested category of documents.  Such a

27   request for all documents is unduly burdensome in particular given the extremely broad definitions

28   of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff

to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 113:**

Please produce all Documents Concerning communications between UEC and Mr. Tomohiro Okada including, but not limited to those Documents, Concerning the Okada Holdings Takeover or any activities of Mr. Okada.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the

APP176

requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 114:**

Please produce all Documents Concerning communications between Mr. Fujimoto and Mr. Tomohiro Okada including, but not limited to those Documents, Concerning the Okada Holdings Takeover or any activities of Mr. Okada.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

APP177

"communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 115:**

Please produce all Documents Concerning communications between UEC and Mr. Makoto Takada including, but not limited to, those Documents Concerning the Okada Holdings Takeover.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

APP178

1    Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

2  which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

3  "communications."   Plaintiff will undertake to interpret these terms as they would in ordinary

4  usage given the context.    Plaintiff objects to this request as overly broad and unduly burdensome

5  inasmuch as it purports to request the production of "all" or "each and every" document in the

6  requested category of documents.  Such a request for all documents is unduly burdensome in

7  particular given the extremely broad definitions of "Document" supplied by Defendants and,

8  consequently, the request purports to require Plaintiff to collect documents from potentially every

9  employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects

10  responsive documents from a reasonable list of custodians whose job responsibilities would indicate

11  that they were in possession of potentially responsive information.   Plaintiff objects to this request

12  to the extent it purports to request the production of information subject to the attorney-client

13  privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff

14  objects to this request to the extent it purports to request information that is neither relevant to the

15  subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

16  evidence.   Plaintiff objects to this request to the extent it purports to request information that is in

17  the possession, custody or control of third parties to this lawsuit and not within the possession,

18  custody and control of Plaintiff.

19  Plaintiff objects to this request to the extent that it purports to request information that is outside of

20  the possession, custody or control of Plaintiff.

21    Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

22  search, Plaintiff will produce responsive, non-privileged information within its custody and control

23  to the extent that such information exists.

24

25  **REQUEST NO. 116:**

26  Please produce all Documents Concerning communications between Mr. Fujimoto and Mr. Makoto

27  Takada from January 1, 2017 to the present including, but not limited to, those Documents

28  Concerning the Okada Holdings Takeover.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and "communications." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

/ /

/ /

**REQUEST NO. 117:**

Please produce all Documents Concerning communications between UEC and Mr. Atsunobu Ishida, including, but not limited to, those Documents Concerning the Okada Holdings Takeover.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and "communications." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control

1  to the extent that such information exists.

2

3  **REQUEST NO. 118:**

4  Please produce all Documents Concerning communications between Mr. Fujimoto and Mr.

5  Atsunobu Ishida, including, but not limited to, those Documents Concerning the Okada Holdings

6  Takeover.

7  **OBJECTIONS AND RESPONSE:**

8        Plaintiff incorporates each of its General Objections and Objections to Definitions and

9  Instructions as if fully set forth herein.

10        Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

11  which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

12  "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage

13  given the context.   Plaintiff objects to this request as overly broad and unduly burdensome

14  inasmuch as it purports to request the production of "all" or "each and every" document in the

15  requested category of documents.  Such a request for all documents is unduly burdensome in

16  particular given the extremely broad definitions of "Document" supplied by Defendants and,

17  consequently, the request purports to require Plaintiff to collect documents from potentially every

18  employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects

19  responsive documents from a reasonable list of custodians whose job responsibilities would indicate

20  that they were in possession of potentially responsive information.   Plaintiff objects to this request

21  to the extent it purports to request the production of information subject to the attorney-client

22  privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff

23  objects to this request to the extent it purports to request information that is neither relevant to the

24  subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

25  evidence.

26  Plaintiff objects to this request to the extent it purports to request information that is in the

27  possession, custody or control of third parties to this lawsuit and not within the possession, custody

28  and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to request

APP182

1  information that is outside of the possession, custody or control of Plaintiff.

2      Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

3  search, Plaintiff will produce responsive, non-privileged information within its custody and control

4  to the extent that such information exists.

5

6  **REQUEST NO. 119:**

7  Please produce all Documents Concerning communications between Mr. Fujimoto, or anyone on

8  his behalf, and Hiromi Okada from January 1, 2017 to the present.

9  **OBJECTIONS AND RESPONSE:**

10     Plaintiff incorporates each of its General Objections and Objections to Definitions and

11 Instructions as if fully set forth herein.

12     Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

13 which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

14 "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage

15 given the context.   Plaintiff objects to this request as overly broad and unduly burdensome

16 inasmuch as it purports to request the production of "all" or "each and every" document in the

17 requested category of documents.  Such a request for all documents is unduly burdensome in

18 particular given the extremely broad definitions of "Document" supplied by Defendants and,

19 consequently, the request purports to require Plaintiff to collect documents from potentially every

20 employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects

21 responsive documents from a reasonable list of custodians whose job responsibilities would indicate

22 that they were in possession of potentially responsive information.   Plaintiff objects to this request

23 to the extent it purports to request the production of information subject to the attorney-client

24 privilege, the work product doctrine or any other recognized privilege or immunity.   Plaintiff

25 objects to this request to the extent it purports to request information that is neither relevant to the

26 subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

27 evidence.  Plaintiff objects to this request to the extent it purports to request information that is in

28 the possession, custody or control of third parties to this lawsuit and not within the possession,

APP183

1   custody and control of Plaintiff.

2   Plaintiff objects to this request to the extent that it purports to request information that is outside of

3   the possession, custody or control of Plaintiff.

4          Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

5   search, Plaintiff will produce responsive, non-privileged information within its custody and control

6   to the extent that such information exists.

7

8   **REQUEST NO. 120:**

9   Please produce all Documents Concerning communications between UEC, or anyone on its behalf,

10  and Hiromi Okada from January 1, 2017 to the present.

11  **OBJECTIONS AND RESPONSE:**

12          Plaintiff incorporates each of its General Objections and Objections to Definitions and

13  Instructions as if fully set forth herein.

14          Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

15  which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

16  "communications."   Plaintiff objects to this request as overly broad and unduly burdensome

17  inasmuch as it purports to request the production of "all" or "each and every" document in the

18  requested category of documents.  Such a request for all documents is unduly burdensome in

19  particular given the extremely broad definitions of "Document" supplied by Defendants and,

20  consequently, the request purports to require Plaintiff to collect documents from potentially every

21  employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects

22  responsive documents from a reasonable list of custodians whose job responsibilities would indicate

23  that they were in possession of potentially responsive information.   Plaintiff objects to this request

24  to the extent it purports to request the production of information subject to the attorney-client

25  privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff

26  objects to this request to the extent it purports to request information that is neither relevant to the

27  subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

28  evidence.   Plaintiff objects to this request to the extent it purports to request information that is in

the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 121:**

Please produce all Documents that specifically reference Hiromi Okada (including but not limited to Documents containing her name in Japanese) from January 1, 2017 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

APP185

evidence.

Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 122:**

In a UEC Press Release dated May 31, 2017 entitled "Proposed Change of Board members," it states that UEC has "received notice from Okada Holdings Limited which owns 67.90% of the voting rights of the Company, stating its intention to approve the proposed candidates for Directors as listed above at the 44th Ordinary General Meeting of Shareholders." Please produce a copy of all Documents Concerning this notice that UEC received from Okada Holdings.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning this notice."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession

APP186

of potentially responsive information.   Plaintiff objects to this request to the extent it purports to

request the production of information subject to the attorney-client privilege, the work product

doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the

extent it purports to request information that is neither relevant to the subject matter of this lawsuit

nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this

request to the extent it purports to request information that is in the possession, custody or control of

third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff

objects to this request to the extent that it purports to request information that is outside of the

possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

search, Plaintiff will produce responsive, non-privileged information within its custody and control

to the extent that such information exists.


**REQUEST NO. 123:**

From January 1, 2017 to present, please produce all Documents Concerning communications

between UEC (or person or entity on its behalf) and any government organizations (including but

not limited to the Hong Kong Independent Commission Against Corruption) Concerning allegations

that Mr. Okada has engaged in any improper or illegal activities.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and

Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

which are subject to more than one reasonable interpretation:  "all Documents Concerning" and

"communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage

given the context.   Plaintiff objects to this request as overly broad and unduly burdensome

inasmuch as it purports to request the production of "all" or "each and every" document in the

requested category of documents.  Such a request for all documents is unduly burdensome in

particular given the extremely broad definitions of "Document" supplied by Defendants and,

consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 124:**

From January 1, 2017 to present, please produce all Documents Concerning legal filings by UEC (or person or entity on its behalf) Concerning allegations that Mr. Okada has engaged in any improper or illegal activities.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning legal filings."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

APP188

purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.


**REQUEST NO. 125:**

From January 1, 2011 to present, please produce all Documents concerning any UEC resolutions (including but not limited to any UEC written corporate resolutions involving Tiger Resorts Asia Limited) Concerning allegations contained in the report by the Special Investigation Committee which is referenced in paragraph 68 of the Second Amended Complaint.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

APP189

which are subject to more than one reasonable interpretation:  "all Documents

concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given

the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

purports to request the production of "all" or "each and every" document in the requested category

of documents.  Such a request for all documents is unduly burdensome in particular given the

extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

reasonable list of custodians whose job responsibilities would indicate that they were in possession

of potentially responsive information.   Plaintiff objects to this request to the extent it purports to

request the production of information subject to the attorney-client privilege, the work product

doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the

extent it purports to request information that is neither relevant to the subject matter of this lawsuit

nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this

request to the extent it purports to request information that is in the possession, custody or control of

third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff

objects to this request to the extent it purports to request information that is within the public

domain and accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this

request to the extent that it is not reasonably limited to a time period relevant to the causes of action

and claims at issue in this lawsuit.

Plaintiff objects to this request to the extent that it purports to request information that is outside of

the possession, custody or control of Plaintiff.   Plaintiff objects to this request as overly

burdensome to the extent it purports to request documents that are, or should be, within the

possession custody and control of one or more of the Defendants.   Plaintiff objects to this request

as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

search, Plaintiff will produce responsive, non-privileged information within its custody and control

1 │ to the extent that such information exists.

2 │

3 │ ***UEC Financials/Board Compensation***

4 │ **REQUEST NO. 126:**

5 │ Per a statement from Mr. Yoshinao Negishi, dated June 23, 2017, it states that "with respect to the

6 │ compensation for directors of UE, UE has a prescribed calculation standard for performance-linked

7 │ compensation. After reappointment of a director at the shareholder's general meeting of UE held in

8 │ June of every year, the amount of compensation to be paid to a director is determined based on the

9 │ performance of the previous business year according to this standard." Please produce a copy of any

10 │ Documents Concerning this UEC director compensation standard from January 1, 2015 to present.

11 │ **OBJECTIONS AND RESPONSE:**

12 │        Plaintiff incorporates each of its General Objections and Objections to Definitions and

13 │ Instructions as if fully set forth herein.

14 │        Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

15 │ which are subject to more than one reasonable interpretation:  "any Documents

16 │ Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given

17 │ the context.    Plaintiff objects to this request to the extent it purports to request the production of

18 │ information subject to the attorney-client privilege, the work product doctrine or any other

19 │ recognized privilege or immunity.

20 │ Plaintiff objects to this request to the extent it purports to request information that is neither relevant

21 │ to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible

22 │ evidence.   Plaintiff objects to this request to the extent it purports to request information that is in

23 │ the possession, custody or control of third parties to this lawsuit and not within the possession,

24 │ custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to

25 │ request information that is outside of the possession, custody or control of Plaintiff.   Plaintiff

26 │ objects to this request as overly burdensome to the extent it purports to request documents that are,

27 │ or should be, within the possession custody and control of one or more of the Defendants.

28 │        Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 127:**

Please produce all Documents showing the compensation paid by UEC to Mr. Fujimoto from January 1, 2015 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents showing." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff. Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants. Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

APP192

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 128:**

Please produce all Documents showing the compensation paid by UEC to Mr. Hajime Tokuda from January 1, 2015 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents showing."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.    Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of

APP193

1   Plaintiff.

2        Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

3   search, Plaintiff will produce responsive, non-privileged information within its custody and control

4   to the extent that such information exists.

5

6   **REQUEST NO. 129:**

7   Please produce all Documents showing the compensation paid by UEC to Ms. Takako Okada from

8   January 1, 2015 to the present.

9   **OBJECTIONS AND RESPONSE:**

10       Plaintiff incorporates each of its General Objections and Objections to Definitions and

11  Instructions as if fully set forth herein.

12       Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

13  which are subject to more than one reasonable interpretation: "all Documents showing."  Plaintiff

14  will undertake to interpret these terms as they would in ordinary usage given the context.    Plaintiff

15  objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the

16  production of "all" or "each and every" document in the requested category of documents.  Such a

17  request for all documents is unduly burdensome in particular given the extremely broad definitions

18  of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff

19  to collect documents from potentially every employee, agent or attorney of Plaintiff rather than

20  conduct a reasonable investigation that collects responsive documents from a reasonable list of

21  custodians whose job responsibilities would indicate that they were in possession of potentially

22  responsive information.   Plaintiff objects to this request to the extent it purports to request

23  information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to

24  lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it

25  purports to request information that is in the possession, custody or control of third parties to this

26  lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this

27  request to the extent it purports to request information that is within the public domain and

28  accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this request to the

APP194

extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 130:**

Please produce all Documents showing the compensation paid by UEC to Mr. Shimizu Kamigaki from January 1, 2015 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents showing." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff. Plaintiff objects to this request to the extent it purports to request information that is within the public domain and

APP195

accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 131:**

Please produce all Documents showing the compensation paid by UEC to Mr. Yoshio Otani from January 1, 2015 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents showing."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.    Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this

APP196

request to the extent it purports to request information that is within the public domain and accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 132:**

Please produce all Documents showing the compensation paid by UEC to Mr. Yoshinao Negishi from January 1, 2015 to the present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents showing."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this

APP197

1   lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this

2   request to the extent it purports to request information that is within the public domain and

3   accordingly is at least as easily obtained by the Defendants.   Plaintiff objects to this request to the

4   extent that it purports to request information that is outside of the possession, custody or control of

5   Plaintiff.

6           Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

7   search, Plaintiff will produce responsive, non-privileged information within its custody and control

8   to the extent that such information exists.

9

10  **REQUEST NO. 133:**

11  Please produce all Documents Concerning legal fees paid by UEC to lawyers for Tomohiro

12  Okada from January 1, 2017 to present.

13  **OBJECTIONS AND RESPONSE:**

14          Plaintiff incorporates each of its General Objections and Objections to Definitions and

15  Instructions as if fully set forth herein.

16          Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

17  which are subject to more than one reasonable interpretation:  "all Documents

18  Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given

19  the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

20  purports to request the production of "all" or "each and every" document in the requested category

21  of documents.  Such a request for all documents is unduly burdensome in particular given the

22  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

23  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

24  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

25  reasonable list of custodians whose job responsibilities would indicate that they were in possession

26  of potentially responsive information.   Plaintiff objects to this request to the extent it purports to

27  request the production of information subject to the attorney-client privilege, the work product

28  doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the

extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 134:**

Please produce all Documents Concerning monies paid by UEC to Tomohiro Okada to reimburse him for any costs, including any legal fees, incurred by him from January 1, 2017 to present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.   Plaintiff objects to this request to the extent it purports to

APP199

request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.   Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

*Indemnification*

**REQUEST NO. 135:**

Please produce all Documents Concerning communications between UEC and Wynn Resorts, Limited from January 29, 2017 to March 31, 2018 Concerning the Wynn Litigation.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation:  "all Documents Concerning" and "communications."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context.   Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects

APP200

responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects to this request to the extent it purports to request information that is in the possession, custody or control of third parties to this lawsuit and not within the possession, custody and control of Plaintiff.

Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of Plaintiff. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 136:**

Please produce all Documents Concerning indemnification by UEC and/or Aruze of Okada in the Wynn Litigation.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "all Documents Concerning" and "indemnification." Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the

APP201

1  requested category of documents.  Such a request for all documents is unduly burdensome in
2  particular given the extremely broad definitions of "Document" supplied by Defendants and,
3  consequently, the request purports to require Plaintiff to collect documents from potentially every
4  employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects
5  responsive documents from a reasonable list of custodians whose job responsibilities would indicate
6  that they were in possession of potentially responsive information.   Plaintiff objects to this request
7  to the extent it purports to request the production of information subject to the attorney-client
8  privilege, the work product doctrine or any other recognized privilege or immunity.    Plaintiff
9  objects to this request to the extent it purports to request information that is neither relevant to the
10  subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible
11  evidence.   Plaintiff objects to this request to the extent it purports to request information that is in
12  the possession, custody or control of third parties to this lawsuit and not within the possession,
13  custody and control of Plaintiff.
14  Plaintiff objects to this request to the extent that it purports to request information that is outside of
15  the possession, custody or control of Plaintiff.   Plaintiff objects to this request to the extent it
16  requires a legal conclusion in order to interpret the request.

17      Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and
18  search, Plaintiff will produce responsive, non-privileged information within its custody and control
19  to the extent that such information exists.

20

21  **REQUEST NO. 137:**
22  Please produce all Documents Concerning payment by UEC or Aruze of legal fees incurred
23  by UEC or Aruze in the Wynn Litigation.
24  **OBJECTIONS AND RESPONSE:**
25      Plaintiff incorporates each of its General Objections and Objections to Definitions and
26  Instructions as if fully set forth herein.
27      Plaintiff objects to this request as vague and ambiguous in its use of the following terms,
28  which are subject to more than one reasonable interpretation:  "all Documents

Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given

the context.  Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

purports to request the production of "all" or "each and every" document in the requested category

of documents.  Such a request for all documents is unduly burdensome in particular given the

extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

reasonable list of custodians whose job responsibilities would indicate that they were in possession

of potentially responsive information.   Plaintiff objects to this request to the extent it purports to

request the production of information subject to the attorney-client privilege, the work product

doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the

extent it purports to request information that is neither relevant to the subject matter of this lawsuit

nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this

request to the extent it purports to request information that is in the possession, custody or control of

third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff

objects to this request to the extent that it purports to request information that is outside of the

possession, custody or control of Plaintiff.   Plaintiff objects to this request to the extent that it is not

reasonably limited to a time period relevant to the causes of action and claims at issue in this

lawsuit.

        Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

search, Plaintiff will produce responsive, non-privileged information within its custody and control

to the extent that such information exists.


**REQUEST NO. 138:**

Please produce all Documents Concerning payment by UEC or Aruze of legal fees incurred

by Okada in the Wynn Litigation.

**OBJECTIONS AND RESPONSE:**

        Plaintiff incorporates each of its General Objections and Objections to Definitions and

APP203

1    Instructions as if fully set forth herein.

2         Plaintiff objects to this request as vague and ambiguous in its use of the following terms,

3    which are subject to more than one reasonable interpretation:  "all Documents

4    Concerning."  Plaintiff will undertake to interpret these terms as they would in ordinary usage given

5    the context.    Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

6    purports to request the production of "all" or "each and every" document in the requested category

7    of documents.  Such a request for all documents is unduly burdensome in particular given the

8    extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

9    purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

10   of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

11   reasonable list of custodians whose job responsibilities would indicate that they were in possession

12   of potentially responsive information.   Plaintiff objects to this request to the extent it purports to

13   request the production of information subject to the attorney-client privilege, the work product

14   doctrine or any other recognized privilege or immunity.    Plaintiff objects to this request to the

15   extent it purports to request information that is neither relevant to the subject matter of this lawsuit

16   nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff objects to this

17   request to the extent it purports to request information that is in the possession, custody or control of

18   third parties to this lawsuit and not within the possession, custody and control of Plaintiff.   Plaintiff

19   objects to this request to the extent that it purports to request information that is outside of the

20   possession, custody or control of Plaintiff.   Plaintiff objects to this request to the extent that it is not

21   reasonably limited to a time period relevant to the causes of action and claims at issue in this

22   lawsuit.

23        Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

24   search, Plaintiff will produce responsive, non-privileged information within its custody and control

25   to the extent that such information exists.

26

27

28

143

1    RESPECTFULLY SUBMITTED this 29th day of October, 2018.

2

3                                        By: /s/ Andrew Z. Weaver
4                                            Jay J. Schuttert, Esq.
                                             Nevada Bar No. 8656
5                                            David W. Gutke, Esq.
                                             Nevada Bar No. 9820
6                                            EVANS FEARS & SCHUTTERT
                                             LLP
7                                            2300 West Sahara Avenue, Suite 900
                                             Las Vegas, NV 89102
8                                            Telephone: (702) 805-0290
                                             Facsimile: (702) 805-0291

9                                            Andrew Weaver (pro hac vice)
10                                           Polsinelli PC
                                             1000 Louisiana Street, 64th Floor
11                                           Houston, TX 77002
                                             Telephone: (713) 374-1600
12                                           Facsimile: (713) 374-1601
                                             ATTORNEYS FOR PLAINTIFF

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APP205

**CERTIFICATE OF SERVICE**

I certify that on the 29th day of October, 2018, a true and correct copy of the foregoing **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-138)** was served by the following method(s):


☑      Email:  by electronically delivering a copy to the following email address:
J. Stephen Peek, Esq. – speek@hollandhart.com
Bryce K. Kunimoto, Esq. – bkunimoto@hollandhart.com
Robert J. Cassity, Esq. – bcassity@hollandhart.com
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

*Attorneys for Defendants Aruze Gaming America and Kazuo Okada*


Jeffrey S. Love, Esq. – Jeffrey.love@klarquist.com
Kristin L. Cleveland, Esq. – Kristin.cleveland@klarquist.com
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204

*Attorneys for Defendant Aruze Gaming America, Inc.*


                                        /s/ Faith B. Radford
                                        An Employee of Evans Fears & Schuttert LLP

APP206