# EXHIBIT G

Plaintiff's Objections and Responses to Defendants' Second Requests for Production of Documents (Nos. 139 – 163), served November 28, 2018

# EXHIBIT G

Jay J. Schuttert, Esq.
Nevada Bar No. 8656
David W. Gutke, Esq.
Nevada Bar No. 9820
EVANS FEARS & SCHUTTERT LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89101
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
Email: jschuttert@efstriallaw.com
Email: dgutke@efstriallaw.com

Andrew Weaver (*pro hac vice*)
POLSINELLI PC
1000 Louisiana Street, 64th Floor
Houston, TX 77002
Telephone (713) 374-1600
Facsimile (713) 374-1601
Email: aweaver@polsinelli.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual<br><br>Defendants. | CASE NO.:  2:18-CV-585 (RFB) (GWF)<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 139 – 163)** |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 139 – 163)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Universal Entertainment Corp. ("UEC" or "Plaintiff") hereby submits the following Objections and Responses to "Aruze Gaming America, Inc. and Kazuo Okada's Requests for Production of Documents (Second Set)."  Other parties that have been named by Defendants' in its Counterclaims have not filed a Reply or otherwise moved pursuant to Rule 12.  Accordingly, these parties are not under any obligation to provide objections and responses or to produce any information at this time. Therefore, the below objections and responses and any documents produced pursuant hereto are on behalf of Plaintiff Universal Entertainment Corp. alone.

These objections and responses are made on the basis of information currently available and without prejudice to the right to produce evidence of any subsequently discovered fact or information, to add, modify or otherwise change, amend or supplement its response as appropriate or to correct any inadvertent errors, mistakes or omissions.

## GENERAL OBJECTIONS

1. Plaintiff incorporates by reference these General Objections into each and every specific response below.  From time to time a specific response may repeat a General Objection for emphasis or for other reasons.  The omission of any General Objection in any specific response to a Request for Production is not intended to be and should not be construed as a waiver or limitation of any General Objection to that response.  The inclusion of any specific objection in a specific response to a Request for Production is not intended to be and should not be construed as a waiver or limitation of any General Objection or specific objection made herein or that may be asserted at another date.

2. Plaintiff objects to the Instructions and Definitions, to the extent they seek to impose any requirement or discovery obligation on Plaintiff greater or different than those imposed by the Court, the Federal Rules of Civil Procedure and/or the Local Rules of Practice in Civil Proceedings before the United States District Court for the District of Nevada ("Local Rules").

3. Plaintiff objects to the Instructions and Definitions to the extent they seek information or documents protected, privileged, immune or otherwise exempt from discovery pursuant to the Court, the Federal Rules of Civil Procedure, the Local Rules or any other applicable

1

rule, decision, or law, including the attorney-client privilege, and the work product doctrine.  The provision of any privileged information or document by Plaintiff is unintentional, and Plaintiff does not intend to waive any applicable objection or privilege as a result of such production.

4.      Plaintiff objects to the Instructions and Definitions to the extent that they seek information or documents covered under a privilege for trade secrets and other confidential and proprietary information.  Plaintiff will identify such documents only subject to the terms of the Protective Order entered in this case to protect the confidential nature of such information and documents.

5.      Plaintiff objects to the Instructions and Definitions to the extent they seek information for time periods beyond those relevant to the issues in this case as overly broad, unduly burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and otherwise beyond the scope of discovery under the Federal Rules of Civil Procedure and/or the Local Rules.

6.      Plaintiff objects to the Requests for Production to the extent they constitute an abuse of process, particularly when the Request is unduly burdensome in view of the cost necessary to investigate and comply weighed against Defendants' need for information.

7.      Plaintiff objects to the Requests for Production as unduly burdensome to the extent that they seek information already in the possession, custody or control of the Defendants.

8.      Plaintiff objects to the Definitions and Instructions to the extent that they seek information or documents not within Plaintiff's knowledge, possession, custody or control.

9.      Plaintiff objects to the Requests for Production to the extent that they seek the discovery of information that is within the possession, custody or control of third parties.

10.     Plaintiff objects to the Requests for Production as unduly burdensome to the extent that they seek information available from public sources, which can be readily accessed by Defendants.

11.     Plaintiff objects to the Requests for Production to the extent they seek information or documents to the extent that it is neither relevant to this case nor reasonably calculated to lead to the discovery of admissible evidence.

APP210

12.     Plaintiff objects to the Requests for Production to the extent they seek identification of "all" or "every" fact, document, and/or persons or to the extent they seek to "fully identify" a person or entity that refers or relates to a particular subject on the grounds of over breadth, undue burden and expense.  Plaintiff is making reasonable searches for information relevant to the issues raised in this case, including documents of the type that are the subject of the Requests for Production.  If any additional responsive, non-privileged, non-immune, relevant information is discovered in the course of any further or continuing searches, it will be identified and/or produced in accordance with the Federal Rules of Civil Procedure and/or the Local Rules.

13.     Plaintiff objects to the Requests for Production to the extent they call for a legal opinion or conclusion in formulating a response.  Any response or production of information by Plaintiff shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in the discovery requests.

14.     Plaintiff objects to the Requests for Production to the extent that they call for the production of information subject to the Attorney-Client Privilege, Work Product Doctrine or any other similar privilege or immunity from production under the laws of the United States or any foreign jurisdiction, as applicable.

15.     Plaintiff objects to the Requests for Production to the extent that they purport to request information from parties other than Plaintiff Universal Entertainment Corp. Other parties named in Defendants' Counterclaims have, at the time this document was served, not filed a Reply or otherwise moved the Court pursuant to Rule 12 and may in fact not properly be parties to this case's present discovery plan.  Accordingly, these objections and responses are made on behalf of Plaintiff Universal Entertainment Corp. alone and any production of documents or other information pursuant hereto is made on behalf of Plaintiff Universal Entertainment Corp. alone.

## **INSTRUCTIONS AND DEFINITIONS**

1.     Plaintiff/Counter-Defendants' responses to these requests shall comply with FRCP 34(b)(2), in that for all items produced pursuant to these requests, Plaintiff/Counter-Defendants shall "organize and label them to correspond with the categories in the request."

2.     As used in these requests, the following terms are defined as follows:

3

a.     "**AGA**" refers to the Defendant/Counter-Claimant in this action identified as Aruze Gaming America, Inc., including but not limited to its known predecessors, successors, parents, subsidiaries, divisions and affiliates (excluding UEC and Aruze), and each of their respective current and former officers, directors, agents, attorneys, accountants, employees, representatives, partners, consultants, contractors, advisors, and other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on its behalf or under its control.

b.     "**Aruze**" refers to the Counter-Defendant in this action identified as Aruze USA, Inc., including but not limited to its predecessors, successors, parents, subsidiaries, divisions and affiliates (excluding AGA), and each of their respective current and former officers, directors, agents, attorneys, accountants, employees, representatives, partners, consultants, contractors, advisors, and other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on its behalf or under its control.

c.     "**Concerning**" means constituting, relating to, pertaining to, referring to, alluding to, responding to, in connection with, commenting on, in response to, regarding, explaining, discussing, showing, describing, studying, reflecting, analyzing, supporting or contradicting.

d.     "**Document(s)**" or "**Communication(s)**" mean the original, or a copy when the original is not available, and each non-identical copy, including those which are non-identical by reason of notations or markings of: papers, tapes, drives, discs, or other substances on which **Communications**, data, or information is recorded or stored, whether made by manual, mechanical, photographic or electronic process. This definition includes all drafts or superseded revisions of each document. As used herein, "document(s)" and "**Communications**" includes, but is not limited to: e-mail, text messages, books, pamphlets, periodicals, letters, reports, memoranda, handwritten notes, notations, messages, telegrams, cables, records, drafts, diaries, studies, analyses, summaries, magazines, circulars, bulletins, instructions, minutes, photographs, purchase orders, bills, checks, tabulations, calendars, charge slips, questionnaires, surveys, drawings, sketches, working papers, charts, graphs, indexes, taped correspondence, records of purchase of sale, contracts, agreements,

APP212

leases, invoices, expense records, trip reports, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, electronic or other transcriptions or taping of telephone or personal conversations or conferences or any and all other written, printed, typed, punched, taped, filed or graphic matter or tangible thing, of whatever description, however produced or reproduced (including computer stored or generated data, together with instructions and programs necessary to search or retrieve such data), and shall include all attachments and enclosures to any requested item, which shall not be separated from the item to which they are attached or enclosed. "**Documents**" also includes any records maintained by computer or other electronic media, including disk, CD-ROM, DVD or other devices. "**Documents**" include electronically stored information ("ESI") associated with requested documents, including, without limitation email, voicemail, documents, spreadsheets, calendars, and any other information existing in electronic format (e.g. Word, Excel, Outlook, .pdf, .tif, .jpg, .wav). "**Documents**" also includes any physical things.

e.      "**2014 Settlement Agreement**" refers to the Settlement Agreement effective December 26, 2014 between Universal Entertainment Corporation and Aruze Gaming America, Inc. produced as AGA00004887.

f.      "**2015 Letter of Understanding**" refers to the letter of understanding effective December 31, 2015 between Universal Entertainment Corporation and Aruze Gaming America, Inc. produced as AGA00004892.

g.      "**June 8, 2010 UEC Press Release**" refers to the UEC Press Release, dated June 8, 2010, entitled "Announcement Regarding the Variance between the Business Forecast and Actual Results for the Full Fiscal Year Ended March 31, 2010, Posting of Non-operating Loss and Extraordinary Loss and Revision of Dividend Forecast" produced as AGA00005731.

h.      "**UEC**" or "**Plaintiff**" refers to the Plaintiff/Counter-Defendant in this action identified as Universal Entertainment Corporation, including but not limited to its predecessors, successors, parents, subsidiaries, divisions and affiliates, and each of their respective current and former officers, directors, agents, attorneys, accountants, employees, representatives, partners, consultants, contractors, advisors, and other persons occupying similar positions or performing

APP213

similar functions, and all other persons acting or purporting to act on its behalf or under its control.

3.     Words in the singular include their plural meaning, and vice versa. The past tense includes the present tense where the clear meaning is not distorted by a change of tense, and words used in the masculine gender shall include the feminine gender.

4.     The words "and" and "or" shall be individually interpreted in every instance as meaning "and/or" and shall not be interpreted to exclude any information within the scope of any request.

5.     References to persons and other entities include their agents, employees, representatives, and attorneys.

6.     These requests require production of **Documents**, including documents, electronically stored information or things, that are in your possession, custody or control, and **Documents** that are in the possession, custody or control of your agents, employees, accountants, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody or control.

7.     If you contend that you are entitled to withhold from production any or all **Documents** identified herein on the basis of attorney/client privilege, work product doctrine, or other ground, then do the following with respect to each and every document:

   a.     Describe the nature of the document, in sufficient particularity to identify it and to enable you to identify or disclose it in response to an order of the court, including the date and subject matter of such document;

   b.     Identify the person(s) who prepared the document;

   c.     Identify the person(s) who sent and received the original and a copy of the document, or to whom the document was circulated, or its contents communicated or disclosed; and

   d.     State the basis upon which you contend you are entitled to withhold the document from production.

8.     Whenever a document is not produced in full (as, for example, when material is excerpted or redacted from a document), state with particularity the reason or reasons why the

APP214

document was not produced in full, and describe to the best of your knowledge, information, or belief and with as much particularity as possible, those portions of the document that are not produced, including the content or substance of the content thereof.

9.     If **Documents** existed that were responsive to any of these requests, but you contend that such **Documents** no longer exist or are not within your possession, custody or control, then do the following with respect to each and every document:

a.     Describe the nature of the document, in sufficient particularity to identify it and to enable the answering party to identify or disclose it in response to an order of the court, including the date and subject matter of such document;

b.     Identify the person(s) who prepared the document;

c.     Identify the person(s) who sent and received the original and a copy of the document, or to whom the document was circulated, or its contents communicated or disclosed; and

d.     State the circumstances which prevent production of the document.

10.     Electronic records and computerized information shall be produced in an intelligible and readable format and shall be accompanied by a description of the system from which they were obtained, including a description of the database or other software utilized with respect to such data.

11.     Unless otherwise specifically stated, all requests call for production of **Documents** prepared, received, or dated at any time prior to and including the date of production.

12.     With respect to any category of **Documents** whose production you contend is in some way "burdensome" or "oppressive," please state the specific reason for that objection.

13.     These requests are continuing and, to the extent required by the Federal Rules of Civil Procedure, you must promptly produce such additional responsive **Documents** as may hereafter be located or acquired by you.

14.     The answering party shall produce the **Documents** as they are kept in the usual course of business or organize and label the **Documents** to correspond with the categories in these requests. If the original is not in your custody, then you are to produce a copy thereof, and all non-identical copies which differ from the original or from the other copies produced for any reason

APP215

including the making of notes thereon.

15.    These Requests are intended to encompass any electronically stored information or any data or information maintained in any form.

16.    Unless the parties agree otherwise, Defendants/Counter-Claimants request production in the form set forth in the parties ESI Agreement.

## OBJECTIONS AND RESPONSES

**REQUEST NO. 139:**

Please produce all Documents Concerning the 2014 Settlement Agreement, including but not limited to any drafts in English or Japanese.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

APP216

1  **REQUEST NO. 140:**

2  Please produce all Documents Concerning the "corresponding records of UEC" which are

3  referenced in the third "Whereas" clause of the 2014 Settlement Agreement which states: "Whereas,

4  the AGA Group accounting records state the net amount due from the AGA Group to UEC as being

5  substantially higher than the corresponding records of UEC; and" (emphasis added).

6  **OBJECTIONS AND RESPONSE:**

7     Plaintiff incorporates each of its General Objections and its Objections to Definitions and

8  Instructions as if fully set forth herein.

9     Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

10  purports to request the production of "all" or "each and every" document in the requested category

11  of documents.  Such a request for all documents is unduly burdensome in particular given the

12  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

13  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

14  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

15  reasonable list of custodians whose job responsibilities would indicate that they were in possession

16  of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

17  request the production of information subject to the attorney-client privilege, the work product

18  doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request as overly

19  burdensome to the extent it purports to request documents that are, or should be, within the

20  possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as

21  overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

22  requests propounded by the Defendants.

23     Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

24  search, Plaintiff will produce responsive, non-privileged information within its custody and control

25  to the extent that such information exists.

26

27  **REQUEST NO. 141:**

28  Please produce all Documents Concerning the Japanese version of the third "Whereas" clause of the

2014 Settlement Agreement where the English translation states: "Whereas, the AGA Group accounting records state the net amount due from the AGA Group to UEC as being substantially higher than the corresponding records of UEC; and."

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 142:**

Please produce all Documents Concerning UEC's "payables and receivables [and] Debts" which is referenced in the fourth "Whereas" clause of the 2014 Settlement Agreement which states: "Whereas, the Parties wish to offset their respective payables and receivables, Debts, and

APP218

consolidate the net amount due onto one note, this Agreement, which will provide certainty as the amount and timing of future cash flows associated with the net debt between the Parties." (emphasis added).

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 143:**

Please produce all Documents Concerning UEC's "net debt" which is referenced in the fourth "Whereas" clause of the 2014 Settlement Agreement which states: "Whereas, the Parties wish to offset their respective payables and receivables, Debts, and consolidate the net amount due onto one

APP219

note, this Agreement, which will provide certainty as the amount and timing of future cash flows associated with the net debt between the Parties."(emphasis added).

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 144:**

Please produce all Documents Concerning the Japanese version of the fourth "Whereas" clause of the 2014 Settlement Agreement where the English translation states: "Whereas, the Parties wish to offset their respective payables and receivables, Debts, and consolidate the net amount due onto one note, this Agreement, which will provide certainty as the amount and timing of future cash flows

APP220

1   associated with the net debt between the Parties."

2   **OBJECTIONS AND RESPONSE:**

3        Plaintiff incorporates each of its General Objections and its Objections to Definitions and

4   Instructions as if fully set forth herein.

5        Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

6   purports to request the production of "all" or "each and every" document in the requested category

7   of documents.  Such a request for all documents is unduly burdensome in particular given the

8   extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

9   purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

10  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

11  reasonable list of custodians whose job responsibilities would indicate that they were in possession

12  of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

13  request the production of information subject to the attorney-client privilege, the work product

14  doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request as overly

15  burdensome to the extent it purports to request documents that are, or should be, within the

16  possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as

17  overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

18  requests propounded by the Defendants.

19       Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

20  search, Plaintiff will produce responsive, non-privileged information within its custody and control

21  to the extent that such information exists.

22

23  **REQUEST NO. 145:**

24  Please produce all Documents Concerning "any Claims Related to the Debts" which is referenced in

25  Section 2 of the 2014 Settlement Agreement which states: "2. Mutual Releases. Each Party to this

26  Agreement hereby releases, acquits and forever unconditionally and irrevocably discharges the

27  other Party, its predecessors, successors and related entities, (collectively, the "Released Party")

28  from any and all claims, which the other Party and its affiliates, successors, assigns, and any other

13                                                          APP221

1  entities otherwise owned, managed or controlled by the releasing party, ever had, now have or

2  hereafter can, shall or may have as of the Effective Date solely with respect to the Debts ("Claims").

3  This shall constitute a general release of the other Released Party, severally and collectively, with

4  respect to any Claims related to the Debts, and will constitute complete satisfaction of all such

5  actual or potential debts and obligations of the Released Party related thereto. This mutual release

6  shall not include any debts or obligations incurred after the Effective Date of this Agreement

7  between the Parties. (emphasis added).

8  **OBJECTIONS AND RESPONSE:**

9        Plaintiff incorporates each of its General Objections and its Objections to Definitions and

10 Instructions as if fully set forth herein.

11       Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

12 purports to request the production of "all" or "each and every" document in the requested category

13 of documents. Such a request for all documents is unduly burdensome in particular given the

14 extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

15 purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

16 of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

17 reasonable list of custodians whose job responsibilities would indicate that they were in possession

18 of potentially responsive information. Plaintiff objects to this request to the extent it purports to

19 request the production of information subject to the attorney-client privilege, the work product

20 doctrine or any other recognized privilege or immunity. Plaintiff objects to this request as overly

21 burdensome to the extent it purports to request documents that are, or should be, within the

22 possession custody and control of one or more of the Defendants. Plaintiff objects to this request as

23 overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

24 requests propounded by the Defendants.

25       Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

26 search, Plaintiff will produce responsive, non-privileged information within its custody and control

27 to the extent that such information exists.

28

APP222

**REQUEST NO. 146:**

Please produce all Documents Concerning Section 2 of the 2014 Settlement Agreement which states: "2. Mutual Releases. Each Party to this Agreement hereby releases, acquits and forever unconditionally and irrevocably discharges the other Party, its predecessors, successors and related entities, (collectively, the "Released Party") from any and all claims, which the other Party and its affiliates, successors, assigns, and any other entities otherwise owned, managed or controlled by the releasing party, ever had, now have or hereafter can, shall or may have as of the Effective Date solely with respect to the Debts ("Claims"). This shall constitute a general release of the other Released Party, severally and collectively, with respect to any Claims related to the Debts, and will constitute complete satisfaction of all such actual or potential debts and obligations of the Released Party related thereto. This mutual release shall not include any debts or obligations incurred after the Effective Date of this Agreement between the Parties."

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

APP223

1    requests propounded by the Defendants.

2         Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

3    search, Plaintiff will produce responsive, non-privileged information within its custody and control

4    to the extent that such information exists.

5

6    **REQUEST NO. 147:**

7    Please produce all Documents Concerning the Japanese version of Section 2 of the 2014 Settlement

8    Agreement where the English translation states: "2. Mutual Releases. Each Party to this Agreement

9    hereby releases, acquits and forever unconditionally and irrevocably discharges the other Party, its

10   predecessors, successors and related entities, (collectively, the "Released Party") from any and all

11   claims, which the other Party and its affiliates, successors, assigns, and any other entities otherwise

12   owned, managed or controlled by the releasing party, ever had, now have or hereafter can, shall or

13   may have as of the Effective Date solely with respect to the Debts ("Claims"). This shall constitute

14   a general release of the other Released Party, severally and collectively, with respect to any Claims

15   related to the Debts, and will constitute complete satisfaction of all such actual or potential debts

16   and obligations of the Released Party related thereto. This mutual release shall not include any debts

17   or obligations incurred after the Effective Date of this Agreement between the Parties."

18   **OBJECTIONS AND RESPONSE:**

19        Plaintiff incorporates each of its General Objections and its Objections to Definitions and

20   Instructions as if fully set forth herein.

21        Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

22   purports to request the production of "all" or "each and every" document in the requested category

23   of documents.  Such a request for all documents is unduly burdensome in particular given the

24   extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

25   purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

26   of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

27   reasonable list of custodians whose job responsibilities would indicate that they were in possession

28   of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

APP224

request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 148:**

Please produce all Documents Concerning the 2015 Letter of Understanding, including but not limited to any drafts in English or Japanese.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.

17

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 149:**

Please produce all Documents Concerning the opening paragraph of the 2015 Letter of Understanding which states: "This letter of understanding is effective as of December 31, 2015 and is between Aruze Gaming America, Inc. ("AGA"), including its branches, affiliates and subsidiaries (collectively, the "Aruze Group"), and Universal Entertainment Corporation, including its branches, affiliates and subsidiaries ("UEC")."

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

APP226

search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 150:**

Please produce all Documents Concerning the Japanese version of the opening paragraph of the 2015 Letter of Understanding which states: "This letter of understanding is effective as of December 31, 2015 and is between Aruze Gaming America, Inc. ("AGA"), including its branches, affiliates and subsidiaries (collectively, the "Aruze Group"), and Universal Entertainment Corporation, including its branches, affiliates and subsidiaries ("UEC")."

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control

19

1   to the extent that such information exists.

2

3   **REQUEST NO. 151:**

4   Please produce all Documents Concerning Section 6 of the 2015 Letter of Understanding which

5   states: "6. Mutual Releases. Each party to this letter of understanding hereby releases, acquits and

6   irrevocably discharges the other party, and its related entities (collectively, the "Released Party")

7   from any and all claims, and upon final payment of the amounts as provided for herein will

8   constitute complete satisfaction of all such actual or potential debts and obligations of the Released

9   Party related thereto. This mutual release shall not include any debts or obligations incurred after

10  the effective date of this letter of understanding between the parties."

11  **OBJECTIONS AND RESPONSE:**

12          Plaintiff incorporates each of its General Objections and its Objections to Definitions and

13  Instructions as if fully set forth herein.

14          Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

15  purports to request the production of "all" or "each and every" document in the requested category

16  of documents.  Such a request for all documents is unduly burdensome in particular given the

17  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

18  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

19  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

20  reasonable list of custodians whose job responsibilities would indicate that they were in possession

21  of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

22  request the production of information subject to the attorney-client privilege, the work product

23  doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request as overly

24  burdensome to the extent it purports to request documents that are, or should be, within the

25  possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as

26  overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

27  requests propounded by the Defendants.

28          Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

APP228

1  search, Plaintiff will produce responsive, non-privileged information within its custody and control

2  to the extent that such information exists.

3

4  **REQUEST NO. 152:**

5  Please produce all Documents Concerning the Japanese version of Section 6 of the 2015 Letter of

6  Understanding which states: "6. Mutual Releases. Each party to this letter of understanding hereby

7  releases, acquits and irrevocably discharges the other party, and its related entities (collectively, the

8  "Released Party") from any and all claims, and upon final payment of the amounts as provided for

9  herein will constitute complete satisfaction of all such actual or potential debts and obligations of

10  the Released Party related thereto. This mutual release shall not include any debts or obligations

11  incurred after the effective date of this letter of understanding between the parties."

12  **OBJECTIONS AND RESPONSE:**

13      Plaintiff incorporates each of its General Objections and its Objections to Definitions and

14  Instructions as if fully set forth herein.

15      Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

16  purports to request the production of "all" or "each and every" document in the requested category

17  of documents.  Such a request for all documents is unduly burdensome in particular given the

18  extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

19  purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

20  of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

21  reasonable list of custodians whose job responsibilities would indicate that they were in possession

22  of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

23  request the production of information subject to the attorney-client privilege, the work product

24  doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request as overly

25  burdensome to the extent it purports to request documents that are, or should be, within the

26  possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as

27  overly burdensome to the extent it purports to duplicate or overlap in subject matter with other

28  requests propounded by the Defendants.

APP229

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 153:**

Please produce all Documents Concerning "all such actual or potential debts and obligations of the Released Party related thereto" which is referenced in Section 6 of the 2015 Letter of Understanding which states: "6. Mutual Releases. Each party to this letter of understanding hereby releases, acquits and irrevocably discharges the other party, and its related entities (collectively, the "Released Party") from any and all claims, and upon final payment of the amounts as provided for herein will constitute complete satisfaction of all such actual or potential debts and obligations of the Released Party related thereto. This mutual release shall not include any debts or obligations incurred after the effective date of this letter of understanding between the parties." (emphasis added).

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as

overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 154:**

Please produce all Documents Concerning UEC's evaluation and approval of the 2015 Letter of Understanding, including but not limited to communications involving Masaaki Inoue.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "evaluation and approval". Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this request to the extent that it purports to request information that is outside of the possession, custody or control of

APP231

1  Plaintiff.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate
2  or overlap in subject matter with other requests propounded by the Defendants.

3      Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and
4  search, Plaintiff will produce responsive, non-privileged information within its custody and control
5  to the extent that such information exists.

6

7  **REQUEST NO. 155:**

8  Please produce all Documents Concerning UEC's evaluation and approval of the 2014 Settlement
9  Agreement.

10 **OBJECTIONS AND RESPONSE:**

11     Plaintiff incorporates each of its General Objections and its Objections to Definitions and
12 Instructions as if fully set forth herein.

13     Plaintiff objects to this request as vague and ambiguous in its use of the following terms,
14 which are subject to more than one reasonable interpretation: "evaluation and approval". Plaintiff
15 will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff
16 objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the
17 production of "all" or "each and every" document in the requested category of documents.  Such a
18 request for all documents is unduly burdensome in particular given the extremely broad definitions
19 of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff
20 to collect documents from potentially every employee, agent or attorney of Plaintiff rather than
21 conduct a reasonable investigation that collects responsive documents from a reasonable list of
22 custodians whose job responsibilities would indicate that they were in possession of potentially
23 responsive information.  Plaintiff objects to this request to the extent it purports to request the
24 production of information subject to the attorney-client privilege, the work product doctrine or any
25 other recognized privilege or immunity.  Plaintiff objects to this request to the extent that it purports
26 to request information that is outside of the possession, custody or control of Plaintiff. Plaintiff
27 objects to this request as overly burdensome to the extent it purports to duplicate or overlap in
28 subject matter with other requests propounded by the Defendants.

APP232

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 156:**

Please produce all Documents Concerning communications between UEC and its external auditors involving any payables or receivables between UEC and AGA from January 1, 2010 to present.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as vague and ambiguous in its use of the following terms, which are subject to more than one reasonable interpretation: "external auditors". Plaintiff will undertake to interpret these terms as they would in ordinary usage given the context. Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

APP233

**REQUEST NO. 157:**

Please produce all Documents Concerning the negotiations of the 2015 Letter of Understanding between UEC and AGA, including but not limited to any correspondence involving Yoshinao Negishi.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.  Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants.  Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 158:**

Please produce all Documents Concerning the negotiations of the 2014 Settlement Agreement between UEC and AGA, including but not limited to any correspondence involving Yoshitaka

APP234

Fujihara.

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity. Plaintiff objects to this request as overly burdensome to the extent it purports to request documents that are, or should be, within the possession custody and control of one or more of the Defendants. Plaintiff objects to this request as overly burdensome to the extent it purports to duplicate or overlap in subject matter with other requests propounded by the Defendants.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 159:**

Please produce all Documents Concerning Section 2(2) (titled "Recording of non-operating loss and extraordinary loss and details thereof") in the June 8, 2010 UEC Press Release which states: "In the fiscal year ended March 31, 2009, the Company transferred shares of Aruze Gaming America, Inc. (hereinafter referred to as "AGA") and excluded AGA from the consolidation group of the Company. The transfer price was set as approximately 2.3 billion yen in accordance with an

APP235

evaluation by a third party evaluation organization based on the book value as of the settlement of accounts of AGA (end of December 2008) as the reference date for the transfer. In fact, however, it was found that the assets recorded on the book had no substantive value and that there were barely any assets to be transferred. Accordingly, based on a provision in the basic agreement stating "A closing period shall be set for six months with the capital increase in the amount of approximately 1.5 billion yen which was executed on August 19, 2008 as its preliminary step," the Company conducted another inspection and sorting-out of assets and liabilities to be transferred. Since it was recognized that assets to be transferred barely existed as a result of such inspection and sorting-out of assets and liabilities, approximately 2,321 million yen was recorded as loss on review of share transfer value. The Audit Committee of the Company has expressed its opinion that the series of such revisions were appropriate."

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents. Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information. Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

APP236

**REQUEST NO. 160:**

Please produce all Documents Concerning the "evaluation by a third party evaluation organization based on the book value as of the settlement of accounts of AGA (end of December 2008)" which is referenced in Section 2(2) (titled "Recording of nonoperating loss and extraordinary loss and details thereof") in the June 8, 2010 UEC Press Release which states: "In the fiscal year ended March 31, 2009, the Company transferred shares of Aruze Gaming America, Inc. (hereinafter referred to as "AGA") and excluded AGA from the consolidation group of the Company. The transfer price was set as approximately 2.3 billion yen in accordance with an evaluation by a third party evaluation organization based on the book value as of the settlement of accounts of AGA (end of December 2008) as the reference date for the transfer. In fact, however, it was found that the assets recorded on the book had no substantive value and that there were barely any assets to be transferred. Accordingly, based on a provision in the basic agreement stating "A closing period shall be set for six months with the capital increase in the amount of approximately 1.5 billion yen which was executed on August 19, 2008 as its preliminary step," the Company conducted another inspection and sorting-out of assets and liabilities to be transferred. Since it was recognized that assets to be transferred barely existed as a result of such inspection and sorting-out of assets and liabilities, approximately 2,321 million yen was recorded as loss on review of share transfer value. The Audit Committee of the Company has expressed its opinion that the series of such revisions were appropriate." (emphasis added).

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

1    reasonable list of custodians whose job responsibilities would indicate that they were in possession

2    of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

3    request the production of information subject to the attorney-client privilege, the work product

4    doctrine or any other recognized privilege or immunity.

5          Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

6    search, Plaintiff will produce responsive, non-privileged information within its custody and control

7    to the extent that such information exists.

8

9    **REQUEST NO. 161:**

10    Please produce all Documents Concerning the statement "it was found that the assets recorded on

11    the book had no substantive value and that there were barely any assets to be transferred" which is

12    referenced in Section 2(2) (titled "Recording of nonoperating loss and extraordinary loss and details

13    thereof") in the June 8, 2010 UEC Press Release which states: "In the fiscal year ended March 31,

14    2009, the Company transferred shares of Aruze Gaming America, Inc. (hereinafter referred to as

15    "AGA") and excluded AGA from the consolidation group of the Company. The transfer price was

16    set as approximately 2.3 billion yen in accordance with an evaluation by a third party evaluation

17    organization based on the book value as of the settlement of accounts of AGA (end of December

18    2008) as the reference date for the transfer. In fact, however, it was found that the assets recorded

19    on the book had no substantive value and that there were barely any assets to be transferred.

20    Accordingly, based on a provision in the basic agreement stating "A closing period shall be set for

21    six months with the capital increase in the amount of approximately 1.5 billion yen which was

22    executed on August 19, 2008 as its preliminary step," the Company conducted another inspection

23    and sorting out of assets and liabilities to be transferred. Since it was recognized that assets to be

24    transferred barely existed as a result of such inspection and sorting-out of assets and liabilities,

25    approximately 2,321 million yen was recorded as loss on review of share transfer value. The Audit

26    Committee of the Company has expressed its opinion that the series of such revisions were

27    appropriate." (emphasis added).

28

APP238

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it purports to request the production of "all" or "each and every" document in the requested category of documents.  Such a request for all documents is unduly burdensome in particular given the extremely broad definitions of "Document" supplied by Defendants and, consequently, the request purports to require Plaintiff to collect documents from potentially every employee, agent or attorney of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a reasonable list of custodians whose job responsibilities would indicate that they were in possession of potentially responsive information.  Plaintiff objects to this request to the extent it purports to request the production of information subject to the attorney-client privilege, the work product doctrine or any other recognized privilege or immunity.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

**REQUEST NO. 162:**

Please produce all Documents Concerning the statement "the Company conducted another inspection and sorting-out of assets and liabilities to be transferred" which is referenced in Section 2(2) (titled "Recording of non-operating loss and extraordinary loss and details thereof") in the June 8, 2010 UEC Press Release which states: "In the fiscal year ended March 31, 2009, the Company transferred shares of Aruze Gaming America, Inc. (hereinafter referred to as "AGA") and excluded AGA from the consolidation group of the Company. The transfer price was set as approximately 2.3 billion yen in accordance with an evaluation by a third party evaluation organization based on the book value as of the settlement of accounts of AGA (end of December 2008) as the reference date for the transfer. In fact, however, it was found that the assets recorded on the book had no substantive value and that there were barely any assets to be transferred. Accordingly, based on a

APP239

provision in the basic agreement stating "A closing period shall be set for six months with the

capital increase in the amount of approximately 1.5 billion yen which was executed on August 19,

2008 as its preliminary step," the Company conducted another inspection and sorting-out of assets

and liabilities to be transferred. Since it was recognized that assets to be transferred barely existed

as a result of such inspection and sorting-out of assets and liabilities, approximately 2,321 million

yen was recorded as loss on review of share transfer value. The Audit Committee of the Company

has expressed its opinion that the series of such revisions were appropriate." (emphasis added).

**OBJECTIONS AND RESPONSE:**

Plaintiff incorporates each of its General Objections and its Objections to Definitions and

Instructions as if fully set forth herein.

Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

purports to request the production of "all" or "each and every" document in the requested category

of documents.  Such a request for all documents is unduly burdensome in particular given the

extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

reasonable list of custodians whose job responsibilities would indicate that they were in possession

of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

request the production of information subject to the attorney-client privilege, the work product

doctrine or any other recognized privilege or immunity.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and

search, Plaintiff will produce responsive, non-privileged information within its custody and control

to the extent that such information exists.


**REQUEST NO. 163:**

Please produce all Documents Concerning the statement "The Audit Committee of the Company

has expressed its opinion that the series of such revisions were appropriate" which is referenced in

Section 2(2) (titled "Recording of non-operating loss and extraordinary loss and details thereof") in

APP240

1    the June 8, 2010 UEC Press Release which states: "In the fiscal year ended March 31, 2009, the

2    Company transferred shares of Aruze Gaming America, Inc. (hereinafter referred to as "AGA") and

3    excluded AGA from the consolidation group of the Company. The transfer price was set as

4    approximately 2.3 billion yen in accordance with an evaluation by a third party evaluation

5    organization based on the book value as of the settlement of accounts of AGA (end of December

6    2008) as the reference date for the transfer. In fact, however, it was found that the assets recorded

7    on the book had no substantive value and that there were barely any assets to be transferred.

8    Accordingly, based on a provision in the basic agreement stating "A closing period shall be set for

9    six months with the capital increase in the amount of approximately 1.5 billion yen which was

10   executed on August 19, 2008 as its preliminary step," the Company conducted another inspection

11   and sorting-out of assets and liabilities to be transferred. Since it was recognized that assets to be

12   transferred barely existed as a result of such inspection and sorting-out of assets and liabilities,

13   approximately 2,321 million yen was recorded as loss on review of share transfer value. The Audit

14   Committee of the Company has expressed its opinion that the series of such revisions were

15   appropriate." (emphasis added).

16   **OBJECTIONS AND RESPONSE:**

17          Plaintiff incorporates each of its General Objections and its Objections to Definitions and

18   Instructions as if fully set forth herein.

19          Plaintiff objects to this request as overly broad and unduly burdensome inasmuch as it

20   purports to request the production of "all" or "each and every" document in the requested category

21   of documents.  Such a request for all documents is unduly burdensome in particular given the

22   extremely broad definitions of "Document" supplied by Defendants and, consequently, the request

23   purports to require Plaintiff to collect documents from potentially every employee, agent or attorney

24   of Plaintiff rather than conduct a reasonable investigation that collects responsive documents from a

25   reasonable list of custodians whose job responsibilities would indicate that they were in possession

26   of potentially responsive information.  Plaintiff objects to this request to the extent it purports to

27   request the production of information subject to the attorney-client privilege, the work product

28   doctrine or any other recognized privilege or immunity.

Subject to Plaintiff's above objections, after and pursuant to a reasonable investigation and search, Plaintiff will produce responsive, non-privileged information within its custody and control to the extent that such information exists.

RESPECTFULLY SUBMITTED this 28<u>th</u> day of November, 2018.

By: <u>/s/ Andrew Z. Weaver</u>
Jay J. Schuttert, Esq.
Nevada Bar No. 8656
David W. Gutke, Esq.
Nevada Bar No. 9820
EVANS FEARS & SCHUTTERT LLP
2300 West Sahara Avenue, Suite 900
Las Vegas, NV 89102
Telephone: (702) 805-0290
Facsimile: (702) 805-0291

Andrew Weaver (pro hac vice)
Polsinelli PC
1000 Louisiana Street, 64th Floor
Houston, TX 77002
Telephone: (713) 374-1600
Facsimile: (713) 374-1601

ATTORNEYS FOR PLAINTIFF

APP242

**CERTIFICATE OF SERVICE**

I certify that on the 28th day of November, 2018, a true and correct copy of the foregoing **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 139-163)** was served by the following method(s):

☑      Email:  by electronically delivering a copy to the following email address:
J. Stephen Peek, Esq. – speek@hollandhart.com
Bryce K. Kunimoto, Esq. – bkunimoto@hollandhart.com
Robert J. Cassity, Esq. – bcassity@hollandhart.com
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

*Attorneys for Defendants Aruze Gaming America and Kazuo Okada*

Jeffrey S. Love, Esq. – Jeffrey.love@klarquist.com
Kristin L. Cleveland, Esq. – Kristin.cleveland@klarquist.com
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, OR 97204

*Attorneys for Defendant Aruze Gaming America, Inc.*

                    */s/ Faith B. Radford*
An Employee of Evans Fears & Schuttert LLP

1

APP243