Jay J. Schuttert, Esq. (Nevada Bar No. 8656)
David W. Gutke, Esq. (Nevada Bar No. 9820)
**EVANS FEARS & SCHUTTERT LLP**
2300 West Sahara Avenue, Suite 950
Las Vegas, NV 89102
Telephone:  (702) 805-0290
Facsimile: (702) 805-0291
Email:  jschuttert@efstriallaw.com
Email:  dgutke@efstriallaw.com

Andrew Z. Weaver *(pro hac vice)*
Gregory V. Novak *(pro hac vice)*
**POLSINELLI PC**
1000 Louisiana Street, Suite 6400
Houston, TX 77002
Telephone:  (713) 374-1600
Facsimile:  (713) 374-1601
Email:  aweaver@polsinelli.com
Email:  gnovak@polsinelli.com

David S. Krakoff *(pro hac vice)*
Benjamin B. Klubes *(pro hac vice)*
Lauren R. Randell *(pro hac vice)*
Adam Miller *(pro hac vice)*
**BUCKLEY LLP**
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone:  (202) 349-8000
Facsimile:  (202) 349-8080
Email: dkrakoff@buckleyfirm.com
Email: bklubes@buckleyfirm.com
Email: lrandell@buckleyfirm.com
Email: amiller@buckleyfirm.com

*Attorneys for Plaintiff/Counter-Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual,<br><br>Defendants.<br><br>ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual,<br><br>Counter-Claimants,<br><br>vs.<br><br>UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation, ARUZE USA, a Nevada corporation, and JUN FUJIMOTO, an individual,<br><br>Counter-Defendants. | **Case No.: 2:18-CV-00585 (RFB)(NJK)**<br><br>**FIRST AMENDED STIPULATED CONFIDENTIAILITY AGREEMENT AND PROTECTIVE ORDER** |

1

The undersigned parties, by and through their counsel of record, hereby stipulate and agree that the handling of confidential material in these proceedings shall be governed by the provisions set forth below:

1. **Applicability of this Protective Order:** This Protective Order amends and supersedes the provisions of the Protective Order entered by the Court in this case as ECF No. 38, and is being submitted in accordance with the Court's Order dated May 8, 2020 (ECF No. 194). This Protective Order does not and will not govern pretrial disclosures of exhibits and witnesses under FRCP 26(a)(3), the pretrial order, and trial in this action, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party in connection with this action (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties in this action that give testimony or produce documents or other information as well as to non-parties who have expressly agreed in writing to be bound by the terms of this Order; "Receiving Party" shall refer to the parties in this action that receive such information; and "Authorized Recipient" shall refer to any person or entity authorized by Sections 10 and 11 of this Protective Order to obtain access to Confidential Information, Highly Confidential Information, or the contents of such Discovery Material.

2. **Designation of Information**: Any Producing Party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party as "Confidential" or "Highly Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential information as defined in Sections 4 and 5 below.

3. **Exercise of Restraint and Care in Designating Material for Protection:** Each Producing Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate or routinized designations are prohibited. The Producing Party must

designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    4.    **Confidential Information:** For purposes of this Protective Order, "Confidential Information" means any information that constitutes, reflects, or discloses trade secrets, know-how, proprietary data, marketing information, financial information, and/or commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; Social Security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information. A party may also designate as "CONFIDENTIAL" compilations of publicly available discovery materials, which would not be known publicly in a compiled form.

    5.    **Highly Confidential Information:** For purposes of this Protective Order, Highly Confidential Information is any Confidential Information as defined in Section 4 above that also includes extremely sensitive, highly confidential, non-public information constituting a trade secret as defined in NRS 600A.030(5) or 18 U.S.C. § 1839(3) and the disclosure of such information would create a substantial risk of competitive or business injury to the Producing Party.

    6.    **Designating Confidential Information or Highly Confidential Information.** If any party in this action determines in good faith and in accordance with Section 3 above that any documents, things, or responses produced in the course of discovery in this action should be designated as Confidential Information or Highly Confidential Information, it shall advise any party who has received such material of this fact, and all copies of such document, things, or responses, or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" or "HIGHLY

3

CONFIDENTIAL" (whether produced in hard copy or electronic form) at the expense of the designating party and treated as such by all parties. A designating party may inform another party that a document is Confidential or Highly Confidential by providing the Bates number of the document in writing. If Confidential or Highly Confidential Information is produced via an electronic form on a computer readable medium (e.g., DVD-ROM), other digital storage medium, or via Internet transmission, the Producing Party shall affix in a prominent place on the storage medium or container file on which the information is stored, and on any container(s) for such medium, the legend "Includes CONFIDENTIAL INFORMATION" or "Includes HIGHLY CONFIDENTIAL INFORMATION." Nothing in this section shall extend confidentiality or the protections associated therewith to any information that does not otherwise constitute "Confidential Information" or "Highly Confidential Information" as defined in Paragraphs 4 and 5 herein.

7. **Redaction Allowed:** Any Producing Party may redact from the Discovery Material it produces matter that the Producing Party claims is subject to the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or any other privilege from disclosure. Any Producing Party also may redact information that is both personal and non-responsive, such as a social security number. A Producing Party may not redact information in an otherwise responsive document solely because the Producing Party believes that the information is non-responsive. Nor shall a Producing Party withhold non-privileged, responsive information solely on the grounds that such information is contained in a document that includes privileged information. The Producing Party shall mark each Discovery Material where matter has been redacted with a legend stating "REDACTED," and include an annotation indicating the specific reason for the redaction (*e.g.*, "REDACTED—Work Product"). All documents that have been redacted shall be listed in a redaction log produced in conformity with Nevada law and the Federal Rules of Civil Procedure. Where a document consists of more than one page, the page on which information has been redacted shall so be marked. The Producing Party shall preserve an unredacted version of each such document.

8. **Use of Confidential Information or Highly Confidential Information.** Except as provided herein, Confidential Information and Highly Confidential Information designated or marked as provided herein shall be used solely for the purposes of this action, the collateral case pending in

this District styled, *Universal Entertainment Corp. v. Aruze Gaming America, Inc.*, No. 2:19-cv-01657-GMN-DJA (the "Collateral Action"),[1] and those two actions currently pending in Japanese courts (the "Japanese Actions") styled, *Okada v. Universal Entertainment Corp.*, 2020 (Ne) No. 1081,[2] and *Okada v. Universal Entertainment Corp.*, 2017 (Wa) No. 30011 (collectively, the Collateral Action and the Japanese Actions shall be referred to as the "Related Actions"), shall not be disclosed to anyone other than those persons identified herein in Sections 10 and 11, and shall be handled in such manner until such designation is removed by the designating party or by order of the Court. Nothing in this Protective Order shall preclude a party or other person from using his, her, or its own Confidential Information or Highly Confidential Information or from giving others his, her, or its Confidential Information or Highly Confidential Information.

Once the Court enters this Protective Order, a party shall have thirty (30) days to designate as Confidential or Highly Confidential any documents previously produced in this action, which it can do by stamping "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the document, or informing the other parties of the Bates-numbers of the documents so designated.

9. **Use of Confidential Information and Highly Confidential Information in Depositions.** Counsel for any party shall have the right to disclose Confidential or Highly Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order, including Sections 10 and 11. Any counsel of record may request that all persons not entitled under Sections 10 or 11 of this Protective Order to have access to Confidential Information or Highly Confidential Information leave the deposition room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question where the answer would disclose Confidential Information or Highly Confidential Information. However, nothing in this Order shall preclude a party or its attorneys from:

---

[1] The parties further stipulate that the documents produced by each party in this action shall be deemed produced in the Collateral Action, without waiving any objections as to the relevance or admissibility of the documents in the Collateral Action.

[2] This case is an appeal of a previous case in Tokyo District Court, captioned *Universal Entertainment Corp. v. Okada*, 2017 (Wa) No. 40038. If the appeal results in additional proceedings in Tokyo District Court, that case will be included in the definition of the "Japanese Actions" as used above.

(1) showing a document designated as Confidential or Highly Confidential to an individual who prepared part or all of the document, who has previously reviewed the document, or who is shown by the document to have received it, or (2) examining during a deposition any person currently employed by a party or retained as an expert by a party concerning any Discovery Materials designated by that party as Confidential or Highly Confidential, which use shall not otherwise affect the status and treatment of such Confidential or Highly Confidential Information. Additionally, at any deposition session, counsel to any party (or non-party subject to this Protective Order) may designate portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential or Highly Confidential Information in accordance with this Order by a statement on the record during the deposition or by notifying all other parties in writing within fourteen (14) calendar days of receiving the official transcript or video that it contains Confidential and/or Highly Confidential Information. Counsel must follow up in writing within thirty (30) calendar days of receiving the official transcript or video, identifying the specific pages, lines, and/or counter numbers containing the Confidential or Highly Confidential Information. If no confidentiality designations are made within the thirty calendar (30) day period, the entire transcript shall be considered non-confidential. If a deposition is designated as Confidential or Highly Confidential by a statement on the record during the deposition, then during the thirty (30) day period, the entire transcript and video shall be treated as Confidential Information (or Highly Confidential Information if so designated). If a deposition is not designated as Confidential or Highly Confidential by a statement on the record during the deposition, the entire transcript and video shall be treated (i) as Highly Confidential Information through the end of the 14 (fourteen) day period for designation by written notice and (ii) thereafter during the 30 (thirty) day period as Confidential Information or Highly Confidential Information if so designated. All originals and copies of deposition transcripts that contain Confidential Information or Highly Confidential Information shall be prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be requested to be filed under seal in accordance with LR IA 10-5. Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within thirty calendar (30) days of receiving

the official transcript. Any DVD or other digital storage medium containing Confidential or Highly Confidential deposition testimony shall be labeled in accordance with the provisions of Section 6. The provisions set forth in Section 17 shall govern resolution of disputes over confidentiality designations regarding deposition transcripts.

   10. **Persons Authorized to Receive Confidential Information.** Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court, court personnel in this action and in the Related Actions, and to the persons below:

   (a) A party in this action, or officers, directors, and employees of a party in this action deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action or the Related Actions;

   (b) (i) Counsel for a party and its affiliates (including in-house attorneys, outside attorneys, and paralegal, clerical, litigation support staff, and secretarial staff employed by such counsel) in this action for use in this action; or (ii) counsel for a party and its affiliates (including in-house attorneys, outside attorneys, and paralegal, clerical, litigation support staff, and secretarial staff employed by such counsel) in the Related Actions for use in the Related Actions, provided that such party is also a party in this action;[3]

   (c) An entity retained by a party in this action or in the Related Actions to provide litigation support services (photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and its employees;

   (d) Outside experts or consultants (together with their support staff) retained by a party in this action or the Related Actions to assist in the prosecution, defense, or settlement of this action or of the Related Actions, provided that such an expert or consultant is not a current employee of a direct competitor of a party in this action or the Related Actions;

   (e) Court reporter(s) or videographers(s) employed in this action and in the Related Actions;

---

[3] For clarity, as of the date of this First Amended Order, the only such parties are Universal Entertainment Corporation and Mr. Kazuo Okada. Other parties to the Japanese Actions are not permitted to access Confidential or Highly Confidential Information except to the extent required by the rules or orders of the Japanese court (e.g., service of court filings and exhibits on parties, disclosure of exhibits for hearings/trial, etc.).

        (f)      A witness at any deposition or other proceeding in this action or in the Related Actions (1) to whom Confidential or Highly Confidential may be provided as set forth in Section 9, or (2) to whom the Producing Party agrees may be shown certain Discovery Materials designated as Confidential and/or Highly Confidential Information;

        (g)      Any ESI vendor, translator(s), or interpreter(s) employed in this action or in the Related Actions;

        (h)      Any other person as to whom the parties in writing agree or that the Court in these proceedings designates; and

        (i)      Jury consultants or trial consultants retained by or on behalf of a party in this action or the Related Actions to assist outside counsel for such party in connection with this action or the Related Actions, together with technicians, assistants, or mock jurors who (i) are supervised by such consultants; (ii) are not affiliated with any party to this action or the Related Actions or their direct competitor; (iii) agree in writing to be bound by confidentiality; and (iv) are not themselves given custody of any Confidential or Highly Confidential Information, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

    Any person to whom Confidential Information is disclosed pursuant to subparts (a), (b), (c), (d), (e), (f), (g), (h), or (i) above shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.  Any person to whom Confidential Information is disclosed pursuant to subpart (b)(ii), (c), (d), (g), (h), or (i) of this Section shall also be required to execute a copy of the form Exhibit A.  The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information.  No party (or its counsel) shall discourage any persons from signing a copy of Exhibit A.  If a person refuses to execute a copy of Exhibit A, the party seeking to reveal the Confidential

Information may seek an order from the Court directing that the person be bound by this Protective Order. In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the Court resolves the issue. Proof of each written agreement provided for under this Section shall be maintained by each of the parties while this action is pending and disclosed to the other parties if ordered to do so by the Court.

11. **Persons Authorized to Receive Highly Confidential Information.** "HIGHLY CONFIDENTIAL" documents and information may be used only in connection with this case or the Related Actions and may be disclosed only to the Court, court personnel in this action and in the Related Actions, and the persons listed in sub-sections (b) to (i) of Section 10 above, but shall not be disclosed to a party to this action or the Related Actions, or an employee of such party (other than in-house counsel for a party), unless otherwise agreed or ordered. Any person to whom Highly Confidential Information is disclosed pursuant to sub-sections (b)(ii), (c), (d), (g), (h), or (i) of Section 10 above shall also be required to execute a copy of the form Exhibit A, and shall be subject to the requirements in the preceding paragraph.

12. See order issued concurrently herewith.

13. **Notice to Non-Parties.** Any party in this action issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection. Any non-party invoking the Protective Order shall comply with, and be subject to, all other applicable sections of the Protective Order.

14. **Knowledge of Unauthorized Use or Possession.** If a party receiving Confidential Information or Highly Confidential Information ("Receiving Party") learns of any unauthorized possession, knowledge, use or disclosure of any Confidential Information or Highly Confidential Information, the Receiving Party shall immediately notify in writing the party that produced the Confidential Information or Highly Confidential Information (the "Producing Party"). The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure, shall make all reasonable efforts to retrieve the improperly disclosed information and to prevent further disclosure by each unauthorized person who received such information. With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in preventing its recurrence.

15. **Copies, Summaries or Abstracts.** Any copies, summaries, abstracts or exact duplications of Confidential Information or Highly Confidential Information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall be considered Confidential Information or Highly Confidential Information subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work product regarding Confidential Information or Highly Confidential Information shall not be subject to this Section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information or Highly Confidential Information. This Order shall not bar or otherwise restrict any attorney of record from rendering advice to his or her client with respect to this litigation, and referring to or relying generally upon his or her examination of Discovery Material designated as Confidential or Highly Confidential, provided, however, that in communicating with his or her client, the attorney shall not disclose the content or source of such Discovery Material contrary to the terms of this Order.

16. **Information Not Confidential.** The restrictions set forth in this Protective Order shall not be construed to apply to any information or materials that:

(a) Were lawfully in the Receiving Party's possession prior to such information being designated as Confidential or Highly Confidential Information in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

10

(b) Were obtained without any benefit or use of Confidential or Highly Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

(c) Were independently developed after the time of disclosure by personnel who did not have access to the Producing Party's Confidential or Highly Confidential Information;

(d) Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

(e) Under law, have been declared to be in the public domain.

17. **Challenges to Designations.** Any party in this action may object to the designation of Confidential Information or Highly Confidential Information on the ground that such information does not constitute Confidential Information or Highly Confidential Information by serving written notice upon counsel for the Producing Party, specifying the item(s) by Bates number. The parties shall attempt to resolve each challenge in good faith through a meet and confer (as defined in LR IA 1-3(f)) to be initiated by the Producing Party within 14 days of the date of service of the notice. If the parties cannot resolve a challenge without court intervention, the Producing Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Producing Party to make such a motion (including the declaration required under LR II 26-7) within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Unless the Producing Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the motion.

18. **Use in Court.** If any Confidential Information or Highly Confidential Information is used in any pretrial Court proceeding in this action or in the Related Actions, it shall not necessarily lose its confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use.

19. **No Waiver.** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at trial. Additionally, this Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege; work product doctrine or any other privilege or protection provided under the law. Entry of this Protective Order does not preclude any party from seeking or opposing additional protection for particular information.

20. **Reservation of Rights**. The Parties each reserve (1) the right to seek or oppose additional or different protection for particular information, documents, materials, items or things; and (2) the right to object to the production, disclosure and/or use of any information, documents, materials, items and/or things that a Party designates or marks as containing Confidential Information on any other ground(s) it may deem appropriate, including, without limitation, on the ground of attorney-client privilege, work product, and/or any other privilege or protection provided under applicable law. This Stipulation shall neither enlarge nor affect the proper scope of discovery in this Action. In addition, this Stipulation shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

21. **Inadvertent Failure to Designate.** The inadvertent failure to designate information produced in discovery as Confidential or Highly Confidential shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information or Highly Confidential Information. Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all receiving parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this Section shall not violate the terms of this Protective Order. However, immediately upon being notified of an

inadvertent failure to designate, all parties shall treat such information as though properly designated and take any actions necessary to prevent any unauthorized disclosure subject to the provisions of Section 17, including seeking retrieval or destruction of any copies distributed to unauthorized individuals, and destroying copies of documents that have been replaced with the proper designation.

22.     **No Waiver of Privilege**: Inadvertent disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in the Litigation.  Promptly upon learning of the inadvertent disclosure, however, the Producing Party must notify the Receiving Party of the inadvertent production and request return, sequestration, or destruction of documents.

23.     **Effect of Disclosure of Privileged Information**: The Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by Disclosing or Producing Party upon request; but doing so shall not preclude the Receiving Party from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the Producing Party must preserve any such documents. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Disclosing or Producing Party and sequester such information until instructions as to disposition are received.

24.     **Inadvertent Production of Non-Discoverable Documents.**  If a Producing Party inadvertently produces a document that contains no discoverable information, the Producing Party may request in writing that the Receiving Party return the document, and the Receiving Party will return the document.  A Producing Party may not request the return of a document pursuant to this paragraph if the document contains any discoverable information.  If a Producing Party inadvertently fails to redact personal information (for example, a social security number), the Producing Party may provide the Receiving Party a substitute version of the document that redacts the personal information,

and the Receiving Party shall destroy or return the original, unredacted document to the Producing Party.

25. **Return of Information.** Within thirty (30) calendar days after the final disposition of this action, all Confidential Information and/or Highly Confidential Information produced by an opposing party or non-party (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the parties to whom the Confidential Information and/or Highly Confidential Information was produced, and each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such Confidential Information and/or Highly Confidential Information (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential Information and/or Highly Confidential Information, but only to the extent necessary to preserve a litigation file with respect to this action. To the extent Confidential Information or Highly Confidential Information has been disclosed to a party's counsel in a Related Action(s), nothing in this Section requires destruction of the Confidential or Highly Confidential Information until thirty (30) calendar days after the final disposition of the Related Action(s).

26. **Attorneys' Fees.** Nothing in this Protective Order is intended to either expand or limit a prevailing party's right under the Federal Rules of Civil Procedure or other applicable state or federal law to pursue costs and attorney's fees incurred related to confidentiality designations or the abuse of the process described herein.

27. **Injunctive Relief Available.** Each party acknowledges that monetary remedies may be inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information or Highly Confidential Information that the Receiving Party only received through discovery in this action and that injunctive relief may be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information or Highly Confidential Information.

28.     **Other Actions And Proceedings**.  If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential of Highly Confidential pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by email or mail to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide other parties with the opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law.  The burden of opposing enforcement of the subpoena shall fall upon the party or non-party who produced or designated the Discovery Material as Confidential or Highly Confidential Information.  The party receiving the subpoena shall not produce any documents in response to the subpoena until the party whose Discovery Material was produced in this case has reasonable time to seek court protection from such production in response to the subpoena in the action or proceeding. This Section does not apply to use of Discovery Material in the Japanese Actions, but it does apply to any subpoena, demand or legal process directed to the litigants in the Japanese Actions in which Discovery Material from this action is sought.

29.     **Execution in Counterparts.**  This Protective Order may be signed in counterparts, and a fax or "PDF" signature shall have the same force and effect as an original ink signature.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ /
/ / /
/ / /
/ / /

30. **Order Survives Termination.** This Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

Dated this 29th day of May, 2020.

| EVANS FEARS & SCHUTTERT LLP | HOLLAND & HART LLP |
|---|---|
| By: /s/ Jay J. Schuttert<br>Jay J. Schuttert, Esq.<br>Nevada Bar No. 8656<br>David W. Gutke, Esq.<br>Nevada Bar No. 9820<br>2300 West Sahara Avenue, Suite 950<br>Las Vegas, NV 89102<br><br>Andrew Z. Weaver, Esq. (pro hac vice)<br>Gregory V. Novak, Esq. (pro hac vice)<br>POLSINELLI, PC<br>1000 Louisiana Street, Suite 6400<br>Houston, TX 77002<br><br>David S. Krakoff (pro hac vice)<br>Benjamin B. Klubes (pro hac vice)<br>Lauren R. Randell (pro hac vice)<br>Adam Miller (pro hac vice)<br>BUCKLEY LLP<br>2001 M Street NW, Suite 500<br>Washington, DC 20036<br><br>*Attorneys for Plaintiff/Counter-Defendants* | By: /s/ Robert J. Cassity<br>J. Stephen Peek, Esq.<br>Nevada Bar No. 1758<br>Bryce K. Kunimoto, Esq.<br>Nevada Bar No. 7781<br>Robert J. Cassity, Esq.<br>Nevada Bar No. 9779<br>9555 Hillwood Drive, 2nd Floor<br>Las Vegas, NV 89134<br><br>*Attorneys for Defendants Aruze Gaming America, Inc. and Kazuo Okada*<br><br>Jeffrey S. Love, (pro hac vice pending)<br>Kristin L. Cleveland (pro hac vice pending)<br>Klarquist Sparkman, LLP<br>121 SW Salmon St., Ste. 1600<br>Portland, OR 97204<br><br>*Attorneys for Defendant Aruze Gaming America, Inc.* |

*Universal Entertainment Corporation v. Aruze Gaming America, Inc., et al.*
*Case No. 2:18-cv-00585-RFB-NJK*

*First Amended Stipulated Confidentiality Agreement and Protective Order*

### ORDER

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  June 1, 2020

Case No.:  2:18-CV-00585-RFB-NJK

17

# EXHIBIT A

# **CONFIDENTIALITY AGREEMENT**

I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

1. I have read the First Amended Stipulated Confidentiality Agreement and Protective Order ("the Protective Order") entered in *Universal Entertainment Corp. v. Aruze Gaming America, Inc.*, Case No. 2:18-cv-00585-RFB-GWF on _____, 20\_\_\_\_\_, and I fully understand its contents.

2. I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court for the District of Nevada so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3. I understand that by signing this instrument, I will be eligible to receive "Confidential Information" and/or "Highly Confidential Information" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any "Confidential Information" and/or "Highly Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

4. I understand that if I intend to use Confidential or Highly Confidential Information in a Related Action (as defined in Section 8), I must only use the Confidential or Highly Confidential Information for purposes of the Related Action, I must maintain the confidentiality of the Confidential or Highly Confidential Information at all times, and I must destroy all Confidential and Highly

Confidential Information, subject to the exceptions in Section 25, within thirty (30) calendar days after the final disposition of the Related Action.

DATED: _____  _____

_____
(Signature)

_____
(Printed Name)

_____
_____
(Address)