Jay J. Schuttert, Esq. (Nevada Bar No. 8656)
David W. Gutke, Esq. (Nevada Bar No. 9820)
EVANS FEARS & SCHUTTERT LLP
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119Telephone:  (702) 805-0290
Facsimile: (702) 805-0291
Email:  jschuttert@efstriallaw.com
Email:  dgutke@efstriallaw.com

Andrew Z. Weaver (pro hac vice)
Michael D. Pegues (pro hac vice)
POLSINELLI PC
1000 Louisiana Street, Suite 6400
Houston, TX 77002
Telephone:  (713) 374-1600
Facsimile:  (713) 374-1601
Email:  aweaver@polsinelli.com
Email:  mpegues@polsinelli.com

David S. Krakoff (pro hac vice)
Benjamin B. Klubes (pro hac vice)
Lauren R. Randell (pro hac vice)
Adam Miller (pro hac vice)
BUCKLEY LLP
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone:  (202) 349-8000
Facsimile:   (202) 349-8080
Email:  dkrakoff@buckleyfirm.com
Email:  bklubes@buckleyfirm.com
Email:  lrandell@buckleyfirm.com
Email:  amiller@buckleyfirm.com

*Attorneys for Plaintiff/Counter-Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual, <br><br> Defendants. | Case No.: 2:18-CV-00585 (RFB)(NJK) <br><br> **JOINT STATUS REPORT AND REQUEST FOR HEARING** |
| ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual, <br><br> Counter-Claimants, <br><br> vs. <br><br> UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation, ARUZE USA, a Nevada corporation, and JUN FUJIMOTO, an individual, <br><br> Counter-Defendants. | |

Plaintiff and Counter-Defendant Universal Entertainment Corporation ("UEC"), Counter-defendants Aruze USA, Inc. ("Aruze USA") and Jun Fujimoto ("Fujimoto"), and Defendants and Counter-Plaintiffs Aruze Gaming America, Inc. ("AGA") and Mr. Kazuo Okada ("Okada") (collectively, "the Parties"), through their undersigned counsel, respectfully submit this Joint Status Report and Request for Hearing. The purpose of this submission is to advise the Court of the Parties' concerns regarding the discovery schedule in this matter and to seek the Court's guidance regarding resetting the schedule.

The current schedule in this case includes two upcoming deadlines that the Parties agree are unlikely to be met due to circumstances beyond their control. First, pursuant to the Court's September 1, 2020 Minute Order (ECF No. 223), Defendants are required to take the deposition of Counter-Defendant Jun Fujimoto (limited to issues relating to personal jurisdiction) no later than March 1, 2021.[1] Second, the operative discovery schedule set forth in the Order dated July 30, 2020 (ECF No. 213) requires the parties to complete all fact depositions no later than April 30, 2021.

As the Court is aware, however, the COVID-19 pandemic appears to be worsening and shows no signs of abating in the near future. In those circumstances, it is difficult to take depositions in the United States, and it is impossible to take them in Japan, where a number of important witnesses (including but not limited to Mr. Fujimoto and Mr. Okada) reside.

Japan imposes strict limits on the ability of parties to foreign litigation to take depositions in that country. According to the official website of the U.S. Embassy and Consulates in Japan, maintained by the U.S. State Department (https://jp.usembassy.gov/u-s-citizen-services/attorneys/depositions-in-japan/), the following rules apply to the taking of depositions in Japan:

- "Taking a deposition in Japan can be complex; depositions are controlled by detailed agreements between the United States and the Government of Japan, and procedures cannot be modified or circumvented. Orders by U.S. courts cannot compel the

---

[1] The Order also requires UEC to produce certain documents and other information no later than December 1, 2020. The Parties are simultaneously submitting a Joint Stipulation to extend that deadline to February 1, 2021.

1  Government of Japan to amend or overlook its judicial regulations and procedures. In

2  addition, the Embassy cannot compel the Government of Japan to act faster, or in a

3  way more convenient or beneficial to any party, even with a U.S. court order

4  requesting such action."

5  • "Per the Government of Japan, ordinarily, all depositions must take place on Embassy

6  or Consulate premises; any exceptions to this entails a special request to the Ministry

7  of Foreign Affairs, because of the additional issue of consular personnel availability,

8  is seldom granted."

9  • "With very rare exceptions, depositions must occur at the Embassy or Consulates."

10  • "Japanese authorities have informed the United States that Japan does not permit the

11  taking of testimony via telephone."

12  • At this time, the Embassy and the Consulate are "[n]ot taking new reservations [for

13  depositions] until further notice."

14  Finally, in addition to these restrictions on taking depositions in Japan, the Parties' U.S.

15  attorneys cannot enter Japan at this time because they are not residents of Japan.  *See*

16  https://jp.usembassy.gov/u-s-citizen-services/covid-19-information.

17  In sum, depositions in Japan generally must be taken at the U.S. Embassy or Consulate, but

18  neither location is likely to be available for depositions in the foreseeable future, and even when they

19  do become available, there are likely to be numerous requests for reservations by parties in other

20  litigations.  The Parties' attorneys cannot currently enter Japan, and Japan prohibits taking remote

21  testimony.  As a result of these conditions, the Parties agree that it will be difficult if not impossible

22  to complete all necessary depositions by any deadline that might be selected now.

23  Before the pandemic, the Parties contemplated accounting for the difficulty of taking

24  depositions in Japan by agreeing that they would be conducted in Hong Kong wherever possible.

25  However, such a solution is no longer feasible.  First, Hong Kong is not permitting most U.S. citizens

26  to enter its territory at this time.  *See* https://hk.usconsulate.gov/covid-19-information.  Second, it

27  may be unsafe to travel to Hong Kong at this time, due both to the pandemic and to political

28

3

1   conditions, and the Parties cannot reasonably ask their employees (much less witnesses who are not

2   employees of the Parties) to undertake such travel.[2]

3        The Parties have also considered other options, such as locating the depositions in other Asian

4   countries or in the United States.  However, similar health risks and travel restrictions make all such

5   options infeasible at this time and for the foreseeable future.  For instance, Taiwan appears to permit

6   short-term business travelers with special approvals, but only if they are fulfilling business contracts

7   and then quarantine for 14 days upon arrival.  *See* https://www.ait.org.tw/covid-19-information.

8   Other Asian countries have implemented similar or even more restrictive measures, while travel to

9   the United States by foreign nationals is inadvisable given the significant rise in Covid cases.

10  Moreover, Japan imposes a 14-day quarantine requirement on residents returning from travel to the

11  United States that would be unduly burdensome for the parties and their employees.  *See*

12  https://www.mofa.go.jp/ca/cp/page22e_000925.html.  The Parties will continue to jointly monitor

13  conditions and work together to try to find a reasonable way to conduct the necessary depositions,

14  but there is no apparent solution at this time.

15       In addition, while the Parties at this time expect to substantially complete their respective

16  document productions by April 30, 2021, the fact discovery deadline must allow time for follow-up

17  discovery resulting from the depositions.  Further, it is not only the actual depositions that are affected

18  by current conditions; the travel restrictions make it essentially impossible for the attorneys to meet

19  with foreign clients and witnesses, which makes the task of preparing witnesses (most of whom do

20  not speak English and therefore require interpretation in preparation sessions also) to testify

21  particularly difficult.  Thus, any schedule must build in sufficient time after the resumption of travel

22  for adequate preparation and other necessary activities.

23

24  [2] The State Department advises travelers to "[r]econsider travel to the People's Republic of China (PRC), including the Hong Kong Special Administrative Region (SAR), due to COVID-19 and arbitrary enforcement of local laws. . . .

25  The Centers for Disease Control and Prevention (CDC) has issued a Level 3 Travel Health Notice for the PRC and Hong Kong due to COVID-19. . . . The PRC government arbitrarily enforces local laws, including by carrying out arbitrary and

26  wrongful detentions and through the use of exit bans on U.S. citizens and citizens of other countries without due process of law. . . . In most cases, U.S. citizens only become aware of an exit ban when they attempt to depart the PRC, and there

27  is no reliable mechanism or legal process to find out how long the ban might continue or to contest it in a court of law." https://travel.state.gov/content/travel/en/international-travel/International-Travel-Country-Information-Pages/HongKong.html

28

Finally, the Parties are aware that there are multiple pending motions that may have a significant impact on the scope of discovery.  Claim construction briefing (ECF Nos. 87, 98, 100) and briefing on AGA's Partial Motion for Summary Judgment regarding Patent Infringement Counts (ECF No. 86) have been completed, while briefing on UEC's Motion to Compel Responses to UEC's Eight RFPs (ECF No. 233) and UEC's Motion for Leave to Amend Infringement Contentions (ECF No. 234) is underway.[3]  The Court's determination of the meaning and scope of the patent claims and disposition of the pending motions may inform the scope of discovery that will be required.

For all of the foregoing reasons, the Parties agree that the current fact discovery deadlines most likely cannot be met.  Further, the Parties agree that it is not possible to agree on a particular date by which discovery can be completed, given the uncertainties created by the pandemic.  The Parties do not wish to burden the Court by proposing numerous short extensions of the discovery deadlines, and therefore the Parties have agreed that it makes sense to seek the Court's guidance on these issues.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] Other discovery motions may be filed in the future.

1    Accordingly, the Parties respectfully request that the Court schedule a hearing by

2    videoconference or teleconference at its convenience to address the foregoing matters.

3    Dated this 24th day of November, 2020.

4

5    EVANS FEARS & SCHUTTERT LLP          HOLLAND & HART LLP

6

7    By:    /s/  Jay J. Schuttert                By:    /s/  Bryce K. Kunimoto

8    Jay J. Schuttert, Esq.                      J. Stephen Peek, Esq.
     Nevada Bar No. 8656                         Nevada Bar No. 1758

9    David W. Gutke, Esq.                        Bryce K. Kunimoto, Esq.
     Nevada Bar No. 9820                         Nevada Bar No. 7781

10   6720 Via Austi Parkway, Suite 300           Robert J. Cassity, Esq.
     Las Vegas, NV 89119                         Nevada Bar No. 9779

11                                               9555 Hillwood Drive, 2nd Floor

12   Andrew Z. Weaver, Esq. (pro hac vice)       Las Vegas, NV 89134
     Michael D. Pegues (pro hac vice)

13   POLSINELLI, PC                              *Attorneys for Defendants Aruze Gaming*
     1000 Louisiana Street, Suite 6400          *America, Inc. and Kazuo Okada*

14   Houston, TX 77002

                                                 Jeffrey S. Love (pro hac vice)
15   David S. Krakoff (pro hac vice)             Kristin L. Cleveland (pro hac vice)
     Benjamin B. Klubes (pro hac vice)           Klarquist Sparkman, LLP

16   Lauren R. Randell (pro hac vice)            121 SW Salmon St., Ste. 1600

17   Adam Miller (pro hac vice)                  Portland, OR 97204
     BUCKLEY LLP

18   2001 M Street NW, Suite 500                 *Attorneys for Defendant Aruze Gaming*
     Washington, DC 20036                        *America, Inc.*

19

20   *Attorneys for Plaintiff/Counter-*
     *Defendants*

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **JOINT STATUS REPORT AND REQUEST FOR HEARING** was served on counsel of record this 24th day of November, 2020 using the Court's CM/ECF System.

*/s/ Faith Radford*

An Employee of Evans Fears & Schuttert LLP
