# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>    Defendants. | Case No.: 2:18-cv-00585-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 262] |

Pending before the Court is Defendants' motion for leave to file under seal their motion to compel discovery responses at Docket No. 263 and certain exhibits filed in conjunction with their motion to compel discovery responses. Docket No. 262. The Court has considered Defendants' motion and Plaintiff's notice and declaration. Docket Nos. 262, 273, 273-1. The motion is properly resolved without a hearing. *See* LR 78-1. For the reasons discussed more fully below, the Court **GRANTS** in part and **DENIES** in part the motion.

There is a strong presumption of public access to judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016). Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137).

Further, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *See e.g.*, *Ervine v. Warden*, 241 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

Defendants submit that good cause exists for sealing their motion to compel discovery responses and Exhibits B, H, I, J, Q, R S, T, and U attached thereto because Plaintiff has designated these exhibits as confidential and their motion to compel discovery responses quotes from or summarizes portions of these exhibits. Docket No. 262 at 2. Pursuant to the Court's order at Docket No. 132, Plaintiff filed a notice regarding the instant motion for leave to file under seal, submitting that good cause exists to file Exhibits H, I, J, R, S, T, and U under seal. Docket No. 273-1 at 2–3. Plaintiff consents to the unsealing of Exhibits B and Q. Docket No. 273 at 2.

Plaintiff submits that Exhibits H, I, and J are properly sealed "because disclosure would hinder the free exchange of information and opinions between counsel and client." Docket No. 273-1 at 2. Plaintiff further submits that sealing Exhibits H, I, and J is proper because the exhibits contain information that may have a harmful effect on Plaintiff and its position within the competitive market. *Id.* Additionally, Plaintiff submits that Exhibits R, S, T, and U are properly sealed because these exhibits contain communications with foreign law enforcement authorities concerning ongoing investigations. *Id.* Plaintiff submits that public disclosure of Exhibits R, S, T, and U may damage its relationship with foreign law enforcement authorities. *Id.* at 3.

The Court finds that Plaintiff has demonstrated good cause to seal Exhibits H, I, J, R, S, T, and U to Defendants' motion to compel discovery responses. The Court further finds good cause to redact any part of Exhibits H, I, J, R, S, T, and U that is quoted from or summarized in Defendants' motion to compel discovery responses.

Accordingly, Defendants' motion for leave to file under seal their motion to compel discovery responses and certain exhibits attached thereto is **GRANTED** in part and **DENIED** in part. Docket No. 262. No later than January 12, 2021, Defendants must file their motion to compel discovery responses on the public docket, with a placeholder page in place of Exhibits H, I, J, R, S, T, and U, which shall remain under seal. Further, Defendants must redact from their motion to compel discovery responses any quotes or summaries of Exhibits H, I, J, R, S, T, and U. The Clerk's Office is **INSTRUCTED** to keep Docket No. 263 under seal.

IT IS SO ORDERED.

Dated: January 5, 2021

_____
Nancy J. Koppe
United States Magistrate Judge