UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>    Defendants. | Case No.: 2:18-cv-00585-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 282] |

Pending before the Court is Plaintiff's motion for leave to file under seal its response to Defendants' motion to compel discovery responses and certain exhibits to its response. Docket No. 282. *See also* Docket Nos. 283, 284 (sealed filings). The Court has considered Plaintiff's motion and declaration. Docket Nos. 282, 282-1. The motion is properly resolved without a hearing. *See* LR 78-1.

There is a strong presumption of public access to judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016). Parties

seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137).

Further, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *See e.g.*, *Ervine v. Warden*, 241 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

Plaintiff submits that good cause exists for sealing its response to Defendants' motion to compel discovery responses and Exhibits 1, 2, and 3 attached thereto. Docket No. 282 at 2–3. Specifically, Plaintiff submits that good cause exists to seal Exhibit 1 because this exhibit contains communications with foreign investigative authorities concerning ongoing investigations. Docket No. 282-1 at 2. Plaintiff further submits that sealing Exhibits 2 and 3 is proper because the exhibits contain information that may have a harmful effect on Plaintiff and its position within the competitive market. *Id.* at 2–3. Plaintiff fails to submit any justification for sealing the response in its entirety.

The Court finds that Plaintiff has failed to establish good cause for sealing its response and Exhibits 1, 2, and 3 in their entirety. Plaintiff has failed to explain why it cannot redact confidential information in its response, as well as Exhibits 1, 2, and 3, while leaving meaningful information available to the public. *See Foltz*, 331 F.3d at 1137.

Accordingly, Plaintiff's motion for leave to file under seal its response to Defendants' motion to compel discovery responses and certain exhibits attached thereto is **DENIED** without prejudice. Docket No. 282. Any renewed motion to seal must be filed no later than February 10, 2021. To the extent Plaintiff seeks leave to file only portions of its response and/or certain exhibits attached thereto under seal, Plaintiff must publicly file its response on the docket with proposed

redactions and placeholders for those exhibits it seeks to file under seal.  The documents at Docket Nos. 283 and 284 will remain under seal until further order of the Court.

IT IS SO ORDERED.

Dated: February 2, 2021

Nancy J. Koppe
United States Magistrate Judge