UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>    Defendants. | Case No. 2:18-cv-00585-RFB-NJK<br><br>**ORDER**<br><br>[Docket Nos. 385, 386] |

    Pending before the Court is Plaintiff's motion to retain confidentiality. Docket Nos. 385 (sealed), 386. The Court has considered Plaintiff's motion and Defendants' response. Docket Nos. 385, 395. No reply is needed. The motion is properly resolved without a hearing. *See* LR 78-1.

    "Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Parties should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c).

    Judges in this District have held that these rules require the movant to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow

and focus matters in controversy before judicial resolution is sought." *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This occurs when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.*

To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 171. Courts may look beyond the certification made to determine whether a sufficient meet and confer occurred. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). "A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention." *Id.*

Plaintiff submits that, on June 11, 2021, the parties met and conferred to discuss their positions on designating twenty-seven documents as "Highly Confidential" and limiting the same to "Attorneys' Eyes Only." Docket No. 385 at 5–6; *see also* Docket No. 385-1 at 2. Plaintiff's motion, however, seeks a Court order to designate thirty-three, not twenty-seven, documents as "Highly Confidential" and "Attorneys' Eyes Only." *See* Docket No. 385 at 3, 5; *see also* Docket Nos. 385-4, 385-5. Specifically, Plaintiff seeks to redesignate six additional documents that it already produced to Defendants from "Confidential" to "Highly Confidential." Docket No. 385 at 5 n.2. Plaintiff's motion fails to establish that the parties met and conferred with respect to these six additional documents. Moreover, while Plaintiff's motion submits that Defendants' counsel "has identified no reason why Mr. Okada himself must see these documents," *id.* at 14, Defendants' response presents substantial discussion on why Defendants oppose Plaintiff's request for "Highly Confidential" designations over the contested documents. *See* Docket No. 395 at 20–22. The Court, therefore, is not convinced that Plaintiff has met its burden of showing that a proper meet and confer occurred before it filed the instant motion.

Further, the Court previously denied Plaintiff's requests for confidentiality designations based, in part, on its failure to include the documents it sought to designate as confidential. *See, e.g.*, *Universal Entm't Corp. v. Aruze Gaming America, Inc.*, 2020 WL 8773067, at *4 (D. Nev. May 1, 2020). Plaintiff's motion again fails to provide to the Court all the documents it seeks to designate as "Highly Confidential" and "Attorneys' Eyes Only." As the Court previously stated, "the Court cannot rely on parties' descriptions in determining whether the documents are appropriately designated as confidential."[1] *Id.*

Accordingly, Plaintiff's motion to retain confidentiality designations, Docket Nos. 385 (sealed), 386, is hereby **DENIED** without prejudice. Any further motions must strictly comply with the Court's Local Rules and prior orders.

IT IS SO ORDERED.

Dated: August 5, 2021

Nancy J. Koppe
United States Magistrate Judge

---

[1] Defendants submit that they include the disputed documents as exhibits to their response in opposition to Plaintiff's motion. Docket No. 395 at 12. However, Plaintiff has not affirmatively indicated that the documents provided in Defendants' response are, in fact, the disputed documents. Moreover, some of these documents required translation, and it is unclear whether Plaintiff agrees with the translations Defendants provided. *See id.* Finally, a motion presented before the Court must be complete in and of itself.