# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>       Defendants. | Case No. 2:18-cv-00585-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 384] |

Pending before the Court is Plaintiff's motion for leave to file under seal portions of its motion to retain confidentiality designations and certain exhibits attached thereto. Docket No. 384. The Court has considered Plaintiff's motion and Defendants' response. Docket Nos. 384, 400. The motion is properly resolved without a hearing. *See* LR 78-1.

There is a strong presumption of public access to judicial records. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). The standard applicable to a motion to seal turns on whether the sealed materials are submitted in conjunction with a dispositive or a non-dispositive motion. Whether a motion is "dispositive" turns on "whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016). Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137).

Further, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *See e.g.*, *Ervine v. Warden*, 241 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

Plaintiff submits that good cause exists to file under seal Exhibits 3, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, and 16 and certain portions of its motion to retain confidentiality designations that quote from or summarize these exhibits. Docket No. 384 at 2. Plaintiff has publicly filed a redacted copy of its motion with placeholders for Exhibits 3, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, and 16. *See* Docket No. 386. Plaintiff submits that Exhibits 3, 4, 5, 6, 7, 10, and 13 are properly sealed because the exhibits contain communications with Hong Kong's Independent Commission Against Corruption, a foreign law enforcement authority, concerning potentially ongoing investigations. Docket No. 384 at 3. Plaintiff submits that allowing these exhibits to remain under seal will avoid interfering with any potentially ongoing investigations. *Id.* Plaintiff further submits that disclosure of these exhibits would cause harm "by potentially damaging its relationships with this law enforcement authority." *Id.* With respect to Exhibits 8, 9, 14, and 15, Plaintiff submits that good cause exists to seal these exhibits because they "reflect confidential sensitive personal information regarding Mr. Yoshinao Negishi about his interactions with Defendant Kazu Okada." *Id.* at 3–4. Specifically, Plaintiff submits that disclosure of the information in these exhibits would "be an intrusion of Mr. Negishi's privacy, who is not a party to this litigation." *Id.* at 4. Finally, Plaintiff submits that Exhibit 16 contains minutes from one of its board meetings and that disclosure of these minutes "would result in economic and competitive injury to [Plaintiff]." *Id.* Plaintiff further submits that Exhibit 16 contains information on its operations, internal governance, and deliberations among board members and that disclosure would restrict the free flow of information among its board members. *Id.*

2

In response, Defendants oppose Plaintiff's request to file under seal Exhibits 3, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, and 16 and the requested portions of Plaintiff's motion to retain confidentiality designations that quote from or summarize these exhibits. Docket No. 400 at 2. However, in support of their argument, Defendants merely submit that they incorporate by reference the arguments in their response in opposition to Plaintiff's motion to retain confidentiality designations. *Id.* The arguments in response to Plaintiff's motion to retain confidentiality designations, Defendants submit, establish that Plaintiff has failed to demonstrate good cause for sealing and redaction. *Id.* at 2–3.

Parties must file briefs that stand on their own. *See Ramirez v. Guinn*, 2004 WL 7338806, at *1 n.1 (D. Nev. May 26, 2004) ("Defendants' counsel is admonished that in the future, the practice of attaching an earlier-filed memorandum, without more, will be treated as a failure to file an opposition . . . and will constitute a consent to the granting of the motion"); *see also Friends of Moon Creek v. Diamond Lake Improvement, Ass'n, Inc.*, 2015 WL 2250456, at *1 (E.D. Wash. May 13, 2015) ("A party wishing to present a motion to the court needs to present the argument in a brief, clear, and concise fashion—not direct the court to search through . . . previously filed briefs to find an argument"); *Langella v. Cercone*, 2010 WL 2402940, at *6 n.1 (W.D. Pa. June 10, 2010) ("[I]f a party wants to utilize a specific legal argument already advanced to this Court . . . the party shall take the time to fully transcribe said argument into his or her document"). Defendants' response to the instant motion relies entirely on the arguments presented in response to a distinct motion and is therefore improper.[1]

The Court finds that Plaintiff has demonstrated good cause to seal Exhibits 3, 4, 5, 6, 7, 10, 13, and 16. Exhibits 3, 4, 5, 6, 7, 10, and 13 contain information directly related to potentially ongoing investigations by Hong Kong's Independent Commission Against Corruption. The Court

---

[1] Plaintiff's motion to retain confidentiality designations seeks to prevent Defendant Okada from accessing certain documents, while the instant motion seeks to prevent the public from accessing certain documents. In purporting to incorporate by reference the arguments in their response to Plaintiff's motion to retain confidentiality designations, Defendants' response to the instant motion fails to address this distinction. *See, e.g.*, *Murnane v. Las Vegas Metro. Police Dep't*, 2015 WL 5638224, at *2 (D. Nev. Sept. 24, 2015) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)) ("The Ninth Circuit has explained that the cognizable public interest in judicial records 'does not exist for documents produced between private litigants'").

is persuaded that public disclosure of these exhibits may negatively impact foreign law enforcement efforts and damage Plaintiff's relationship with Hong Kong's Independent Commission Against Corruption. *Cf. Music Grp. Macao Commercial Offshore Ltd. v. Foote*, 2015 WL 3993147, at *4 (N.D. Cal. 2015) (denying motion to seal investigative documents where "investigation is over, so there is no fear of interfering with an ongoing investigation"). The Court is also persuaded that the board of directors' meeting minutes in Exhibit 16 and the information contained therein "could lead to an improper use by competitors, 'circumvent[ing] the time and resources necessary in developing [the competitor's] own practices and strategies.'" *Baker v. SeaWorld Entm't, Inc.*, 2017 WL 5029612, at *5 (S.D. Cal. Nov. 3, 2017) (quoting *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)); *see also Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978)) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets"). As a result, the Court further finds good cause to redact any part of Exhibits 3, 4, 5, 6, 7, 10, 13, and 16 that is quoted from or summarized in Plaintiff's motion to retain confidentiality designations.

However, the Court finds that Plaintiff has failed to demonstrate the particularized showing of good cause required to seal Exhibits 8, 9, 14, and 15. Although Plaintiff submits that these exhibits are properly sealed because public disclosure would intrude upon Mr. Negishi's privacy, the information contained in these exhibits does not appear to be personal to Mr. Negishi. *Cf. Aevoe Corp. v. AE Tech. Co.*, 2013 WL 5923426, at *2 (D. Nev. Nov. 1, 2013) (citing *Triquint Semiconductor, Inc. v. Avago Techs., Ltd.*, 2011 WL 4947343, at *3, 5 (D. Ariz. Oct. 18, 2011)) ("[C]ourts have recognized the significant interest of non-party employees in keeping their employment files . . . secret"). Further, the exhibits appear to contain information that Mr. Negishi already disclosed to third parties. *See Murnane*, 2015 WL 5638224, at *12. "The mere fact that the production of records may lead to . . . embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

4

Accordingly, Plaintiff's motion seal, Docket No. 384, is hereby **GRANTED** in part and **DENIED** in part. No later than August 13, 2021, Plaintiff must refile its motion to retain confidentiality designations on the public docket, with a placeholder page in place of Exhibits 3, 4, 5, 6, 7, 10, 13, and 16 only. Further, Plaintiff must redact from its refiled motion to retain confidentiality designations any quotes or summaries of Exhibits 3, 4, 5, 6, 7, 10, 13, and 16.[2] The Clerk's Office is **INSTRUCTED** to keep Docket No. 385 under seal.

IT IS SO ORDERED.

Dated: August 6, 2021

Nancy J. Koppe
United States Magistrate Judge

---

[2] Having already denied Plaintiff's motion to retain confidentiality designations, the Court will deny Plaintiff's refiled motion to retain confidentiality designations as moot once it is filed.