# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>    Plaintiff(s),<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>    Defendant(s). | Case No. 2:18-cv-00585-RFB-NJK<br><br>**Order**<br><br>[Docket No. 394] |

Pending before the Court is Defendants' motion to seal. Docket No. 394. Plaintiff filed a supplement in support of the motion. Docket No. 408. Defendants filed an objection thereto. Docket No. 409.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a "particularized showing" of "good cause." *Id.* at 1180. Moreover, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *See, e.g.*, *Harper v. Nev. Prop. 1, LLC*, ___ F. Supp. 3d ____, 2021 WL 3418350, at *4 (D. Nev. Aug. 5, 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

The Court requires a supplemental showing from Plaintiff as to several exhibits. First, sealing is sought for Exhibits I and M on the basis that they relate to law enforcement

1

communications and/or identify those persons communicating with law enforcement. *See* Docket No. 408 at 3. It is not clear why such concerns cannot be addressed through redaction, as opposed to sealing the entirety of those exhibits.

Second, sealing is sought for Exhibits B, C, K, L, and Q based on generalized statements as to the need for confidentiality of internal business discussions without linking any particular document to any particular basis for confidentiality. *See* Docket No. 408 at 2. The Court requires meaningful discussion, supported by citation to legal authority, as to who <u>each</u> of these documents qualifies for secrecy from the public. *See Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing"). Moreover, it is not clear why Exhibits C, K, and L cannot be redacted rather than sealed in the event the Court finds that they contain information that warrants secrecy from the public.

Accordingly, Plaintiff must file a supplement addressing the issues identified above by September 30, 2021. Any response thereto may be filed by October 7, 2021, and any reply may be filed by October 14, 2021.

IT IS SO ORDERED.

Dated: September 23, 2021

Nancy J. Koppe
United States Magistrate Judge