# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>  Plaintiff(s),<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>  Defendant(s). | Case No. 2:18-cv-00585-RFB-NJK<br><br>**Order**<br><br>[Docket No. 394] |

Pending before the Court is Defendants' motion to seal. Docket No. 394. Plaintiff filed a supplement in support of the motion. Docket No. 408. Defendants filed an objection thereto. Docket No. 409. The Court issued an order requiring further showings. Docket No. 410. Plaintiff filed a supplemental response thereto. Docket No. 411. Defendants filed a response. Docket No. 412. Plaintiff filed a reply. Docket No. 413. The motion to seal is properly resolved without a hearing. Local Rule 78-1. For the reasons stated more fully below, the motion to seal is **GRANTED** in part and **DENIED** in part.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180.

The exhibits at issue here fall within three categories. First, the confidentiality designations have been removed from four of the exhibits, Docket No. 408 at 2, and neither party has advanced justification to seal those documents. As such, the motion to seal will be denied with respect to Exhibit E (Docket No. 397-1), Exhibit H (Docket No. 397-4), Exhibit J (Docket No. 397-6), and Exhibit O (Docket No. 397-11).

1

       Second, the motion seeks to seal documents related to law enforcement activities. Docket No. 408 at 3. In particular, Plaintiff seeks to protect such information from the public because it reflects communications with law enforcement and/or discloses the identities of witnesses providing statements. *See id.* The Court has already found good cause to seal such information and, in fact, has already sealed elsewhere some of the documents now before the Court. *See* Docket No. 403 at 3-4; *see also* Docket No. 274 at 2. For the same reason, good cause exists to protect such information from public disclosure here. As such, the motion to seal will be granted in full with respect to Exhibits D-1 through D-27 (Docket No. 396-4), Exhibit N (Docket No. 397-10), and Exhibit P (Docket No. 397-12). With respect to Exhibit I (Docket No. 397-5) and Exhibit M (Docket No. 397-9), the sensitive information warranting secrecy can be protected through redaction. *See* Docket No. 411 at 2; *see also* Docket No. 411-3 (redacted version of Exhibit I), Docket No. 411-6 (redacted version of Exhibit M). As such, the motion to seal will be granted in part as to these two documents in that redaction will be allowed.

       Third, the motion relates to documents addressing internal business deliberations that Plaintiff keeps confidential. *See* Docket No. 408 at 2-3.[1] Again, the Court has already found good cause to seal similar information in this case. *See* Docket No. 403 at 4. Moreover, the supplement provides additional justification for the sealing request as to these particular documents. Docket No. 411 at 2-6. As such, the motion to seal will be granted with respect to Exhibit B (Docket No. 396-2) and Exhibit Q (Docket No. 397-13). With respect to Exhibit C (Docket No. 396-3), Exhibit K (Docket No. 396-7), and Exhibit L (Docket No. 396-8), the sensitive information warranting secrecy can be protected through redaction. *See* Docket No. 411 at 2; *see also* Docket No. 411-2 (redacted version of Exhibit C), Docket No. 411-4 (redacted version of Exhibit K), Docket No. 411-5 (redacted version of Exhibit M). As such, the motion to seal will be granted in part as to these three documents in that redaction will be allowed.

---

[1] The Court is not persuaded that all such information should lose any protection because Defendants have identified a YouTube video apparently showing portions of a different board meeting. *See* Docket No. 412 at 3; *but see* Docket No. 413 at 3-4.

Lastly, Plaintiff seeks to redact portions of Defendants' underlying brief to the extent it quotes from or summarizes the contents of these exhibits. *See* Docket No. 408 at 2. For the reasons discussed above, good cause exists for those redactions.

Accordingly, the motion to seal is hereby **GRANTED** in part and **DENIED** in part. The Clerk's Office is **INSTRUCTED** to keep all of the subject documents sealed.

In addition, Plaintiff must file a "Notice of Compliance" that attaches a redacted version of the brief at Docket No. 395 in accordance with the findings made above regarding the exhibits being quoted or summarized.[2] The notice must also attach unredacted versions of Exhibit E, Exhibit H, Exhibit J, and Exhibit O. Plaintiff must file this notice by November 10, 2021.

IT IS SO ORDERED.

Dated: October 27, 2021

                Nancy J. Koppe
                United States Magistrate Judge

---

[2] As redacted versions of Exhibit C, Exhibit I, Exhibit K, Exhibit L, and Exhibit M have already been filed on the public docket, *see* Docket No. 411, no further action is necessary with respect to these exhibits.