1  J. Stephen Peek, Esq. (1758)
   Bryce K. Kunimoto, Esq. (7781)
2  Jessica E. Whelan (14781)
   Erica C. Medley (13959)
3  HOLLAND & HART LLP
   9555 Hillwood Drive, 2nd Floor
4  Las Vegas, NV 89134
   Phone: 702.669.4600
5  Fax: 702.669.4650
   speek@hollandhart.com
6  bkunimoto@hollandhart.com
   jewhelan@hollandhart.com
7  ecmedley@hollandhart.com

8  *Attorneys for Defendants Aruze Gaming
   America, Inc. and Kazuo Okada*
9
   Jeffrey S. Love, Esq. (*pro hac vice*)
10 Kristin L. Cleveland, Esq. (*pro hac vice*)
   Caroline L. Desmond (*pro hac vice*)
11 Ryan L. Frei (*pro hac vice*)
   KLARQUIST SPARKMAN, LLP
12 One World Trade Center
   121 S.W. Salmon Street, Suite 1600
13 Portland, Oregon 97204
   jeffrey.love@klarquist.com
14 kristin.cleveland@klarquist.com
   caroline.desmond@klarquist.com
15 ryan.frei@klarquist.com

16 *Attorneys for Defendant Aruze Gaming
   America, Inc.*

17                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
18

19 UNIVERSAL ENTERTAINMENT              Case No.: 2:18-cv-00585-RFB-NJK
   CORPORATION, a Japanese corporation,
20                              Plaintiff,    **DEFENDANT ARUZE GAMING**
                                              **AMERICA, INC.'S OPPOSITION TO**
   v.                                         **UNIVERSAL ENTERTAINMENT**
21                                            **CORP.'S MOTION TO COMPEL**
   ARUZE GAMING AMERICA, INC. a Nevada       **PRODUCTION OF RSM DOCUMENTS**
   corporation, KAZUO OKADA, an individual,
22
                                Defendants.
23
   ARUZE GAMING AMERICA, INC., a Nevada
24 corporation, KAZUO OKADA, an individual,
                          Counter-Claimants,
25
   v.
26 UNIVERSAL ENTERTAINMENT
   CORPORATION, a Japanese corporation,
27 ARUZE USA, a Nevada corporation, and JUN
   FUJIMOTO, an individual,
28
                       Counter-Defendants.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1

Defendant Aruze Gaming America, Inc. ("AGA") hereby files this Opposition to UEC's Motion to Compel RSM Documents Withheld under Unsupported Privilege Claims (the "Motion") This Opposition is based on the attached Memorandum of Points and Authorities, the exhibits attached thereto, the papers and pleadings on file in this action, and any oral argument this Court may allow.

DATED this 13th day of October 2022.

**HOLLAND & HART LLP**

*/s/ Jessica E. Whelan*

J. Stephen Peek, Esq.
Bryce K. Kunimoto, Esq.
Jessica E. Whelan, Esq.
Erica C. Medley, Esq.
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

*Attorneys for Defendants Aruze Gaming America, Inc. and Kazuo Okada*

Jeffrey S. Love, Esq. (*pro hac vice*)
Kristin L. Cleveland, Esq. (*pro hac vice*)
Caroline L. Desmond (*pro hac vice*)
Ryan L. Frei (*pro hac vice*)
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Ste 1600
Portland, Oregon 97204
*Attorneys for Defendant Aruze Gaming America, Inc.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

UEC's Motion seeks to invade AGA's attorney-client privilege with respect to communications between AGA's in-house counsel and tax consultants advising AGA's in-house counsel concerning a global restructure of AGA's business that occurred nearly a decade ago. Setting aside the fact that UEC's efforts are inappropriate, it is unclear what relevant information UEC hopes to gain from this exercise.  Nevertheless, to protect the attorney-client privileged nature of AGA's communications with RSM, AGA must oppose this Motion.

AGA has produced over 1,700 documents with the keyword "RSM" or "McGladrey," where RSM was acting in some other capacity than as a consultant to AGA's in-house lawyers; specifically, where RSM acted in its capacity as accountant or outside auditor, AGA has produced those documents.  **Exhibit A**, ¶¶ 4–5. While the *Kovel* exception to waiver of attorney-client privilege is a narrow one, AGA has applied it narrowly by withholding only sixty-three RSM communications where RSM served as a necessary consultant to AGA's lawyers in connection with the global restructure of AGA.  The Court should find AGA's privilege claim proper in light of the evidentiary support provided herein and should deny UEC's Motion.

## II.     STATEMENT OF FACTGS

### A.     *AGA Engaged RSM under a Master Services Agreement and Subsequent Statements of Work.*

On June 25, 2013, AGA and RSM executed a Master Services Agreement ("MSA"), which provided the framework for future tax consulting work for which AGA would engage RSM.  **Exhibit B**, at ¶ 4.  Specifically, the MSA provided that AGA would, from time to time, identify tax services desired to be performed by RSM and authorize the performance of such services on a project-by-project basis, pursuant to separate statements of work.  *Id.*  The parties acted in accordance with this understanding and, on August 22, 2013, executed several statements of work, as follows:

- Statement of Work Number 1, pursuant to which RSM would (1) determine the value of the intellectual property to be used by Aruze Gaming Hong Kong

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

3

("AGHK") in the corporate restructure, and (2) complete the transfer pricing documentation for U.S. income tax purposes on the intellectual property transfer based on the actual structure and business operations established.  *See, e.g.,* Mot. Ex. 2, at AGA00200909.[1]

- Statement of Work Number 2, pursuant to which RSM would "assist [AGA] with a transfer pricing benchmarking analysis for application to routine functions performed by the Company's affiliates worldwide[.]"  **Exhibit D**.[2]

- Statement of Work Number 3, pursuant to which RSM would "assist [AGA] with the global restructuring by developing one or more strategies," including "conduct[ing] research of U.S. tax laws as well as foreign tax laws where appropriate," and "work[ing] with [AGA] to ensure that the strategy or strategies we develop are suitable to the current business needs and future business plans of [AGA]."  **Exhibit E**.[3]

On or about December 19, 2014, the parties executed Statement of Work Number 8, which related to the global restructure and pursuant to which RSM would "assist [AGA] in determining the Branch Recapture Limitation," concerning the transfer of AGA's Japan research and development branch to Aruze Software, K.K.  **Exhibit F**.[4]

On or about December 2014, the parties executed Statement of Work Number 10, pursuant to which RSM would "assist [AGA] with a transfer pricing benchmarking analysis refresh for application to intercompany transactions related to routine functions performed by the Company's affiliates worldwide[.]"  Ex. B, ¶ 10.

---

[1] This statement of work was revised on or about December 10, 2014.  *See* **Exhibit C**.  Although AGA previously designated this document as "Confidential," AGA agrees to downgrade the confidentiality of this document to not confidential.

[2] Production of this document in discovery is forthcoming.

[3] Production of this document in discovery is forthcoming.

[4] Production of this document in discovery is forthcoming.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

On or about February 25, 2015, the parties executed Statement of Work Number 11, pursuant to which RSM would continue to assist in restructuring AGA's global supply chain by, among other things, performing technical analysis and recommendations relating to the transfer of intellectual property and transfer of shares.  **Exhibit G**.[5]

**B.     AGA's Engagement of RSM Was Integral to AGA In-House Counsel's Legal Advice to AGA Regarding the Global Restructuring.**

AGA's then-General Counsel, Robert Ziems (now AGA's Global Chief Legal Officer), led the company's global restructure.  Ex. B, ¶ 12.  As with any international intercompany transaction, it was necessary for Mr. Ziems to obtain professional advice regarding transfer pricing and domestic and foreign tax strategy.  *Id.*  Mr. Ziems considered RSM's tax advice necessary to enable him to provide legal advice to the company regarding the global restructuring; in other words, he relied on the advice received from RSM to provide legal advice to AGA in effectuating its global restructure.  *Id.*, ¶ 14.

## III.     LEGAL ARGUMENT

### A.     Legal Standard

It is axiomatic that the attorney-client privilege protects confidential communications between a client and his or her attorney for the purpose of obtaining or dispending legal advice. *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996).  "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."  *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981).  Federal privilege law applies where the court's jurisdiction is based on a federal question.  *Natl'l Labor Relations Bd. v. N. Bay Plumbing, Inc.*, 102 F.3d 1005, 1009 (9th Cir. 1996) (citing Fed. R. Evid. 501)).  The burden of establishing the attorney-client relationship and the privileged nature of each communication lies with the party claiming privilege.  *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997).

---

[5] Although AGA previously designated this document as "Confidential," AGA agrees to downgrade the confidentiality of this document to not confidential.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

"One of the elements that the asserting party must prove is that it has not waived the privilege." *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

### B. AGA's Communications with RSM Are Privileged under the Kovel Doctrine.

Generally, inclusion of a third party, including other professionals such as accountants, on an otherwise attorney-client privileged communication results in waiver of the privilege. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012) (citations omitted). However, "under what has been called the '*Kovel* doctrine,' material transmitted to accountants may fall under the attorney-client privilege if the accountant is acting as an agent of an attorney for the purpose of assisting with the provision of legal advice." *ChromaDex, Inc. v. Elysium Health, Inc.*, No. SA CV 16-02277-CJC (DFIN/Lx), 2019 U.S. Dist. LEXIS 229233 at *5 (C.D. Cal. Dec. 20, 2019) (citing *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961)). For a communication to fall within the *Kovel* doctrine, it must be "necessary, or at least highly useful,[6] for the effective consultation between the client and the lawyer which the privilege is designed to permit." *Kovel*, 296 F.2d at 922.

In *Discovery Land Co. LLC v. Berkley Ins. Co.*, No. CV-20-01541-PHX-JJT, 2022 U.S. Dist. LEXIS 11604 at *25–*26 (D. Ariz. Jan. 21, 2022), the district court considered the defendants' challenge to attorney-client privileged communications between in-house counsel and plaintiff's insurance broker. Specifically, the defendants argued that the communications took place in the ordinary course of business and thus were not protected by the attorney-client privilege. *Id.* at *26. The plaintiffs argued that in-house counsel's communications with the broker "were for the purpose of obtaining information that would be used to provide legal advice to [the plaintiff]," and thus the communications were privileged. *Id.* In support, the plaintiffs provided a declaration from their in-house counsel averring that the communications at issue were "to obtain information for the purpose of developing legal recommendations and strategies in connection with the anticipated litigation with Defendants, and to be able to provide informed

---

[6] UEC's Motion to Compel conveniently omits the portion of this standard that states the communication may be "at least highly useful," implying that the standard is that the communication must be strictly "necessary." ECF No. 572, p. 7.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

and candid advice to Plaintiffs." *Id.* at *27 (citation omitted).  The defendants argued only that certain descriptions of the communications on the plaintiffs' privilege log contradicted that claim. *Id.*  The district court found the defendants' argument unpersuasive, credited in-house counsel's declaration, and denied the defendants' motion to compel.  *Id.* at *27–*28.

Here, AGA has submitted a declaration of its in-house counsel, Robert Ziems, attesting to the fact that he engaged and communicated with RSM for the purpose of assisting him in providing legal advice to AGA concerning AGA's global restructuring. Ex. B, ¶ 12.  Mr. Ziems also averred that the communications with RSM were necessary for his effective consultation with AGA regarding the global restructuring.  *Id.*, ¶ 14.  Indeed, the scope of work performed by RSM included "complex quantitative analyses and extensive information-gathering that was beyond . . . counsel's resources and abilities, but was uniquely with [accountant's] qualifications." *See Lawrence E. Jaffe Pension Plan v. Household Intl, Inc.*, 244 F.R.D. 412, 420 (N.D. Ill. 2006) (concluding company's retention of accounting firm to be necessary and indispensable to counsel's ability to render legal advice); Ex. B, ¶ 13.

Specifically, AGA engaged RSM to assist in obtaining a valuation of AGA's intellectual property, complete transfer pricing documentation for U.S income tax purposes, assist with a transfer pricing benchmarking analysis, assist in developing strategies with respect to the corporate restructure, assist in determining the branch recapture limitation, and perform technical analysis and recommendations relating to the transfer of intellectual property and the transfer of shares.  *See supra*, § II(A).  Each of these items was necessary to completing the global restructure, was outside AGA's in-house counsel's resources and abilities, and was uniquely within RSM's qualifications.  Ex. B, ¶ 13.

### C.   *UEC's Further Arguments Regarding Waiver Are Unpersuasive*

UEC posits two additional reasons why RSM could not have been performing services necessary to Mr. Ziems' provision of legal advice to AGA in the global restructure: first, that RSM performed accounting, tax, and consultancy services, and (2) AGA initially claimed "accountant-client privilege" over the RSM communications on earlier installments of its privilege log.  ECF No. 572, pp. 2–3.  Neither of these arguments changes the analysis.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

First, AGA is a privately owned company and is not subject to the strict audit independence requirements to which a public company is subject under the Sarbanes-Oxley Act of 2002.  *See Musin v. Honeywell Intl*., 2:19-cv-02058-JAD-NJK, 2020 U.S. Dist. LEXIS 233194 at *1 (D. Nev. Dec. 11, 2020) (dismissing claims against private companies not covered under Sarbanes-Oxley Act).  Thus, RSM was permitted to perform accounting, tax, and consultancy services for AGA.  AGA has produced and will continue to produce documents and communications with RSM that relate to accounting and tax services; AGA withholds only those communications involving consultancy services for AGA that were necessary to aid in-house counsel in providing legal advice to AGA in connection with its global restructure.  Ex. A, ¶ 5.  As UEC's Motion to Compel notes, AGA has withheld only sixty-three documents on this basis.  By comparison, AGA has produced over 1,700 documents with the keywords "RSM" or "McGladrey."  *Id.*, ¶ 4.

Second, UEC devotes a single paragraph of its Motion to Compel to informing the Court that AGA previously sought to claim accountant-client privilege over the RSM communications.  *See* ECF No. 572, pp. 4–5.  While UEC is correct, UEC cites no case law and makes no cogent argument as to why this fact supports that AGA's present claim of attorney-client privilege is improper.  *See id.*  Parties routinely amend their privilege logs, as UEC itself has done in this action, and courts in this Circuit routinely accept and approve such amended privilege logs.  *See, e.g., Renovate Am., Inc. v. Lloyd's Syndicate 1458*, No. 19-CV-1456-GPC(WVG), 2020 U.S. Dist. LEXIS 193808 at *3, n.1 (S.D. Cal. Oct. 19, 2020) (finding privilege log amended to add claim of work product protection facially sufficient).

### D.   UEC Already Has Non-Privileged Documents Providing AGA IP Valuations.

In arguing the relevance of the documents sought, UEC asserts that "Defendants' and third parties' evaluation of AGA's intellectual property rights are plainly relevant for Universal to defend against AGA's contention that it was licensed to use Universal's intellectual property."  ECF No. 572, p. 8, n. 2.  More specifically, UEC's Motion purports to seek information concerning the evaluation of AGA's intellectual property holdings "related to a contemplated

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

1  global business restructuring of AGA in the 2013–2015 timeframe." *Id*. at 2:6–2:13.  But UEC

2  already has in its possession detailed valuations related to this global business restructuring.

3  Specifically, AGA has produced third-party valuations of its intellectual property related

4  to the global restructuring involving AGA's Hong Kong affiliate, Aruze Gaming Hong Kong Ltd.

5  ("AGHK") dated at or around the time of the restructuring.  Ex. A, ¶ 6.  AGA has also produced

6  more recent valuations showing the value of intellectual property as transferred back from AGHK

7  to AGA.  *Id.*, ¶ 7.  Because the discovery UEC now seeks to compel would be cumulative of other

8  documents already produced, UEC does not need, and is not entitled to, the privileged RSM

9  documents.

**IV.   CONCLUSION**

Based upon the foregoing, Aruze Gaming America, Inc. respectfully requests that the

Court deny Universal Entertainment Corporation's Motion to Compel Production of RSM

Documents.

DATED this 13th day of October 2022.

**HOLLAND & HART LLP**

By  */s/ Jessica E. Whelan*
J. Stephen Peek, Esq.
Bryce K. Kunimoto, Esq.
Jessica E. Whelan, Esq.
Erica C. Medley, Esq.
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134

*Attorneys for Defendants Aruze Gaming America,
Inc. and Kazuo Okada*

Jeffrey S. Love, Esq. (*pro hac vice*)
Kristin L. Cleveland, Esq. (*pro hac vice*)
Caroline L. Desmond (*pro hac vice*)
Ryan L. Frei (*pro hac vice*)
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Ste 1600
Portland, Oregon 97204

*Attorneys for Defendant Aruze Gaming America, Inc.*

9

1

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October 2022, a true and correct copy of the foregoing **DEFENDANT ARUZE GAMING AMERICA, INC.'S OPPOSITION TO UNIVERSAL ENTERTAINMENT CORP.'S MOTION TO COMPEL PRODUCTION OF RSM DOCUMENTS** was served by the following method(s):

☒   Electronic:  by submitting electronically for filing and/or service with the United States District Court, District of Nevada's e-filing system and served on counsel electronically in accordance with the E-service list to the following email addresses:

Jay J. Schuttert, Esq. – jschuttert@efstriallaw.com
David W. Gutke, Esq. – dgutke@efstriallaw.com
EVANS FEARS & SCHUTTERT LLP
2300 West Sahara Ave Ste 900
Las Vegas, NV 89101

Bruce R. Genderson, Esq. – bgenderson@wc.com
David M. Krinsky – dkrinsky@wc.com
Adam D. Harber – aharber@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024

David S. Krakoff – dkrakoff@buckleyfirm.com
Lauren R. Randell – lrandell@buckleyfirm.com
Adam B. Miller – amiller@buckleyfirm.com
Preston Burton – pburton@buckleyfirm.com
BUCKLEY LLP
2001 M. St. NW, Suite 500
Washington DC 20036

*Attorneys for Plaintiff and Counter Defendants*


___*/s/ Valerie Larsen*_____
An Employee of Holland & Hart LLP

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

## INDEX OF EXHIBITS

| Exhibit | Description | Page No. |
|---------|-------------|----------|
| A | Declaration of Jessica Whelan | 1-4 |
| B | Declaration of Robert Ziems | 5-9 |
| C | AGA00227802 | 10-14 |
| D | AGA00312999 | 15-20 |
| E | AGA00313004 | 21-24 |
| F | AGA00313015 | 25-28 |
| G | AGA00232739 | 29-32 |

19804522_v1

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134