# EXHIBIT B

## Declaration of Robert Ziems

# EXHIBIT B

J. Stephen Peek, Esq. (1758)
Bryce K. Kunimoto, Esq. (7781)
Jessica E. Whelan (14781)
Erica C. Medley (13959)
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
speek@hollandhart.com
bkunimoto@hollandhart.com
jewhelan@hollandhart.com
ecmedley@hollandhart.com

*Attorneys for Defendants Aruze Gaming America, Inc. and Kazuo Okada*

Jeffrey S. Love, Esq. (*pro hac vice*)
Kristin L. Cleveland, Esq. (*pro hac vice*)
Caroline L. Desmond (*pro hac vice*)
Ryan L. Frei (*pro hac vice*)
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
jeffrey.love@klarquist.com
kristin.cleveland@klarquist.com
caroline.desmond@klarquist.com
ryan.frei@klarquist.com

*Attorneys for Defendant Aruze Gaming America, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation,<br>Plaintiff,<br>v.<br>ARUZE GAMING AMERICA, INC. a Nevada corporation, KAZUO OKADA, an individual,<br>Defendants.<br><br>ARUZE GAMING AMERICA, INC., a Nevada corporation, KAZUO OKADA, an individual,<br>Counter-Claimants,<br>v.<br>UNIVERSAL ENTERTAINMENT CORPORATION, a Japanese corporation, ARUZE USA, a Nevada corporation, and JUN FUJIMOTO, an individual,<br>Counter-Defendants. | Case No.: 2:18-cv-00585-RFB-GWF<br><br>**DECLARATION OF ROBERT ZIEMS, ESQ., IN SUPPORT OF DEFENDANT ARUZE GAMING AMERICA, INC.'S OPPOSITION TO UNIVERSAL ENTERTAINMENT CORP.'S MOTION TO COMPEL PRODUCTION OF RSM DOCUMENTS** |

1

006

I, Robert Ziems, Esq., declare as follows:

1. I am over eighteen years of age and competent to testify to the facts stated herein, which are based on personal knowledge unless stated otherwise, and if called upon to testify, I could and would testify competently to the following.

2. I am currently the President, Secretary, and Global Chief Legal Officer for Aruze Gaming America, Inc. ("AGA"), Defendant/Counter-Claimant in the above-captioned matter. Previously from 2012-2015, I served as AGA's General Counsel.

3. I submit this declaration in support of AGA's Opposition to Universal Entertainment Corporation's Motion to Compel Production of RSM Documents (the "Opposition").

4. On June 25, 2013, AGA and accounting firm RSM McGladrey ("RSM") executed a Master Services Agreement, which provided the framework for future tax consulting work for which AGA would engage RSM. Specifically, the MSA provided that AGA would, from time to time, identify tax services desired to be performed by RSM and authorize the performance of such services on a project-by-project basis, pursuant to separate statements of work.

5. Shortly after execution of the MSA, AGA and RSM executed three statements of work, pursuant to which RSM would provide tax consulting services in connection with the global restructure of AGA's business.

6. Pursuant to Statement of Work Number 1, RSM was to (1) determine the value of the intellectual property to be used by Aruze Gaming Hong Kong ("AGHK") in the corporate restructure, and (2) complete the transfer pricing documentation for U.S. income tax purposes on the intellectual property transfer based on the actual structure and business operations established. This Statement of Work was revised on or about December 10, 2014. A true and correct copy of Revised Statement of Work Number 1 is attached to the Opposition as **Exhibit C**.

7. A true and correct copy of Statement of Work Number 2, pursuant to which RSM would "assist [AGA] with a transfer pricing benchmarking analysis for application to routine

functions performed by the Company's affiliates worldwide," is attached to the Opposition as **Exhibit D**.

8. A true and correct copy of Statement of Work Number 3, pursuant to which RSM would "assist [AGA] with the global restructuring by developing one or more strategies," including "conduct[ing] research of U.S. tax laws as well as foreign tax laws where appropriate," and "work[ing] with [AGA] to ensure that the strategy or strategies we develop are suitable to the current business needs and future business plans of [AGA]," is attached to the Opposition as **Exhibit E**.

9. A true and correct copy of Statement of Work Number 8, which related to the global restructure and pursuant to which RSM would "assist [AGA] in determining the Branch Recapture Limitation," concerning the transfer of AGA's Japan research and development branch to Aruze Software, K.K., is attached to the Opposition as **Exhibit F**.

10. In or about December 2014, the parties executed Statement of Work Number 10, pursuant to which RSM would "assist [AGA] with a transfer pricing benchmarking analysis refresh for application to intercompany transactions related to routine functions performed by the Company's affiliates worldwide[.]" AGA has been unable to locate a copy of Statement of Work Number 10 and has requested a copy of the same from RSM. At the time of the filing of the Opposition, RSM has not been able to provide a copy of Statement of Work Number 10.

11. A true and correct copy of Statement of Work Number 11, pursuant to which RSM would continue to assist in restructuring AGA's global supply chain by, among other things, performing technical analysis and recommendations relating to the transfer of intellectual property and transfer of shares, is attached to the Opposition as **Exhibit G**.

12. As then-General Counsel of AGA, I led the global restructuring project and provided legal advice to AGA regarding the same. Because the transaction at issue was an international intercompany transaction, it was necessary for me to obtain professional advice regarding transfer pricing and domestic and foreign tax strategy. AGA therefore engaged RSM to provide tax consulting services to assist me in my provision of legal advice to the company.

13. RSM's work included assisting in obtaining valuation of AGA's intellectual property, completion of transfer pricing documentation for U.S. income tax purposes, assisting with a transfer pricing benchmarking analysis, assisting in determining branch recapture limitations, and performing technical analysis and recommendations relating to the transfer of intellectual property and the transfer of shares. In sum, RSM performed complex quantitative analyses and extensive information gathering that was beyond my resources and abilities, but uniquely within RSM's qualifications.

14. I considered at the time, and still consider today, that RSM's services were necessary to my ability to render legal advice to AGA regarding its global restructure. I relied on the advice received from RSM to provide legal advice to AGA in effectuating its global restructure.

Executed on this 13th day of October, 2022.

/s/ Robert Ziems
ROBERT ZIEMS

20001803_v1