UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>   Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>   Defendants. | Case No. 2:18-cv-00585-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 551, 552] |

Pending before the Court is Defendants' motion for leave to extend duration of depositions. Docket No. 552. Plaintiff filed a response, Docket No. 586, and Defendants filed a reply, Docket No. 596. Also pending before the Court is Defendants' motion to seal the motion for leave to extend. Docket No. 551. Pursuant to the requirements of this case's protective order, Docket No. 203 at 2, Plaintiff filed a notice regarding the designated documents to be sealed, Docket No. 585. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.   BACKGROUND**

Defendants seek leave to extend the duration of three depositions. The parties and the Court are familiar with the background of this case. Accordingly, the Court will summarize only the factual and procedural information relevant to the instant motion.

An initial scheduling order was entered in this case on July 16, 2018. Docket No. 26. To facilitate discovery, the parties proposed, and the Court granted several stipulations governing the discovery process. *See* Docket Nos. 38 (confidentiality and protective order), 39 (ESI order), 48 (translation and interpretation protocol order), 88 (deposition protocol order), 202 (amended protective and confidentiality order). The Deposition Protocol was entered on May 28, 2019. Docket No. 88. Before the Deposition Protocol was entered, Defendants alone had issued 163 requests for production and Plaintiff had produced 25,000 documents. Docket No. 586 at 4. Substantially modifying the default rules for depositions, the Protocol allows for each side to take

Case 2:18-cv-00585-RFB-NJK   Document 638   Filed 11/30/22   Page 2 of 8

up to twenty-five depositions. *Id.* at 2. Depositions of non-English speakers were expanded to last two eight-hour days. *Id.* Rule 30(b)(6) depositions were also expanded to a two-day duration. *Id.* Most relevant to the instant motion, the Protocol allowed for each party to take five depositions of non-English speakers lasting four days of eight hours per day. *Id.* at 2-3. Defendants now seek to extend the duration of three of the four-day depositions to eight days. Docket No. 552 at 3.

**II.  STANDARDS**

"Discovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). To encourage a cooperative discovery process, this Court's Local Rules require parties to meet and confer before filing a discovery motion with the Court. Local Rule 26-6(c). Parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).[1]

"Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). Courts must allow for additional time if it is necessary to fairly examine the deponent, subject to the limitations of Federal Rules of Civil Procedure 26(b)(1) and (2).[2][3] *Id.* "[A] showing of good cause is necessary to justify a court order seeking to extend a deposition." *Mielke v. Standard Metals Processing, Inc.*, 2015 WL 2152664, *4 (D. Nev. 2015). When considering whether good cause exists to extend a deposition, a court may consider: (1) whether the witness needs an interpreter, (2) whether the deposition will cover events spanning a

---

[1] The last meet and confer regarding extending depositions occurred on June 3, 2022; however, the instant motion was not filed until August 19, 2022. Docket No. 552 at 4. Such a delay between meeting and conferring and the filing of the instant motion raises concerns that the parties did not truly "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Cardoza*, 141 F. Supp. 3d at 1145. Further, the Court has reviewed several of the pending discovery motions in this case and has serious concerns that the parties are not taking seriously their obligation "to be cooperative, practical and sensible" in conducting discovery. *Id.*

[2] Subsequent references to "Rule" are references to the Federal Rules of Civil Procedure.

[3] Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(2) requires a court to limit discovery that is unreasonably cumulative or duplicative, can be obtained from a less burdensome source, is outside the scope of Rule 26(b)(1), or that the requesting party has already had an ample opportunity to obtain in the action. Fed. R. Civ. P. 26(b)(2)(C).

2

long period of time, (3) whether the witness will be questioned about numerous or lengthy documents, and (4) whether the witness will be examined by multiple parties. Fed. R. Civ. P. 30 (Advisory Committee Notes to the 2000 Amendment).

### III. DISCUSSION

Defendants submit that good cause exists to extend the depositions of (1) Mr. Jun Fujimoto, (2) Mr. Toji Takeuchi, and (3) Universal Entertainment Corporation's ("UEC") Rule 30(b)(6) deponent. Docket No. 552 at 3. Defendants submit that four main arguments demonstrate good cause to extend these depositions. First, Defendants submit that the need for translation means that the substantive time of each deposition will be less than it would be for a non-translated deposition. *Id.* at 5-6, 9, 11. Second, Defendants submit that the depositions will cover a variety of events occurring over a long period of time. *Id.* at 6-7, 9-11. Third, Defendants submit that the depositions will involve numerous lengthy documents. *Id.* at 7-10, 12-14. Finally, Defendants submit that the depositions will involve questioning by multiple parties. *Id.* at. 9, 11.

Plaintiff submits that good cause does not exist to extend the depositions. Plaintiff submits that the requested extensions run contrary to the requirements of Rule 30. Docket No. 586 at 7-8. Plaintiff further submits that Defendants' concerns are properly accounted for in the Deposition Protocol, and that nothing has changed in the case warranting deviation from the agreed-upon procedures. *Id.* at 8-12. Plaintiff additionally submits that good cause does not exist for any of Defendants' particular requests for leave to extend the duration of depositions. *Id.* at 12-17. Defendants have the better argument.[4]

A. <u>General Factors</u>

The Court will address the parties' general submissions before addressing the submissions specific to each deponent. Plaintiff is correct that the need for translation was accounted for in the Deposition Protocol. *Id.* at 9. However, as Defendants observe, translated depositions tend to proceed at a slower pace and produce less substantive information in the same amount of time than

---

[4] The parties each submit that concerns about judicial economy support their respective positions. Docket Nos. 552 at 14, 586 at 17-19. The extensive and ongoing discovery motion practice in this case suggests to the Court that, regardless of how it rules on Defendants' motion, judicial economy will suffer.

non-translated depositions. Docket No. 552 at 6. Plaintiffs are also correct that Defendants knew at the time the Deposition Protocol was entered that multiple parties would need to question deposition witnesses. Docket No. 586 at 10. However, the Deposition Protocol made clear that the parties reserved the right to otherwise move for extensions of depositions. Docket No. 88 at 3. Accordingly, the fact that the Deposition Protocol accounted for these factors does not preclude the relief Defendants seek.

The second factor, whether the depositions will cover events spanning a long period of time, supports granting leave to extend the depositions. Defendants indicate that Mr. Fujimoto's deposition will cover events spanning over a decade, Docket No. 552 at 6-7; Mr. Takeuchi's deposition will cover events occurring over an eight-year period, *id.* at 11; and UEC's Rule 30(b)(6) deponent will testify about events occurring over a fifteen-year timespan, *id.* at 9-10. Moreover, the events the deponents may be questioned about are complicated and varying. Deposition subjects could relate to the patent allegations, *see id.* at 6; Docket No. 553-2 at 25; the alleged corporate malfeasance and the related Special Investigation Committee ("SIC"); *see* Docket No. 552 at 6, 9, 11; and the interpretation and applicability of corporate policies, *see id.* at 9, 13. Considering the limitations posed by translated depositions discussed above, the Court finds that the number of events occurring over such long periods of time constitutes good cause to extend the depositions.

The third factor, whether the witnesses will be questioned about numerous or lengthy documents, also supports granting leave to extend the depositions. Defendants list numerous documents they will present at Mr. Fujimoto's deposition. *Id.* at 7-8. They further state that, of the 163 topics for UEC's Rule 30(b)(6) deposition, 72 will involve references to documents produced in discovery. *Id.* at 10. Finally, Defendants indicate that Mr. Takeuchi's deposition will involve substantial questioning about documents pertaining to a disputed loan transaction and corporate policies. *Id.* at 12-13. These representations were made before discovery closed, and the remaining discovery to be completed could result in *hundreds of thousands* of additional documents that are potentially relevant to the depositions being disclosed.

Plaintiff submits that Defendants misrepresent the third factor. Docket No. 586 at 11. Plaintiff asserts that the number of documents to be used is only relevant in the good cause analysis if the documents to be used in the deposition are disclosed prior to the deposition, but the deponent does not review the documents. *Id.* However, Courts have focused on the number of documents to be used in the deposition, and not the documents' pre-deposition disclosure status, as the relevant consideration. *See Tankersley v. MGM Resorts Int'l*, 2022 WL 1395457, *3 (D. Nev. 2022); *Lassiter v. Hidalgo Med. Services*, 2018 WL 3377707, *2 (D.N.M. 2018) ("[C]ourts may consider a number of factors, including … (2) whether the witness will be questioned about numerous or lengthy documents); *Brooks v. Motsenbocker Advanced Devs., Inc.*, 2008 WL 2033712, *3 (S.D. Cal. 2008). Moreover, the Advisory Committee notes mention numerous documents as a relevant factor insofar as the number of documents risks "prolonging the deposition." Fed. R. Civ. P. 30 (Advisory Committee Notes to the 2000 Amendment). Here, the number of documents to be used will almost certainly prolong the depositions. Plaintiff's submission that Defendants misrepresent this factor is, therefore, unpersuasive. The Court, therefore, finds that the large number of documents to be used in the depositions, which could grow larger, constitutes good cause to extend the depositions.

B.      Deposition Specific Submissions

Plaintiff raises certain additional arguments against extending Mr. Fujimoto's deposition. Plaintiff first submits that Defendants always planned to exhaust Mr. Fujimoto's knowledge about the Special Investigation Committee, regardless of whether certain documents are disclosed or not. Docket No. 586 at 14. Accordingly, Plaintiff submits that the need to depose Mr. Fujimoto on the SIC documents does not constitute good cause to extend his deposition. *Id.* The Special Investigation Committee, however, will constitute only one topic of Mr. Fujimoto's deposition. *See* Docket No. 552 at 6. Moreover, the disclosure status of the documents does not impact the analysis. If the documents remain undisclosed, Defendants may need Mr. Fujimoto to provide information regarding what is contained within them. If the documents are disclosed, Defendants may need to question Mr. Fujimoto regarding their specific contents and implications. Mr. Fujimoto may have substantial information regarding every facet of this case and the related

5

documents that warrants granting leave to extend his deposition. Plaintiff's reference to the policy of limiting "apex depositions" fails for similar reasons. Docket No. 586 at 13 n. 8. Mr. Fujimoto has extensive and "unique, personal knowledge" of the complicated events underlying this case such that the "tremendous potential for abuse and harassment" that justifies limiting apex depositions is not present here. *Int' Game Tech v. Ill. Nat'l Ins. Co.,* 2018 WL 7499823, *2 (D. Nev. 2018).

Plaintiff's submissions as to why leave to extend Mr. Takeuchi's deposition should be denied also fail. As discussed above, the scope of information to be covered at Mr. Takeuchi's deposition is extensive, such that references to Defendants' inefficiency are insufficient to undermine a good cause finding. *See id.* at 14. Moreover, Plaintiff's claim that Defendants misunderstand certain UEC Subsidiary Company Management Rules ("SCMR") supports granting leave to extend the depositions. *See id.* at n. 9. Since the SCMR's scope is relevant to multiple allegations in this suit, making sure neither party "fundamentally misunderstands the SCMR" is relevant and proportional to the needs of this case.

Plaintiff's submissions as to why the Court should not grant leave to extend the deposition of UEC's Rule 30(b)(6) deponent also fail. Plaintiff submits that the 163 noticed topics for the deposition are "expansive and unreasonable." Docket No. 586 at 16. Objections to noticed deposition topics are more properly raised in the meet and confer required by Rule 30(b)(6), and, if that meet and confer fails, in a motion for a protective order. In the context of a motion for leave to extend depositions, however, a large number of topics to be examined at the deposition supports granting leave to extend. Plaintiff's submission regarding the lack of third-party information is also unpersuasive. Plaintiff is correct that third party testimony could not bind UEC whereas UEC's Rule 30(b)(6) deponent can. However, to the extent Defendants seek to obtain information regarding actions the third parties took as a function of their employment by UEC, this would be information "known or reasonably available" to UEC. Fed. R. Civ. P. 30(b)(6).

### IV.     MOTION TO SEAL

Defendants filed a motion to seal their motion to extend depositions and attached exhibits. Docket No. 551. Defendants seek to seal exhibits E, G, H, J, M, N, and O because those exhibits

have been designated Confidential or Highly Confidential by Plaintiff. *Id.* at 2. Pursuant to the protective order, *see* Docket No. 203 at 2, Plaintiff filed a notice regarding Defendants' motion to seal, Docket No. 585. Plaintiff's notice removes the Confidential designation from the documents constituting Exhibits J, N, and O. *Id.* at 2. Plaintiff also does not object to the unsealing of Exhibit H. *Id.* Accordingly, those documents will be unsealed. Plaintiff submits that good cause exists to seal Exhibits E, G, and M.

The general presumption is that the public has the right to access judicial filings. *See, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). The sealing of nondispositive motions and related documents are evaluated under a "good cause" standard. *Kamakana*, 447 F.3d at 1179-80.

Plaintiff submits that good cause exists to seal Exhibit E because the Exhibit contains information concerning the operations, internal governance, and deliberations of UEC board members. Docket No. 585 at 2. Plaintiff further submits that deference to investigations by the Nevada Gaming Control Board and other regulatory and law enforcement authorities, and the risk of damaging UEC's relationships with these entities, constitute good cause to seal Exhibit E. *Id.* at 3. The Court finds that good cause exists to seal Exhibit E.

Plaintiff submits that good cause exists to seal Exhibit G because release of the documents would damage UEC's relationships with the Tokyo Stock Exchange and the exchange's self-regulatory authority, the Japan Exchange Regulation. Docket No. 585 at 3. Plaintiff further submits that publication of Exhibit G would interfere with an ongoing investigation by the Tokyo Stock Exchange and Japan Exchange Regulation. *Id.* The Court has previously ordered similar documents sealed in this case and is persuaded for the same reasons that good cause exists to seal Exhibit G. *See* Docket Nos. 403 at 3-4, 415 at 3; *see also* Docket No. 274 at 2.

Plaintiff submits that good cause exists to seal Exhibit M because it contains detailed and sensitive financial information regarding non-public components of UEC's businesses. *Id.* at 4. As with Exhibit G, the Court has previously found good cause to seal similar information in this case. *See* Docket Nos. 403 at 4, 415 at 2. Accordingly, the Court finds good cause exists to seal Exhibit M.

## V. CONCLUSION

For the reasons discussed more fully above, Defendants' motion for leave to extend depositions is **GRANTED**. Docket No. 552. Defendants may depose Mr. Jun Fujimoto, Mr. Toji Takeuchi, and UEC's Rule 30(b)(6) deponent for eight days of eight hours per day each, at a time and place mutually agreeable to the parties.

Also for the reasons discussed more fully above, Defendants' motion to seal is **GRANTED** in part and **DENIED** in part. Docket No. 551. The motion to seal is **GRANTED** as to Exhibit E, Docket No 554-5, Exhibit G, Docket No. 554-7, and Exhibit M, Docket No. 554-13. The motion to seal is **DENIED** as to Exhibit E, Docket No. 554-5, Exhibit H, Docket No. 554-8, Exhibit J, Docket No. 554-10, Exhibit N, Docket No. 554-14, and Exhibit O, Docket No. 554-15. The Clerk's Office is **INSTRUCTED** to keep all subject documents sealed. Defendants are **ORDERED** to file a public copy of their motion to extend the duration of depositions on the Docket, with any references, quotations, or discussion of Exhibits E, G, and M redacted by December 5, 2022. Defendants are further **ORDERED** to file a public copy of Exhibits H, J, N, and O by December 5, 2022.

IT IS SO ORDERED.

Dated: November 30, 2022

Nancy J. Koppe
United States Magistrate Judge