# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>　　　Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>　　　Defendants. | Case No. 2:18-cv-00585-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 482, 491, 493, 510, 526, 535, 556, 572, 607, 610, 636, 654] |

Pending before the Court are several motions to compel. Docket Nos. 482, 493, 510, 526, 556, 572, 610, 636. Responses and replies have been filed for all the motions except for Docket No. 636. *See* Docket. Neither a response nor a reply is necessary for the Court's disposition of Docket No. 636.

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). "[L]awyers representing adverse parties 'have an affirmative duty to work together, and with the court, to achieve prompt and efficient resolutions of disputes.'" *Roberts v. Clark County School District*, 312 F.R.D. 594, 603 (D. Nev. 2016) (quoting John Roberts, C.J., 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015), available at http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf)). Counsels' failure to fulfill this duty "not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients." *Hauser v. Farrell*, 14 F.3d 1338, 1344 (9th Cir. 1994). If parties must seek court intervention in discovery disputes, "broad discretion is vested in the court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 754 (9th Cir. 2002).

There are currently eight motions to compel before the Court. *See* Docket Nos. 482, 493, 510, 526, 556, 572, 610, 636. "[T]he sheer volume of discovery disputes presently before the Court is a red flag that the discovery process has not been conducted in accord with counsels'

obligations to one another, their clients, and the Court." *4R4 Sons, LLC v. Tru G. Wilhelm, Inc.*, 2022 WL 2905468, *1 (D. Nev. 2022); *see also King Tuna, Inc. v. Luen Thai Fishing Ventures, Ltd.*, 2010 WL 11515316, *1 (C.D. Cal. 2010). That red flag turns into a fire alarm when one considers the other voluminous discovery disputes the parties have brought before the Court. *See* Docket Nos. 181, 233, 263, 276, 314, 316, 478, 552, 632, 656. The Court has reviewed the parties' submissions and has significant concerns about its ability to meaningfully resolve the motions as currently presented. For example, the Court cannot compel production of documents that have already been destroyed. *See* Docket Nos. 510, 543 at 9. Nor can the Court compel a company in a foreign country to disclose documents that it refuses to give to a former client. *See* Docket Nos 493, 538 at 26. The Court cannot resolve a motion when the parties are less than forthright with the relevant facts and applicable law. *Compare* Docket No. 543 at 7-9 *with* Docket No. 545 at 3-5; Docket No. 606 at 8-9 *with* Docket No. 607 at 2. *Compare also* Docket No. 572 at 7 *with* Docket No. 609 at 6 n.6. Simply put, the parties' discovery conduct is impairing "the just, speedy, and inexpensive determination of" this case. Fed. R. Civ. P. 1.

Accordingly:

1) Defendants' motion to compel a supplemental response to Defendants' Interrogatory Request No. 11 is **DENIED** without prejudice. Docket No. 482.

2) Defendants' renewed motion to compel documents concerning City-Yuwa Partners law firm investigation of Mr. Okada and request for *in camera* review is **DENIED** without prejudice.[1][2] Docket No. 493.

3) Defendants' motion to compel production of Mr. Hajime Tokuda's WeChat communications with SRB Tech is **DENIED** without prejudice. Docket No. 510

4) Defendants' motion to compel production of Okada Holding's Limited Documents is **DENIED** without prejudice. Docket No. 526.

---

[1]  For good cause shown, Defendants' motion to exceed page limits with respect to Defendants' motion to compel is **GRANTED**. Docket No. 491.

[2]  For good cause shown, Plaintiff's motion to exceed page limits with respect to Plaintiff's response to Defendants' motion to compel is **GRANTED**. Docket No. 535.

5) Defendants' motion to compel documents made available to the special investigation committee is **DENIED** without prejudice.[3]  Docket No. 556.

6) Plaintiff's motion to compel production of RSM documents withheld under unsupported privilege claims is **DENIED** without prejudice.  Docket No. 572.

7) Defendants' motion to compel Plaintiff Universal Entertainment Corp. to provide a complete response to Interrogatory No. 16 is **DENIED** without prejudice.  Docket No. 610.

8) Plaintiff's motion to compel production of Yuki Arai's emails withheld under unsupported claims of privilege is **DENIED** without prejudice.[4]  Docket No. 636.

Counsel must return to the meet-and-confer process to resolve or narrow the issues in dispute.  Given the course of discovery practice in this case, subsequent meet-and-confers regarding discovery motions must be conducted either in person or via video call, and the attorneys who will sign any prospective discovery motion or responsive filing must participate in the meeting. See Local Rule IA 1-4 (the Court may change the Local Rules "if the interests of justice so require").  If any party files a document with exhibits exceeding fifty pages, that party must submit a courtesy copy to the Court.  Subject to the above requirements, any renewed discovery motions must be filed by January 13, 2023.

IT IS SO ORDERED.

Dated: December 13, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Plaintiff's motion for leave to file a surreply is **DENIED** as moot.  Docket No. 607.

[4] The parties' stipulation to extend the briefing schedule for Plaintiff's motion to compel production of Yuki Arai's emails withheld under unsupported claims of privilege is **DENIED** as moot.  Docket No. 654.