# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>Defendants. | Case No. 2:18-cv-00585-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 481, 492, 509, 515, 525, 539, 544, 548, 555, 573, 620, 628, 635, 642] |

Pending before the Court are several motions to seal. Docket Nos. 481, 492, 509, 515, 525, 539, 544, 548, 555, 573, 620, 628, 635, 642. The Court will address each motion in turn.

**I.  STANDARDS**

The general presumption is that the public has the right to access judicial filings. *See, e.g., Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

In determining whether to seal documents, the applicable standard "turns on whether the materials are submitted in conjunction with a dispositive or non-dispositive motion." *Victory Sports & Ent., Inc. v. Pedraza*, 2019 WL 2578767, *1 (D. Nev. 2019). The sealing of dispositive motions and related documents is evaluated under a "compelling reasons" standard. *Kamakana*, 447 F.3d at 1179. *Id.* A party must support its motion to seal dispositive filings by "articulat[ing] compelling reasons supported by specific factual findings." *Id.* at 1178. Sealing nondispositive

motions requires a "particularized showing" under a "good cause" standard. *Id.* at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).

## II.     Docket No. 481

Defendants ask to seal portions of their motion to compel a supplemental response to Defendants' Interrogatory No. 11 and subject exhibits. Docket No. 481; *see also* Docket No. 482 (motion to compel). Defendants seek to seal Exhibits B, E, G, and the portions of their motion to compel that discuss those exhibits. Docket No. 481 at 2.[1] Defendants submit that good cause exists to seal these exhibits because each exhibit contains confidential business and financial information. *Id.* at 2-3. The Court has previously ordered similar documents sealed in this case and is persuaded for the same reasons that good cause exists to seal Exhibits B, E, G, and the related portions of Defendants' motion to compel. *See* Docket Nos. 403 at 4, 415 at 2, 638 at 8.

## III.    Docket No. 492

Defendants ask to seal their renewed motion to compel documents concerning City-Yuwa Partners law firm's investigation of Mr. Okada and request for *in camera* review and related exhibits. Docket No. 492; *see also* Docket No. 493 (motion to compel). Defendants seek to seal Exhibits D, E, G, H, J, L, M, N, P, R, U, V, W, AA, GG, HH, II, LL, MM, NN, OO, QQ, VV, WW, XX, YY, ZZ, AAA, BBB, and CCC. Docket No. 492 at 2. Defendants submit good cause exists to seal these exhibits because they have been designated "Confidential" or "Highly Confidential" by Plaintiff. *Id.* Pursuant to this Court's order, *see* Docket No. 203 at 2, Plaintiff filed a notice regarding Defendants' motion to seal, Docket No. 540. Plaintiff's notice removes the "Confidential" or "Highly Confidential" designation from the documents constituting Exhibits D, H, L, R, GG, HH, II, and CCC. *Id.* at 2.

Plaintiff submits good cause exists to seal Exhibits E, P, MM, NN, and VV because those exhibits reflect confidential material relating to the operations, internal governance, and deliberations of Plaintiff Universal Entertainment Corporations Board of Directors. *Id.* The Court has previously ordered similar documents sealed in this case and is persuaded for the same reasons

---

[1]     References to specific page numbers in filings are references to the CM/ECF pagination.

that good cause exists to seal Exhibits E, P, MM, NN, and VV. *See* Docket Nos. 403 at 4, 415 at 2, 638 at 7.

Plaintiff submits good cause exists to seal Exhibits M, N, QQ, VV, XX, YY, ZZ, AAA, and BBB because those exhibits reflect communications with various law enforcement and regulatory authorities. Docket No. 540 at 3-5. The Court finds that good cause exists to seal these exhibits. *See* Docket Nos. 403 at 3-4, 415 at 3; *see also* Docket Nos. 274 at 2, 638 at 7.

Plaintiff submits that good cause exists to seal Exhibits G, J, LL, and WW because those exhibits reflect confidential communications between Plaintiff and the law firm City-Yuwa Partners. Docket No. 540 at 3. Plaintiff submits that disclosure would harm its relationship with City-Yuwa Partners and make it harder for it to negotiate for legal services in the future. *Id.* Courts have held that protecting a party's business relationships and ability to negotiate for services constitutes good cause to seal documents. *Cf. Loc. 640 Trs. of IBEW & Ariz. Chapter NECA Health & Welfare Tr. Fund v. Cigna Health & Life Ins. Co.*, 2020 WL 6273409, *2 (D. Ariz. 2020). Accordingly, the Court finds good cause exists to seal Exhibits G, J, LL, and WW.

Plaintiff submits that good cause exists to seal Exhibits U, V, W, AA, and OO because those exhibits reflect the identity of documents and communications withheld by Plaintiff from production on privilege grounds. Docket No. 540 at 5. Plaintiff submits that disclosure of these documents would harm it by (1) chilling communications between counsel and Plaintiff, (2) exposing what topics Plaintiff sought outside legal advice on to competitors, and (3) making it easier for competitors to recruit away Plaintiff's employees. *Id.* The Court has previously held in this case that protecting the flow of information between client and counsel constitutes good cause to seal documents. *See* Docket No. 274 at 2. Several other courts have also held that protecting the confidentiality of information within privilege logs constitutes good cause to seal privilege logs. *See, e.g., Sweet v. City of Mesa*, 2021 WL 4593079, *2 (D. Ariz. 2021); *In re Lidoderm Antitrust Litigation*, 2016 WL 4191612, *26 (N.D. Cal. 2016). Accordingly, the Court finds good cause exists to seal Exhibits U, V, W, AA, and OO.

## IV. Docket No. 509

Defendants ask to seal their motion to compel production of Mr. Hajime Tokuda's WeChat communications with SRB Tech and certain exhibits thereto. Docket No. 509; *see also* Docket No. 510 (motion to compel). Defendants seek to seal Exhibits B, C, D, E, F, G, H, I, K, U, and the related portions of their motion. Docket No. 509 at 2. Defendants' sole reason for filing the motion to seal is that Plaintiff designated some of the exhibits to the motion to compel as "Confidential" or "Highly Confidential." *Id.* at 3. Pursuant to this Court's order, *see* Docket No. 203 at 2, Plaintiff filed a notice regarding Defendants' motion to seal, Docket No. 537. Plaintiff's notice removes the "Confidential" or "Highly Confidential" designation from the documents constituting Exhibits C, E, K, and U. *Id.* at 2. Plaintiff's notice also states that Plaintiff does not object to the unsealing of Exhibits D and F. *Id.* Plaintiff submits that good cause exists to seal Exhibits B, G, H, and I. *Id.*

Exhibit B reflects confidential terms from the service contract between Plaintiff and SRB Tech Consulting Co. Ltd. *Id.* Plaintiff submits that disclosure of this exhibit would harm it by revealing what terms and rates it is willing to agree to with service providers, thus weakening its ability to negotiate for services in the future. *Id.* The Court finds good cause exists to seal Exhibit B for similar reasons as Exhibits G, J, LL, and WW in Docket No. 492.

Exhibits G, H, and I reflect confidential communications between Plaintiff and the Hong Kong Independent Commission Against Corruption. *Id.* at 3. Plaintiff submits that respect for and deference to this foreign law enforcement investigation constitutes good cause to seal these exhibits. *Id.* The Court has previously ordered similar documents sealed in this case and is persuaded for the same reasons that good cause exists to seal Exhibits G, H, and I. *See* Docket Nos. 403 at 3-4, 415 at 3; *see also* Docket Nos. 274 at 2, 638 at 7.

## V. Docket No. 515

Plaintiff asks to seal its response to Defendants' motion to compel a supplemental response to Defendants' Interrogatory No. 11 and subject exhibits. Docket No. 515; *see also* Docket Nos. 482 (motion to compel), 516 (Plaintiff's response). Plaintiff seeks to seal Exhibit 6 and the portion of its response that discusses that exhibit and Exhibit B to Defendants' motion to compel. *Id.* at

4

2-3. Plaintiff submits that good cause exists to seal these exhibits because they contain documents designated "Confidential" or "Highly Confidential" by Defendants. *Id.* at 3. Pursuant to this Court's order, *see* Docket No. 203 at 2, Defendants filed a notice regarding Plaintiff's motion to seal, Docket No. 520. Defendants submit that Exhibit 6 should be sealed because it contains sensitive and confidential financial and business information. *Id.* at 2-3. The Court has ordered similar information sealed in this case, *see* Docket Nos. 403 at 4, 415 at 2, 638 at 8, and is persuaded for the same reasons that good cause exists to seal Exhibit 6, and the portions of Plaintiff's response that discuss that exhibit and Exhibit B to Defendants' motion to compel.

**VI.   Docket No. 525**

Defendants ask to seal their motion to compel production of Okada Holdings Limited documents and certain exhibits thereto. Docket No. 525; *see also* Docket No. 526 (motion to compel). Defendants seek to seal Exhibits D, E, F, H, K, and V and the portions of their motion that discuss those exhibits. Docket No. 525 at 2. Defendants' sole reason for filing the motion to seal is that Plaintiff has designated the relevant documents "Confidential" or "Highly Confidential." *Id.* at 3. Pursuant to this Court's order, *see* Docket No. 203 at 2, Plaintiff filed a notice regarding Defendants' motion to seal, Docket No. 576. Plaintiff's notice removes the "Confidential" or "Highly Confidential" designation from the documents constituting Exhibits F and H. *Id.* at 2. Plaintiff's notice also states that Plaintiff does not object to the unsealing of Exhibits D, E, and V. *Id.* Plaintiff submits that good cause exists to seal Exhibit K. *Id.*

Exhibit K is a confidential report prepared by proxy advisory firm Glass Lewis for use by Plaintiff and Sumitomo Mitsui Trust Bank. *Id.* Plaintiff submits that good cause exists to seal Exhibit K because disclosure of the exhibit would harm its relationships with Sumitomo Mitsui Trust Bank and Glass Lewis. *Id.* Plaintiff states that the report was shared with it subject to an express request to keep the report confidential. *Id.* However, Plaintiff fails to explain how disclosure of the report would damage its relationship with Sumitomo Mitsui Trust Bank and Glass Lewis beyond alluding to the confidentiality request. *See id.* A review of the exhibit reveals no information that is susceptible to being used for "improper purposes." Moreover, the report relates to a board meeting held in 2017, meaning much if not all the information contained is stale and of

minimal use to someone looking to gain a competitive edge on Plaintiff in 2022. To the extent that the confidentiality of the exhibit has been requested by third parties, Plaintiff fails to meaningfully explain why the third parties' interests support sealing the exhibit. *Cf. Houserman v. Comtech TeleCommunications Corp.*, 2021 WL 54766, *4 (W.D. Wash. 2021) (sealing exhibits because counsel reached out to the third party and provided the third party's reasons for keeping the exhibit confidential to the court). Accordingly, the Court finds good cause does not exist to seal Exhibit K.

**VII.   Docket No. 539**

Plaintiff asks to seal its response to Defendants' renewed motion to compel documents concerning City-Yuwa Partners law firm investigation of Mr. Okada and request for *in camera* review and related exhibits. Docket No. 539; *see also* Docket No. 493 (motion to compel), 538 (Plaintiff's response). Plaintiff seeks to seal portions Exhibits 1 and 2, and the portions of its response that discusses those exhibits and Exhibit U to Defendants' motion. Docket No. 539 at 2. Exhibits 1 and 2 reflect confidential communications between Plaintiff and the law firm City-Yuwa Partners. *Id.* at 3. Exhibit U to Defendants' motion reflects Plaintiff's privilege log. *Id.* The Court ordered similar documents sealed in resolving Docket No. 492. For the same reasons as discussed above, the Court finds good cause exists to seal Exhibits 1 and 2 and the portions of Plaintiff's response that discuss those exhibits and Exhibit U to Defendants' motion.

**VIII.  Docket No. 544**

Defendants ask to seal their reply in support of their motion to compel production of Mr. Hajime Tokuda's WeChat communications with SRB Tech and certain exhibits thereto. Docket No. 544; *see also* Docket Nos. 510 (motion to compel), 545 (Defendants' reply). Defendants seek to seal Exhibit D and the portion of their reply discussing that exhibit. Docket No. 544 at 2. Defendants' sole reason for filing the motion to seal is that an exhibit to their reply contains documents designated "Confidential" by Plaintiff. *Id.* at 3. Pursuant to this Court's order, *see* Docket No. 203 at 2, Plaintiff filed a notice regarding Defendants' motion to seal, Docket No. 550. The relevant exhibit, Exhibit D, reflects communications between Plaintiff and the Philippines Department of Justice. *Id.* at 2. Plaintiff submits good cause exists to seal Exhibit D because the

6

Court has previously ordered the same documents sealed, *id.* (citing Docket No. 274 at 2), and because disclosure of the documents would undermine a foreign law enforcement investigation. The Court, therefore, finds that good cause exists to seal Exhibit D and the portion of Defendants' reply discussing that exhibit. *See* Docket No. 274 at 2; *see also* Docket Nos. 403 at 3-4, 415 at 3, 638 at 7.

**IX.   Docket No. 548**

Defendants ask to seal their reply in support of their renewed motion to compel documents concerning City-Yuwa Partners law firm's investigation of Mr. Okada and request for *in camera* review and related exhibits. Docket No. 548; *see also* Docket Nos. 493 (motion to compel). 549 (Defendants' reply). Defendants seek to seal Exhibits A and B and the portions of their reply that discuss those exhibits. Docket No. 548 at 2. Exhibits A and B are a service agreement between City-Yuwa Partners and Plaintiff, and Plaintiff's superseding privilege log. The Court has ordered identical documents sealed and for the same reasons finds good cause exists to seal Exhibits A and B and the portions of Defendants' reply that discuss those exhibits.

**X.   Docket No. 555**

Defendants ask to seal their motion to compel production of documents made available to the special investigation committee and certain exhibits thereto. Docket No. 555; *see also* Docket No. 556 (motion to compel). Defendants seek to seal Exhibits B, C, D, E, G, I, K, O, Q, CC, and EE to their motion to compel. Docket No. 555 at 2. Defendants' sole reason for filing the motion to seal is that Plaintiff designated the relevant documents "Confidential" or "Highly Confidential." *Id.* at 3. Pursuant to this Court's order, *see* Docket No. 203 at 2, Plaintiff filed a notice regarding Defendants' motion to seal, Docket No. 594. Plaintiff consents to the unsealing of Exhibits C, D, I, K, O, and Q. *Id.* at 2.

Plaintiff submits that good cause exists to seal Exhibit B in full because disclosure would hinder Plaintiff Universal Entertainment Corporation's board's ability to effectively manage the company. *Id.* Plaintiff also submits that good cause exists to seal Exhibit B, as well as Exhibits CC and EE, because disclosure of these exhibits would damage Plaintiff's relationships with various law enforcement and regulatory agencies. *Id.* at 2-4. The Court has previously ordered

7

similar documents sealed in this case, and for similar reasons, finds that good cause exists to seal Exhibits B, CC, and EE. *See* Docket Nos. 403 at 3-4, 415 at 3; *see also* Docket Nos. 274 at 2, 638 at 7.

Plaintiff submits that good cause exists to redact Exhibits E and G because disclosure of those exhibits would damage Plaintiff's relationship with City-Yuwa Partners and frustrate its ability to effectively negotiate for future legal services. Docket No. 594 at 3. The Court ordered similar documents sealed in resolving Docket No. 492 and is persuaded for the same reasons that good cause exists to redact Exhibits E and G and the portion of Defendants' motion discussing those exhibits.

## XI. Docket No. 573

Plaintiff asks to seal its motion to compel production of RSM documents withheld under unsupported privilege claims and certain exhibits thereto. Docket No. 573; *see also* Docket No. 572 (motion to compel). Plaintiff seeks to seal Exhibits 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, and 14 and the portions of the motion to compel quoting or discussing such exhibits. Docket No. 573 at 2. Plaintiff seeks sealing on the basis that Defendants designated the relevant documents "Confidential" or "Highly Confidential." *Id.* at 3. Once a motion to seal has been filed on the basis of a document being designated "Confidential" or "Highly Confidential," the designating party must file a notice within seven days of the filing of the motion to seal explaining why the designated documents should remain sealed. Docket No. 203 at 2. If no such notice is filed, the Court may order the document unsealed. *Id.* Defendants have failed to file a notice explaining why Exhibits 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, and 14 should remain sealed, and the time to do so has now passed. *See* Docket. Accordingly, the Court finds that good cause does not exist to seal Exhibits 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, and 14 to Plaintiff's motion to compel.

## XII. Docket No. 620

Plaintiff asks to seal its reply in support of its motion to compel production of RSM documents withheld under unsupported privilege claims and certain exhibits thereto. Docket No. 620; *see also* Docket Nos. 572 (motion to compel), 619 (Plaintiff's reply). Plaintiff seeks to seal Exhibit 1 and the portions of the reply that quote or summarize that exhibit. Docket No. 620 at 2.

Plaintiff's sole reason for seeking sealing is that Defendants designated Exhibit 1 "Highly Confidential." *Id.* at 3. Defendants have failed to file the notice required by this Court's order explaining why Exhibit 1 should remain sealed, and the time to do so has now passed. *See* Docket No. 203 at 2; *see also* Docket. Accordingly, the Court finds that good cause does not exist to seal Exhibit 1 to Plaintiff's reply in support of its motion to compel.

**XIII.   Docket No. 628**

Plaintiff asks to seal its response to Defendants' motion to compel Plaintiff to provide a complete response to AGA's Interrogatory Request No. 16. Docket No. 628; *see also* Docket Nos. 610 (motion to compel), 629 (Plaintiff's response). Plaintiff seeks to seal Exhibits 2, 4, and 5 and the portions of its response discussing those exhibits. Docket No. 628 at 2. Plaintiff's sole reason for seeking sealing is that Defendants have designated the relevant documents "Confidential" or "Highly Confidential." *Id.* at 3. Defendants have failed to file the notice required by this Court's order explaining why Exhibits 2, 4, and 5 should remain sealed, and the time to do so has now passed. *See* Docket No. 203 at 2; *see also* Docket. Accordingly, the Court finds that good cause does not exist to seal Exhibits 2, 4, and 5 and the portions of Plaintiff's response discussing those exhibits.

**XIV.   Docket No. 635**

Plaintiff asks to seal its motion to compel production of Yuki Arai's emails withheld under unsupported privilege claims and certain exhibits thereto. Docket No. 635; *see also* Docket No. 636 (motion to compel). Plaintiff seeks to seal Exhibits 1, 2, 3, and 4 and the portions of its motion to compel discussing those exhibits. Docket No. 635 at 2. Plaintiff submits that good cause exists to seal Exhibit 1 because the constituent documents have been designated "Confidential" by Defendants. *Id.* at 3. Defendants have failed to file the notice required by this Court's order explaining why Exhibit 1 should remain sealed, and the time to do so has now passed. *See* Docket No. 203 at 2; *see also* Docket. Accordingly, the Court finds that good cause does not exist to seal Exhibit 1.

Exhibits 2, 3, and 4 reflect engagement agreements between Plaintiff and the law firms Book Field Capital Law Office and Well Investments Limited. Docket No. 635 at 3. Plaintiff submits that good cause exists to seal these exhibits because disclosure would harm its relationships with the law

9

firms and frustrate its ability to negotiate for legal services in the future. *Id.* As previously discussed, protecting a party's ability to negotiate for services constitutes good cause to seal documents. Accordingly, the Court finds good cause exists to seal Exhibits 2, 3, and 4.

**XV.   Docket No. 642**

Defendants ask to seal their reply in support of their motion to compel Plaintiff to provide a complete response to AGA's Interrogatory Request No. 16. Docket No. 642; *see also* Docket Nos. 610 (motion to compel), 643 (Defendants' reply). Defendants seek to seal Exhibit C and their reply in its entirety. Docket No. 642 at 2. Defendants submit that good cause exists to seal Exhibit C because Plaintiff has designed the constituent documents "Confidential." *Id.* at 3. Plaintiff failed to file the notice required by this Court's order explaining why Exhibit C should remain sealed, and the time to do so has now passed. *See* Docket No. 203 at 2; *see also* Docket. Accordingly, the Court finds that good cause does not exist to seal Exhibit C.

Defendants submit that good cause exists to seal their reply because disclosure would reveal information regarding trademark applications and attorney's fees projections, harming their competitive standing. Docket No. 642 at 2. As with Docket Nos. 481 and 515, the Court has ordered similar information sealed in this case and is persuaded for the same reasons that good cause exists to seal Defendants' reply.

**XVI.   Conclusion**

For the reasons discussed above:

1) Defendants' motion to seal portions of their motion to compel a supplemental response to Defendants' Interrogatory No. 11 and subject exhibits is **GRANTED**. Docket No. 481.
2) Defendants' motion to seal their renewed motion to compel documents concerning City-Yuwa Partners law firm's investigation of Mr. Okada and request for *in camera* review and related exhibits is **GRANTED** in part and **DENIED** in part. Docket No. 492. Defendants' motion is **GRANTED** as to Exhibits E, G, J, M, N, P, U, V, W, AA, LL, MM, NN, OO, QQ, VV, WW, XX, YY, ZZ, AAA, and BBB. Defendants' motion is **DENIED** as to Exhibits D. H, L, R, GG, HH, II, and CCC.

3) Defendants' motion to seal their motion to compel production of Mr. Hajime Tokuda's WeChat communications with SRB Tech and certain exhibits thereto is **GRANTED** in part and **DENIED** in part. Docket No. 509. Defendants' motion is **GRANTED** as to Exhibits B, G, H, I, and the portions of their motion discussing those exhibits. Defendants' motion is **DENIED** as to Exhibits C, D, E, F, K, and U.

4) Plaintiff's motion to seal its response to Defendants' motion to compel a supplemental response to Interrogatory Request No. 11 and certain exhibits thereto is **GRANTED**. Docket No. 515.

5) Defendants' motion to seal their motion to compel production of Okada Holdings Limited documents and certain exhibits thereto is **DENIED** as to Exhibits D, E, F, H, and V. Docket No. 525. Defendants' motion is **DENIED** without prejudice as to Exhibit K. Any renewed motion to seal must be filed no later than **January 4, 2023**. To the extent a renewed motion is based on confidentiality concerns of third parties, the renewed motion must contain a declaration from the third party explaining why they believe the exhibit should be sealed. The Clerk's Office is **INSTRUCTED** to retain Exhibit K and Defendants' motion under seal pending the Court's resolution of a renewed motion to seal.

6) Plaintiff's motion to seal its response to Defendants' renewed motion to compel documents concerning City-Yuwa Partners law firm's investigation of Mr. Okada and request for *in camera* review and related exhibits is **GRANTED**. Docket No. 539.

7) Defendants' motion to seal their reply in support of their motion to compel production of Mr. Hajime Tokuda's WeChat communications with SRB Tech and certain exhibits thereto is **GRANTED**. Docket No. 544.

8) Defendants' motion to seal their reply in support of their renewed motion to compel documents concerning City-Yuwa Partners law firm's investigation of Mr. Okada and request for *in camera* review and related exhibits is **GRANTED**. Docket No. 548.

9) Defendants' motion to seal their motion to compel production of documents made available to the special investigation committee and certain exhibits thereto is **GRANTED** in part and **DENIED** in part. Docket No. 555. Defendants' motion is **GRANTED** as to

Exhibits B, E, G, CC, and EE. Defendants' motion is **DENIED** as to exhibits C, D, I, K, and O.

10) Plaintiff's motion to seal its motion to compel production of RSM documents withheld under unsupported privilege claims and certain exhibits thereto is **DENIED** without prejudice. Docket No. 573. Defendants must file a motion to seal explaining why the specified documents should remain under seal pursuant to applicable standards by **January 4, 2023**. The Clerk's Office is **INSTRUCTED** to retain the subject documents under seal pending further determination by the Court.

11) Plaintiff's motion to seal its reply in support of its motion to compel production of RSM documents withheld under unsupported privilege claims and certain exhibits thereto is **DENIED** without prejudice. Docket No. 620. Defendants must file a motion to seal explaining why the specified documents should remain under seal pursuant to applicable standards by **January 4, 2023**. The Clerk's Office is **INSTRUCTED** to retain the subject documents under seal pending further determination by the Court.

12) Plaintiff's motion to seal its response to Defendants' motion to compel Plaintiff to provide a complete response to AGA's Interrogatory Request No. 16 is **DENIED** without prejudice. Docket No. 628. Defendants must file a motion to seal explaining why the specified documents should remain under seal pursuant to applicable standards by **January 4, 2023**. The Clerk's Office is **INSTRUCTED** to retain the subject documents under seal pending further determination by the Court.

13) Plaintiff's motion to seal its motion to compel production of Yuki Arai's emails withheld under unsupported privilege claims and certain exhibits thereto is **GRANTED** in part and **DENIED** in part. Docket No. 635. Plaintiff's motion is **GRANTED** as to Exhibits 2, 3, and 4. Plaintiff's motion is **DENIED** without prejudice as to Exhibit 1. Defendants must file a motion to seal explaining why the specified documents should remain under seal pursuant to applicable standards by **January 4, 2023**. The Clerk's Office is **INSTRUCTED** to retain the subject documents under seal pending further determination by the Court.

14) Defendants' motion to seal their reply in support of their motion to compel Plaintiff to provide a complete response to AGA's Interrogatory Request No. 16 is **GRANTED** in part and **DENIED** in part. Docket No. 642. Defendants' motion is **GRANTED** as to their reply. Defendants' motion is **DENIED** without prejudice as to Exhibit C. Plaintiff must file a motion to seal explaining why the specified documents should remain under seal pursuant to applicable standards by **January 4, 2023**. The Clerk's Office is **INSTRUCTED** to retain the subject documents under seal pending further determination by the Court.

The parties are ordered to file a notice of compliance with each of their respective filings and exhibits attached, redacted in accordance with the above findings, to the public docket no later than **January 4, 2023**.

IT IS SO ORDERED.

Dated: December 14, 2022

_____
Nancy J. Koppe
United States Magistrate Judge