# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>       Defendants. | Case No. 2:18-cv-00585-RFB-NJK<br><br>**Order**<br><br>[Docket No. 477] |

Pending before the Court is Plaintiff's motion for leave to file under seal its motion to compel documents relating to Defendant's license allegations. Docket No. 477; *see also* Docket No. 478 (motion to compel). Plaintiff seeks to seal Exhibits A, C, D, F, L, and the portions of its motion compel that discuss those exhibits. Docket No. 477 at 2. Plaintiff's sole ground for seeking sealing is that Defendants designated the relevant exhibits "Confidential." *Id.* Pursuant to this Court's order, *see* Docket No. 203 at 2, Defendants filed a notice regarding Plaintiff's motion to seal, Docket No. 479. Defendants consent to the unsealing of Exhibit D. *Id.* at 2.

The general presumption is that the public has the right to access judicial filings. *See, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). In determining whether to seal documents, the applicable standard "turns on whether the materials are submitted in conjunction with a dispositive or non-dispositive motion." *Victory Sports & Ent., Inc. v. Pedraza*, 2019 WL 2578767, *1 (D. Nev. 2019). Sealing nondispositive motions requires a "particularized showing" under a "good cause"

standard. *Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).

Defendants submit that Exhibits A, C, F, and L should remain sealed because they contain confidential business information. Docket No. 479 at 6-7. Defendants submit that disclosure of these exhibits would harm Defendants' ability to negotiate for services in the future and otherwise harm its competitive standing. *Id.* Defendants further submit that Exhibit L should remain sealed because it also contains confidential employment records, the disclosure of which would compromise Defendants' employees' privacy interests. *Id.* at 7. The Court has previously sealed similar documents in this case. *See* Docket Nos. 403 at 4, 415 at 2, 638 at 8, 660 at 2, 4-5. The Court has also held that preserving a party's prospective ability to negotiate for services constitutes good cause to seal documents. Docket No. 660 at 3. Therefore, the Court finds good cause exists to seal Exhibits A, C, F, L, and the portions of Plaintiff's motion that discuss those exhibits.

Accordingly, Plaintiff's motion for leave to file under seal its motion to compel documents relating to Defendant's license allegations **GRANTED** in part and **DENIED** in part. Docket No. 477. Plaintiff's motion is **GRANTED** as to Exhibits A, C, F, L, and the portions of its motion discussing those exhibits. Plaintiff's motion is **DENIED** as to Exhibit D. Plaintiff must file a notice of compliance with their motion and exhibits redacted in accordance with the above findings, on the public docket, no later than **January 17, 2023**.

IT IS SO ORDERED.

Dated: December 27, 2022

Nancy J. Koppe
United States Magistrate Judge