UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>　　　Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>　　　Defendants. | Case No. 2:18-cv-00585-RFB-NJK<br><br>**Order**<br><br>[Docket Nos. 672, 679] |

Pending before the Court are two motions to seal. Docket Nos. 672, 679. The Court will address each motion in turn.

**I.　STANDARDS**

The general presumption is that the public has the right to access judicial filings. *See, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

In determining whether to seal documents, the applicable standard "turns on whether the materials are submitted in conjunction with a dispositive or non-dispositive motion." *Victory Sports & Ent., Inc. v. Pedraza*, 2019 WL 2578767, *1 (D. Nev. 2019). The sealing of dispositive motions and related documents is evaluated under a "compelling reasons" standard. *Kamakana*, 447 F.3d at 1179. *Id.* A party must support its motion to seal dispositive filings by "articulat[ing] compelling reasons supported by specific factual findings." *Id.* at 1178. Sealing nondispositive

1

motions requires a "particularized showing" under a "good cause" standard.  *Id.* at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).

## II.  Docket No. 672

On December 14, 2022, the Court denied Plaintiff's motion asking to seal its response to Defendants' motion to compel Plaintiff to provide a complete response to AGA's Interrogatory Request No. 16.  Docket No. 660 at 12; *see also* Docket Nos. 610 (motion to compel), 628 (motion to seal), 629 (Plaintiff's response).  Plaintiff's sole reason for seeking sealing was that Defendants designated Exhibits 2, 4, and 5, and by extent the portions of Plaintiff's response discussing those exhibits, "Confidential" or "Highly Confidential."  Docket No. 628 at 2.  Defendants failed to file the requisite notice explaining why the relevant documents should be sealed and, therefore, the Court ordered them to file a motion to seal the relevant documents no later than January 4, 2023.  Docket No. 660 at 9, 12.  Defendants have now filed such a motion.  Docket No. 672.

Defendants ask to seal Exhibits 2 and 3 and the portion of Plaintiff's response that discuss those exhibits.  *Id.* at 2.  Defendants also remove the "Confidential" designation from Exhibit 5 to Plaintiff's motion.  *Id.* at n. 1.  Defendants submit that good cause exists to seal the relevant documents because they contain confidential business information, the release of which would undermine Defendants' bargaining position in business negotiations and their competitive standing.  *Id.* at 2 (citing Docket No. 520-1, ¶4).  The Court has previously sealed similar documents in this case.  *See* Docket Nos. 660 at 3, 669 at 2.  Accordingly, the Court finds that good cause exists to seal Exhibits 2 and 4 and the portion of Plaintiff's response that discuss those exhibits.

## III.  Docket No. 679

On December 14, 2022, the Court denied Plaintiff's motion to seal its motion to compel production of RSM documents withheld under unsupported privilege claims and certain exhibits thereto.  Docket No. 660 at 12; *see also* Docket Nos. 572 (motion to compel), 573 (motion to seal).  Plaintiff's sole reason for seeking sealing was that Defendants designated Exhibits 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, and 14, and the portions of Plaintiff's motion discussing those exhibits "Confidential" or "Highly Confidential."  Docket No. 573 at 3.  Defendants failed to file the

requisite notice explaining why the relevant documents should be sealed and, therefore, the Court ordered them to file a motion to seal the relevant documents no later than January 4, 2023. Docket No. 660 at 8, 12. Defendants have now filed such a motion. Docket No. 679.

Defendants ask to seal Exhibits 1, 2, 4, 5, and 6 and the portions of Plaintiff's motion discussing those exhibits. Docket No. 679 at 2. They submit that good cause exists to seal these exhibits because they contain trade secrets, proprietary data, financial information, and commercially sensitive business information, the release of which could result in competitive and economic injury to Defendants. *Id.*; Docket No. 679-1 at 2. The Court has ordered similar documents sealed in the past. *See* Docket Nos. 403 at 4, 415 at 2, 638 at 8, 660 at 2. Although Exhibit 1 is a privilege log and does not itself contain the underlying sensitive information, the Court has also previously ordered privilege logs sealed in this case because of the information that can be derived from them. *See* Docket No. 660 at 3. The Court, therefore, finds good cause exists to seal Exhibits 1, 2, 4, 5, and 6 and the portions of Plaintiff's motion discussing those exhibits. Defendants' motion, however, does not discuss Exhibits 3, 7, 9, 10, and 11. *See* Docket No. 679. Accordingly, the Court finds that good cause does not exist to seal those exhibits and the portions of Plaintiff's motion discussing them.

### IV. CONCLUSION

For the reasons discussed above:

1) Defendants' motion to seal Plaintiff's response to Defendants' motion to compel Plaintiff to provide a complete response to AGA's Interrogatory Request No. 16 is **GRANTED.** Docket No. 672.

2) Defendants' motion to seal Plaintiff's motion to compel production of RSM documents withheld under unsupported privilege claims and certain exhibits thereto is **GRANTED** in part and **DENIED** in part. Docket No. 679. Defendants' motion is **GRANTED** as to Exhibits 1, 2, 4, 5, 6, and the portions of Plaintiff's motion discussing those exhibits. Defendants' motion is **DENIED** as to Exhibits 3, 7, 9, 10, 11, and the portions of Plaintiff's motion discussing those exhibits.

Plaintiff is **ORDERED** to file a notice of compliance with the relevant documents attached, redacted in accordance with the above findings, on the docket no later than **January 13, 2023**.

IT IS SO ORDERED.

Dated: January 6, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

4