# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>ARUZE GAMING AMERICA, INC., et al.,<br><br>    Defendants. | Case No. 2:18-cv-00585-RFB-NJK<br><br>**Order**<br><br>[Docket No. 655] |

Pending before the Court is Plaintiff's motion for leave to file under seal its motion for leave to extend duration of deposition. Docket No. 655; *see also* Docket No. 656 (motion for leave to extend duration). Plaintiff seeks to seal Exhibits 4 and 5, and the portions of its motion for leave to extend duration that discuss those exhibits. Docket No. 655 at 2. Plaintiff's sole ground for seeking sealing is that Defendants designated the relevant exhibits "Confidential." *Id.* at 3. Pursuant to this Court's orders, *see* Docket No. 203 at 2, *see also* Docket No. 707, Defendants filed a notice regarding Plaintiff's motion to seal, Docket No. 711.

The general presumption is that the public has the right to access judicial filings. *See, e.g.*, *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). Certain types of documents are exempt from this presumption and have traditionally been kept secret. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Ninth Circuit "case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.* The presumption of public access can, however, be overcome for documents not traditionally kept secret. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). In determining whether to seal documents, the applicable standard "turns on whether the materials are submitted in conjunction with a dispositive or non-dispositive motion." *Victory Sports & Ent., Inc. v. Pedraza*, 2019 WL 2578767, *1 (D. Nev. 2019). Sealing nondispositive motions requires a "particularized showing" under a "good cause"

standard. *Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).

Defendants submit that Exhibits 4 and 5 should remain sealed because they contain confidential personal and business financial information, and because they are from a confidential arbitration. Docket No. 711 at 2. Exhibits 4 and 5 are transcript excerpts of the deposition of Kazuo Okada conducted in a recent confidential arbitration. *Id.* A court is a public forum and, therefore, the fact that parties have previously agreed to keep arbitration information confidential is not dispositive when evaluating sealing requests. *See Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, *2 (D. Nev. 2022). In determining whether to seal arbitration information, "courts must balance the parties' need for secrecy against the public's interests in transparency." *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1042 (D. Nev. 2021). Since the Exhibits discuss Mr. Okada's net worth, the value of assets he owns, and the value of AGA's business, the Court finds good cause exists to seal Exhibits 4 and 5 and the relevant portions of Plaintiff's motion.

Accordingly, Plaintiff's motion for leave to file under seal its motion for leave to extend duration of deposition is **GRANTED**. Docket No. 655. Plaintiff must file a notice of compliance with its motion and exhibits redacted in accordance with the above findings, on the public docket, no later than **February 10, 2023**.

IT IS SO ORDERED.

Dated: January 27, 2023

Nancy J. Koppe
United States Magistrate Judge